**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| INEOS FLUOR AMERICAS, LLC,<br><br>                Plaintiff,<br><br>     v.<br><br>HONEYWELL INTERNATIONAL, INC.,<br><br>                Defendant. | Civil Action No. 06-189-SLR |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Honeywell International, Inc., for its Answer to the Complaint of Plaintiff Ineos Fluor Americas, LLC,  hereby states as follows and demands a jury trial on all issues so triable.

**NATURE OF THE ACTION**

1.    Defendant neither admits nor denies the allegation of the first sentence of Paragraph 1 because they are not allegations to which a response by Defendant is required. Defendant admits the existence of documents entitled "Heads of Agreement" and "Third Amendment to HF Contract" that bear the signatures of representatives of Plaintiff and Defendant and these documents speaks for themselves.  To the extent that the allegations in the second sentence of Paragraph 1 are inconsistent with, or mischaracterize, these documents, Defendant denies them.  Defendant further denies the existence of any binding agreement currently in effect between the parties for the supply/delivery of HF.

2.    Defendant denies the allegations in Paragraph 2 except that it admits Defendant notified INEOS in December 2005 of a price increase for HF effective February 1, 2006. Further, Defendant explained at that time that the increase in price was due to substantial

increases in costs of fluorspar, other raw materials, transportation/freight and energy to produce and deliver HF.

3.    One or more of the allegations in Paragraph 3 of the Complaint is/are legal conclusion(s) that do not require a response.  To the extent that any response is required Defendant denies the allegations in Paragraph 3.

4.    Defendant denies the allegations in Paragraph 4 of the Complaint.

5.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation in the first sentence of Paragraph 5, and on that basis denies it.  Defendant was informed by INEOS that it was soliciting a HF supply bid from Quimica Fluor.  Defendant denies the allegations in the second sentence of Paragraph 5 of the Complaint. Defendant further denies the existence of any binding agreement currently in effect between the parties for the supply/delivery of HF.

6.    Defendant admits that it entered into an agreement to purchase HF from Quimica Fluor.  Defendant denies the rest of the allegations in Paragraph 6 of the Complaint.

7.    Defendant neither admits nor denies the allegations in Paragraph 7 because they are not allegations to which a response by Defendant is required.

## PARTIES

8.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 8.

9.    Defendant admits the allegations in Paragraph 9 of the Complaint.

## JURISDICTION

10.    Defendant admits the allegations in Paragraph 10 of the Complaint.

11.    Defendant admits the allegations in Paragraph 11 of the Complaint.

**VENUE**

12.     Defendant admits the allegations in Paragraph 12 of the Complaint.

**FACTUAL ALLEGATIONS**

13.     Defendant neither admits nor denies the allegation of the first sentence of Paragraph 13 because they are not allegations to which a response by Defendant is required. Defendant admits the existence of documents entitled "Heads of Agreement" and "Third Amendment to HF Contract" that bear the signatures of representatives of Plaintiff and Defendant and these documents speak for themselves. To the extent that the allegations in the second sentence of Paragraph 13 are inconsistent with, or mischaracterize, these documents, Defendant denies them. Defendant further denies the existence of any binding agreement currently in effect between the parties for the supply/delivery of HF.

14.     Defendant admits the allegations in the first sentence of Paragraph 14, of the Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of Paragraph 14, and on that basis denies them. Defendant further denies the existence of any binding agreement currently in effect between the parties for the supply/delivery of HF.

15.     Defendant admits the existence of a document entitled Heads Of Agreement ("HOA") that bears the signatures of representatives of Plaintiff and Defendant. The HOA speaks for itself. To the extent that the allegations in Paragraph 15 are inconsistent with, or mischaracterize, this document, Defendant denies them. Defendant further denies the existence of any binding agreement currently in effect between the parties for the supply/delivery of HF.

16.     Defendant admits the existence of a document entitled Third Amendment to HF Contract ("Third Amendment") that bears the signatures of representatives of Plaintiff and

Defendant. The Third Amendment speaks for itself.  To the extent that the allegations in Paragraph 16 are inconsistent with, or mischaracterize, this document, Defendant denies them. Defendant further denies the existence of any binding agreement currently in effect between the parties for the supply/delivery of HF.

17.     Defendant admits the existence of a document entitled Heads Of Agreement ("HOA") that bears the signatures of representatives of Plaintiff and Defendant. The HOA speaks for itself.  To the extent that the allegations in Paragraph 17 are inconsistent with, or mischaracterize, this document, Defendant denies them.  Defendant further denies the existence of any binding agreement currently in effect between the parties for the supply/delivery of HF.

