# YOUNG CONAWAY STARGATT & TAYLOR, LLP

KAREN L. PASCALE
DIRECT DIAL: (302) 571-5001
DIRECT FAX: (302) 576-3516
kpascale@ycst.com

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(302) 571-1253 FAX
(800) 253-2234 (DE ONLY)
www.youngconaway.com

June 14, 2006

**BY E-FILE**

Honorable Sue L. Robinson
United States District Court
844 N. King Street
Wilmington, DE 19801

    Re: INEOS Fluor Americas LLC v. Honeywell International Inc.;
         C.A. No. 06-189-SLR

Dear Chief Judge Robinson:

    This action was commenced on March 20, 2006, and the defendant filed its Answer on May 10, 2006 (*see* D.I. 12). In anticipation of a telephonic Rule 16 scheduling conference, which the Court has not yet scheduled, I enclose for the Court's consideration a proposed form of scheduling order to which the parties have agreed.

                               Respectfully submitted,

                               Karen L. Pascale (#2903)
                               [kpascale@ycst.com]
                               *Attorney for Plaintiff*
                               *INEOS Fluor Americas LLC*

Enclosure

cc:    Martin P. Tully, Esq. (with enclosure) (by hand and e-mail)
        Yosef J. Riemer, Esq. (with enclosure) (by e-mail)
        Richard S. Order, Esq. (with enclosure) (by e-mail)
        Mark D. Alexander, Esq. (with enclosure) (by e-mail)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INEOS FLUOR AMERICAS LLC,<br><br>      Plaintiff,<br>v.<br><br>HONEYWELL INTERNATIONAL INC.,<br><br>      Defendant. | :<br>:<br>:<br>:<br>:  C.A. No. 06-189-SLR<br>:<br>:<br>:<br>: |

**[PROPOSED]**
**SCHEDULING ORDER**

At Wilmington this _____ day of _____, 2006, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b).

IT IS ORDERED that:

1. **Pre-Discovery Disclosures.** On June 19, 2006, the parties [will exchange] [have exchanged] the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2. **Discovery.**

    (a) Discovery will be needed on, among other things, the following subjects: (1) the negotiations between plaintiff INEOS Fluor Americas LLC ("INEOS") and defendant Honeywell International Inc. ("Honeywell") concerning the Third Amendment to HF Contract and the Heads of Agreement in mid-March 2004, and any actions taken in connection with such documents; (2) Honeywell's supply of hydrogen fluoride ("HF") to INEOS at any time; (3) prices charged by Honeywell to INEOS for HF and the bases for such prices; (4) Honeywell's costs of HF production, including fluorspar and other raw material, energy, and transportation costs; (5) Honeywell's increase of the price to INEOS of HF in and after January 2006; (6) Honeywell's use of hardship provisions in other commercial supply agreements that are relevant

to any claim or defense; (7) INEOS' use of hardship provisions in other commercial supply agreements that are relevant to any claim or defense; (8) agreements or discussions with other HF manufacturers, including Quimica Fluor, concerning the possibility of supplying Honeywell with HF; (9) agreements or discussions with other HF manufacturers concerning the possibility of supplying, or ability to supply, INEOS with HF; (10) Honeywell's own use of HF; (11) Honeywell's market share and whether it has market power in any relevant product or geographic market; (12) the relevant product and geographic markets and competition within these markets; (13) Honeywell's alleged anticompetitive conduct and competition within these markets; (14) the availability of any substitute HF supplier for supply within North America; (15) INEOS' efforts to obtain HF from a substitute supplier or any internal analysis thereof; (16) the extent of any antitrust injury suffered by INEOS; (17) whether INEOS was threatened with or suffered any irreparable harm; and (18) damages.

  (b) All fact discovery shall be commenced in time to be completed by April 27, 2007.

  (c) Maximum of 25 interrogatories by each party to any other party.

  (d) Maximum of 25 requests for admission by each party to any other party.

  (e) Maximum of 15 fact depositions by plaintiff and 15 fact depositions by defendant.

  (f) Each deposition limited to a maximum of eight hours unless extended by agreement of parties.

  (g) Reports from retained experts under Rule 26(a)(2) on issues for which any party has the burden of proof due by May 2, 2007. Depositions of such experts shall be completed by June 8, 2007. Rebuttal expert reports due by June 22, 2007. Depositions of such

rebuttal experts shall be completed by July 31, 2007. All expert discovery shall be completed by July 31, 2007.

   (h) **Discovery Disputes.** Any discovery dispute shall be submitted to the court pursuant to Fed. R. Civ. P. 37. During the course of discovery, each party is limited to **two (2)** Rule 37 motions. The court shall make itself available, however, to resolve through a telephone conference, disputes that arise during the course of a deposition and disputes related to entry of a protective order.

   3. **Joinder of other Parties, Amendment of Pleadings, and Class Certification.** All motions to join other parties, amend the pleadings, and certify a class action shall be filed on or before November 30, 2006.

   4. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring ADR.

   5. **Summary Judgment Motions.** All summary judgment motions shall be served and filed with an opening brief on or before August 24, 2007. Opposition briefs shall be served and filed on or before September 12, 2007, and reply briefs shall be served and filed on or before September 24, 2007. No summary judgment motion may be filed more than **ten (10)** days from the above date without leave of the court.

   6. **Applications by Motion.** Any application to the court shall be by written motion filed with the clerk. Unless otherwise requested by the court, counsel shall not deliver copies of papers or correspondence to chambers. **Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1.**

   7. **Motions in Limine.** All motions in limine shall be filed on or before October 1, 2007. All responses to said motions shall be filed on or before October 8, 2007.

8.      **Pretrial Conference.** A pretrial conference will be held on [parties respectfully request October 15, 2007] at _____ __m. in courtroom 6B, sixth floor, Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

9.      **Trial.** This matter is scheduled for a jury trial commencing on [parties respectfully request October 29, 2007] or 60 days after issuance of rulings on all summary judgment motions, whichever is later, in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

_____
United States District Judge