IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INEOS FLUOR AMERICAS LLC, | |
| Plaintiff, | |
| v. | C.A. No. 06-189-SLR |
| HONEYWELL INTERNATIONAL INC., | |
| Defendant. | |

**<u>CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER</u>**

WHEREAS certain information, documents and things of the parties subject to discovery or disclosure in this action may be claimed to be or contain trade secrets or other confidential commercial information (hereinafter collectively referred to as "Confidential Information"),

NOW, THEREFORE, in the interest of expediting discovery and trial of this action, it is hereby stipulated between the parties and ORDERED that:

1.    This Confidentiality Stipulation and Protective Order ("Protective Order" or "Order") shall apply to:

    (a)    all pleadings, motions and related documents filed in this action;

    (b)    all information, documents, and things obtained in or subject to discovery or disclosure in this action, including without limitation testimony adduced and documents or things marked as exhibits at depositions, at hearings, and at trial; and

    (c)    all information, documents and things voluntarily transferred between the parties directly or by counsel in connection with this action.

The materials enumerated in sections (a), (b), and (c) of this paragraph are hereinafter collectively referred to as "Pleading and Discovery Materials."

2.  Pleading and Discovery Materials shall be marked with the appropriate confidentiality mark or stamp (the "Confidential Legend") and treated as follows:

(a)  Materials which are deemed by a party in good faith to contain Confidential Information of that party will be so identified and marked "Confidential" by that party (the "disclosing or designating party").

(b)  Particular materials which are deemed by a party in good faith to disclose exceptionally sensitive Confidential Information of that party will be so identified and marked "Highly Confidential" by the disclosing or designating party.

(c)  The appropriate Confidential Legend shall be affixed by the disclosing party at the time when it serves or otherwise provides the Pleading and Discovery Materials to the other party. In lieu of marking the original of a document that contains Confidential Information prior to inspection, counsel for the producing party may orally or otherwise designate all such documents being produced for inspection as Confidential Information, thereby making them subject to this Order. The disclosing party, however, must mark any <u>copies</u> of such documents with the appropriate Confidential Legend when it later supplies such copies to the other party in order to make such copies subject to this Order. If documents or things are produced by nonparties, either party may designate the documents or things as Confidential Information.

In the event a Confidential Legend is inadvertently omitted from a document, the disclosing party shall notify the receiving party of the oversight and the receiving party shall mark such document with the particular Confidential Legend designated by the disclosing party.

Inadvertent or unintentional disclosure by the producing party of Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality or privilege, either as to the specific information disclosed or as to any other information relating thereto or on the same related subject matter. Counsel for the parties shall in any event, upon discovery of inadvertent error, reasonably cooperate to restore the confidentiality or privileged nature of the information produced.

        (d)    Tangible objects constituting or containing Confidential Information may be designated Confidential Information by affixing to the object or its container a label or tag marked with the appropriate Confidential Legend.

        (e)    In the case of deposition testimony, a party may designate on the record during the deposition that the deposition testimony is deemed to be "Confidential" or "Highly Confidential," in which event the confidential portion(s) of the transcript of that deposition shall be removed from the transcript and separately bound, and the separately bound volume shall be marked with the designated Confidential Legend on its face and on each of the pages containing Confidential Information. Counsel for each of the other parties shall maintain the separately bound volume containing the confidential portion(s) of the transcript of the deposition in confidence pursuant to the terms of this Order. A party may also designate specific portions of the deposition as containing Confidential Information by notice to the other parties within 30 days after receipt of each finally certified transcript of a deposition, in which case the other party shall mark all of its copies of the transcript on their face and on the designated pages with the designated Confidential Legend to indicate that they contain Confidential Information, and

access to those portions of the transcript containing Confidential Information shall be restricted as provided hereunder.

   (f)  Any summary or copy containing or reflecting designated Confidential Information shall be subject to the terms of this Protective Order to the same extent as the information or document from which such summary or copy was made.

  3.  (a)  A party receiving Pleading and Discovery Materials identified with a Confidential Legend may, subject to the restrictions in subparagraph (b), below, disclose such materials solely to:

    (i)  partners and associate attorneys and secretarial, paralegal and staff personnel of outside attorneys for the party and any successors, substitutes or additional co-counsel thereto;

    (ii)  in-house counsel of the party and immediate support staff;

    (iii)  employees of the party for the purpose of assisting in the preparation and trial of this action, provided that employees receiving such Pleading and Discovery Materials execute, before any such disclosure is made, an acknowledgment of this Protective Order in the form attached hereto as **Exhibit A**;

    (iv)  independent experts or consultants (who are not regular employees of the party), provided that before any such disclosure is made the independent experts or consultants execute an acknowledgement of this Protective Order in the form attached hereto as **Exhibit A**, a copy of which, for an identified testifying expert only, shall be provided to counsel for the disclosing party at the time such expert's report is produced pursuant to Fed. R. Civ. P. 26(a)(2);

    (v)  court reporters;

        (vi)    any outside copying service or other outside vendor providing assistance in obtaining copies of documents for discovery or for the preparation of the litigation of this matter;

        (vii)    the Court and Court personnel; and

        (viii)    any other person so permitted by order of this Court, after notice to all parties.