18.     Defendant denies the allegations in Paragraph 18 of the Complaint except admits that as of July 1, 2004, INEOS and Honeywell had not formalized a long-form contract for the supply of HF.  Defendant further denies the existence of any binding agreement currently in effect between the parties for the supply/delivery of HF.

19.     Defendant denies the existence of any binding agreement currently in effect between the parties, Defendant admits that Defendant supplied INEOS with HF after July 2004 and continues to do so.

<u>**HONEYWELL'S IMPROPER CONDUCT**</u>

20.     Defendant admits the allegations in Paragraph 20 of the Complaint.

21.     Defendant admits the existence of a document entitled Heads Of Agreement ("HOA") that bears the signatures of representatives of Plaintiff and Defendant. The HOA speaks for itself.  To the extent that the allegations in Paragraph 21 are inconsistent with, or mischaracterize, this document, Defendant denies them.  Defendant further denies the existence

of any binding agreement currently in effect between the parties for the supply/delivery of HF. Defendant denies the allegation in the last sentence of Paragraph 21 of the Complaint.

22.     Defendant denies the allegations in Paragraph 22 of the Complaint and further denies the existence of a binding agreement currently in effect between the parties.

23.     The allegation in Paragraph 23 of the Complaint are legal conclusions that does not require a response.  To the extent that any response is required, Defendant denies the allegations in Paragraph 23.

## HONEYWELL'S ANTICOMPETITIVE CONDUCT

24.     Defendant admits the allegations in Paragraph 24 of the Complaint.

25.     Defendant denies the allegations in Paragraph 25 of the Complaint.

26.     Defendant is unaware of what Plaintiff means by "hazardous" and "costly and difficult to transport," but admits that HF can be dangerous and that there are costs to transport the product.  Defendant denies the remaining allegations in Paragraph 26 of the Complaint.

27.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 27 of the Complaint, and on that basis denies them.

28.     Defendant denies the allegations in Paragraph 28 of the Complaint.

29.     Defendant denies the allegations in Paragraph 29 of the Complaint.

30.     Defendant denies the allegations in Paragraph 30 of the Complaint.

31.     Defendant denies the allegations in Paragraph 31 of the Complaint.

32.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 32 of the Complaint, and

on that basis denies them.  Defendant denies the allegations in the second sentence of Paragraph 32, although it admits that INEOS has, at times, been Honeywell's largest customer of HF.

33.     Defendant denies the allegations in Paragraph 33 of the Complaint.

34.     Defendant denies the allegations in Paragraph 34 of the Complaint.

35.     Defendant denies the allegations in Paragraph 35 of the Complaint.

36.     Defendant denies the allegations in Paragraph 23 of the Complaint.

37.     Defendant admits raising HF prices in the past twelve months because of higher input costs.  Defendant denies the other allegations in Paragraph 37 of the Complaint.

## COUNT I

### *(Repudiation and Breach of Contract, Anticipatory Breach of Contract)*

38.     Defendant repeats and incorporates by reference its answers to Paragraphs 1 through 37 above as if fully set forth herein.

39.     Defendant denies the allegations in Paragraph 39 of the Complaint.

40.     Defendant denies the allegation in Paragraph 40 of the Complaint.

41.     Defendant denies the allegation in Paragraph 41 of the Complaint.

42.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 42, and on that basis denies them.  Defendant denies the existence of a binding agreement currently in existence between the parties.

43.     The allegations in Paragraph 43 of the Complaint are legal conclusions that do not require a response.  To the extent that any response is required, Defendant denies the allegation in Paragraph 43.

44.     The allegations in Paragraph 44 of the Complaint are legal conclusions that do not require a response.  To the extent that any response is required, Defendant denies the allegation in Paragraph 44.

## COUNT II

### (Breach of Covenant of Good Faith and Fair Dealing)

45.     Defendant repeats and incorporates by reference its answers to Paragraphs 1 through 44 above as if fully set forth herein.

46.     The allegations in Paragraph 46 of the Complaint are legal conclusions that do not require a response.

47.     The allegations in Paragraph 47 of the Complaint are legal conclusions that do not require a response.  To the extent that any response is required, Defendant denies the allegations in Paragraph 47 of the Complaint.