        (b)    Notwithstanding the provisions of subparagraph (a), above, a party receiving Pleading and Discovery Materials identified as "Highly Confidential" shall not disclose such materials to its in-house counsel or to its employees as described in subparagraphs (a)(ii) or (a)(iii); provided, however, that Honeywell International Inc. may disclose such materials to its in-house counsel Chuck Graf and Gary Zanfanga and, INEOS Fluor Americas LLC may disclose such materials to Ian Menzies and a designee to be agreed upon by both parties.

        (c)    No person to whom any Confidential Information is disclosed shall make any further disclosure thereof, except as permitted in this Protective Order, or use such information, except in connection with the preparation and trial of this action, provided, however, nothing herein shall be deemed to enlarge or diminish such person's rights and/or obligations with respect to such Confidential Information rightfully received prior to this litigation.

        4.    Nothing contained herein shall be construed to restrict disclosure and use of documents, information, or things obtained through discovery, whether or not deemed confidential hereunder, to any person who in the course of his business duties had previously prepared, lawfully received, or had rightful access to such documents, information or things.

5.  Confidential Information identified and marked in accordance with this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions or briefs except in sealed envelopes or other appropriate sealed containers on which shall be endorsed the docket number of this action, the words "Confidential: Filed Under Seal," a general non-confidential description of the contents (e.g., Exhibit X or pages 2-5 of Mr. X's deposition), and a statement substantially in the following form:

> This envelope contains documents or things which are filed under a Protective Order dated _____. It shall not be opened or released from the custody of the Clerk of Court except by order or under direction of the Court.

A copy of any such filing may be delivered to the judge's chambers marked in the same manner described above, if the judge permits or requests chambers' copies.

6.  When any testimony in this action is taken, whether in a deposition or before the Court, counsel for any party may, before or after said testimony, give notice to counsel for all other parties of the possibility that Confidential Information may be disclosed during the testimony and such counsel may request that the testimony be adduced with only the stenographer recording the testimony and those categories of persons permitted by paragraph 3, above, in attendance. The stenotype tape or other means of recording the testimony shall itself be deemed Confidential Information subject to this Order. The transcript and/or copies thereof of any such testimony shall be provided only to those categories of persons qualified under paragraph 3, above.

7.  Other than outside trial attorneys of record (including their partners, associate attorneys, secretarial, paralegal and staff personnel) for the parties, in-house counsel for a corporate party and immediate support staff, and the court or court personnel, any person to whom Confidential Information will be disclosed, including any person or category of persons

6

designated pursuant to paragraph 11, below, shall execute, before any such disclosure is made, an acknowledgment of this Protective Order in the form attached hereto as **Exhibit A**.

8. Pleading and Discovery Materials identified in accordance with this Protective Order, all copies thereof, and any extracts, descriptions, or summaries thereof are to be destroyed or returned to counsel for the disclosing party within 30 days after the termination of the litigation. Nevertheless, outside trial counsel for the receiving party shall be permitted to retain one archival copy of Pleading and Discovery Materials (including extracts, descriptions, and summaries) containing the Confidential Information. Counsel for the receiving party shall certify in writing that all Confidential Information, except an archival copy if applicable, has been returned to the disclosing party and/or destroyed. Counsel of record of a party in receipt of a document designated confidential hereunder by another party shall at all times ensure that access to the confidential Pleading and Discovery Materials (including extracts, descriptions, and summaries) is only provided to persons who are qualified to view them under this Protective Order, except such copies as are filed with the Court.

9. In the event that any party determines that any Confidential Information marked or identified by it in accordance with this Protective Order should no longer be subject to this order, it may file with the Court a notice identifying such Confidential Information or part thereof and stating that its designation thereof as confidential pursuant to this Protective Order has been withdrawn. From and after the filing of such notice, such information and all actions taken with respect to such information shall no longer be subject to this Protective Order.

10. In the event that a party desires to provide access to Confidential Information to any person or categories of persons not included in paragraph 3, above, or seeks the removal of a Confidential designation, the parties shall try first to resolve such dispute in good faith on an

informal basis. If the dispute cannot be so resolved, the objecting party may seek appropriate relief from this Court by, for example, moving for an order permitting such persons or categories of persons access to the Confidential Information or removing the Confidential designation. In the resolution of such motion, the burden of establishing that the information is Confidential shall be on the disclosing or designating party. In the event that a new person or category of persons is permitted access to the Confidential Information, such persons must execute the acknowledgement of this Protective Order in the form attached hereto as **Exhibit A**.