48.     The allegations in Paragraph 48 of the Complaint are legal conclusions that do not require a response.  To the extent that any response is required, Defendant denies the allegations in Paragraph 48 of the Complaint.

49.     The allegations in Paragraph 49 of the Complaint are legal conclusions that do not require a response; to the extent that any response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 49 and on that basis denies them.

50.     The allegations in Paragraph 50 of the Complaint are legal conclusions that do not require a response; to the extent that any response is required, Defendant denies the allegations in Paragraph 50 of the Complaint.

## COUNT III

### *(Monopolization of North American HF Market)*

51.     Defendant repeats and incorporates by reference its answers to Paragraphs 1 through 50 above as if fully set forth herein.

52.     Defendant denies the allegations in Paragraph 52 of the Complaint.

53.     Defendant denies the allegations in Paragraph 53 of the Complaint.

54.     Defendant denies the allegations in Paragraph 54 of the Complaint.

55.     Defendant denies the allegations in Paragraph 55 of the Complaint..

56.     Defendant denies the allegations in Paragraph 56 of the Complaint.

## COUNT IV

### *(Attempted Monopolization of North American HF Market)*

57.     Defendant repeats and incorporates by reference its answers to Paragraphs 1 through 56 above as if fully set forth herein.

58.     Defendant denies the allegations in Paragraph 58 of the Complaint.

59.     Defendant denies the allegations in Paragraph 59 of the Complaint.

60.     Defendant denies the allegations in Paragraph 60 of the Complaint.

61.     Defendant denies the allegations in Paragraph 61 of the Complaint.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief whatsoever from Defendant or the Court, either as prayed for in its Complaint or otherwise.

Defendant further denies each and every allegation contained in Plaintiff's Complaint that was not specifically admitted, denied or otherwise responded to in its Answer To Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

In further answer to Plaintiff's Complaint, Defendant hereby pleads and affirmatively sets forth the following defenses, undertaking the burden of proof on such defenses only to the extent required by law.  Defendant reserves the right to assert and rely on other applicable defenses as may become available or apparent, and to delete defenses it determines to be inapplicable.

### FIRST AFFIRMATIVE DEFENSE
### (Failure To State A Claim Upon Which Relief Can Be Granted)

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Failure To Mitigate Damages)

Plaintiff's claims are barred, in whole or in part, by its failure to mitigate damages.

### THIRD AFFIRMATIVE DEFENSE
### (Laches, Estoppel, Unclean Hands, Waiver, Ratification, Accord & Satisfaction)

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel, unclean hands, waiver, ratification, and accord and satisfaction.

### FOURTH AFFIRMATIVE DEFENSE
### (No Standing)

Plaintiff's Sherman Act claims are barred because it lacks standing.

### FIFTH AFFIRMATIVE DEFENSE
### (No Antitrust Injury)

Plaintiff's Sherman Act claims are barred because it has not suffered any antitrust injury.

## SIXTH AFFIRMATIVE DEFENSE

### (No Monopolization)

Plaintiff's Sherman Act claims are barred because Defendant's position in any alleged relevant market is the result of lawful activity, superior skill, business acumen, or historic accident, and any alleged conduct by Defendant is either pro-competitive or justified on the basis of efficiency and therefore cannot form the basis of an antitrust claim.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP


___/s/ Jason A. Cincilla_____
Martin P. Tully (#465)
Jason A. Cincilla (#4232)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200

KIRKLAND & ELLIS LLP
Yosef J. Riemer
Gregory T. Heyman
153 East 53rd Street
New York, NY 10022
(212) 446-4800

 -and-

Mark L. Kovner
Michael S. Becker
655 Fifteenth Street, NW
Suite 1200
Washington, DC  20005-5793
(202) 879-5000

*Attorneys for Defendant Honeywell International, Inc.*


Dated:  May 10, 2006


519905

## CERTIFICATE OF SERVICE

I, Jason A. Cincilla, Esquire, hereby certify that copies of the foregoing

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** were served on May 10, 2006

as follows:

**BY ELECTRONIC FILING:**

C. Barr Flinn, Esq.
Karen L. Pascale, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE 19899-0391

**BY EMAIL:**

Richard S. Order, Esq.
Axinn, Veltrop & Harkrider LLP
90 State House Square, 11th Floor
Hartford, Connecticut 06103
rso@avhlaw.com

_____/s/ Jason A. Cincilla_____
Jason A. Cincilla (#4232)

514330