11. With respect to any particular item of Confidential Information, the restriction on dissemination, access, disclosure, and use of such item or of information contained therein shall not apply to the party who identified or marked such item as confidential in accordance with this Protective Order or to such party's agents, officers, directors or attorneys.

12. Nothing herein shall prevent disclosure beyond the terms of this Order if the parties mutually agree in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

13. No party shall be deemed to have waived the attorney-client privilege, attorney work product doctrine, or any other privilege or doctrine by virtue of this Protective Order.

14. This Protective Order shall survive the entry of judgment in this action or any voluntary dismissal of this action and shall continue in full force and effect, without limitation in time, subject to further order of the Court. The parties shall have the right to move the Court to modify or supplement this Protective Order.

15. This Protective Order is without prejudice to the right of any party to seek relief or additional protection from this Court from any of the provisions provided herein.

16. Each party and its counsel agree to abide by the terms of this Stipulation and Order in the interim period between execution by counsel and entry of a Protective Order by the Court.

17. The parties to this action agree that the production of any Pleading and Discovery Materials by any non-party shall be subject to and governed by the terms of this Stipulation and Order.  In the event that additional parties join or are joined in this litigation and desire to have access to Pleading and Discovery Materials, they shall not have access to such materials until the additional party by its counsel has executed and filed with the Court its agreement to be fully bound by this Stipulation and Order.

| | |
|---|---|
| YOUNG CONAWAY STARGATT & TAYLOR, LLP | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| /s/ Karen L. Pascale | /s/ Jason A. Cincilla |
| C. Barr Flinn (#4092) | Martin P. Tully (#465) |
| Karen L. Pascale (#2903) | Jason A. Cincilla (#4232) |
| The Brandywine Building | 1201 N. Market Street |
| 1000 West Street, 17th Floor | P.O. Box 1347 |
| Wilmington, DE 19801 | Wilmington, DE 19899 |
| (302) 571-6600 | (302) 658-9200 |
| *Attorneys for Plaintiff,* | *Attorneys for Defendant,* |
| *INEOS Fluor Americas LLC* | *Honeywell International Inc.* |

OF COUNSEL:

Richard S. Order
Mark D. Alexander
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103
(860) 275-8100

OF COUNSEL:

KIRKLAND & ELLIS LLP
Yosef J. Riemer
Andrew R. Dunlap
Michael D. Reisman
153 East 53rd Street
New York, NY 10022
(212) 446-4800

-and-

Mark L. Kovner
Michael S. Becker
655 Fifteenth Street, NW
Suite 1200
Washington, DC 20005-5793
(202) 879-5000

Dated:  August 17, 2006

## CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esquire, hereby certify that on August 18, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Martin P. Tully [mtully@nmat.com]
> Jason A. Cincilla [jcincilla@mnat.com]
> MORRIS, NICHOLS, ARSHT & TUNNELL LLP
> 1201 N. Market Street
> P.O. Box 1347
> Wilmington, DE 19899

I further certify that on August 18, 2006, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

> *By E-Mail and U.S. Mail*
>
> Yosef J. Riemer [yriemer@kirkland.com]
> Gregory T. Heyman [gheyman@kirkland.com]
> KIRKLAND & ELLIS LLP
> 153 East 53rd Street
> New York, NY 10022
>
> Mark L. Kovner [mkovner@kirkland.com]
> Michael S. Becker [mbecker@kirkland.com]
> KIRKLAND & ELLIS LLP
> 655 Fifteenth Street, NW
> Suite 1200

> YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
> /s/ Karen L. Pascale
> _____
> C. Barr Flinn (#4092) [bflinn@ycst.com]
> Karen L. Pascale (#2903) [kpascale@ycst.com]
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, DE 19801
> (302) 571-6600

- and-

Richard S. Order
Mark D. Alexander
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103
(860)275-8100

*Attorneys for Plaintiff INEOS Fluor Americas LLC*

**SO ORDERED** this _____ day of _____, 2006

_____
Hon. Sue L. Robinson
United States District Judge

**SO ORDERED** this _____ day of _____, 2006

_____
Hon. Sue L. Robinson
United States District Judge

## EXHIBIT A

AGREEMENT CONCERNING MATERIAL
COVERED BY A PROTECTIVE ORDER
ENTERED BY THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
ON _____ ___, 2006

The undersigned hereby acknowledges that he or she has received and read the Protective Order entered on August __, 2006 in the lawsuit entitled, *INEOS Fluor Americas LLC v. Honeywell Int'l Inc., Docket No. 06-189 (SLR)*, pending in the United States District Court for the District of Delaware. The undersigned agrees to be bound by the terms of that Protective Order and to submit to and be subject to the jurisdiction of the United States District Court for the District of Delaware for the purpose of enforcement of the terms of that Protective Order.

Dated: _____          _____
                                (Print Name)


                                _____
                                (Signature)