IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INEOS FLUOR AMERICAS LLC,<br><br>   Plaintiff,<br>v.<br>HONEYWELL INTERNATIONAL INC.,<br><br>   Defendant. | C.A. No. 06-189-SLR |

### PLAINTIFF'S APPLICATION FOR THE ISSUANCE OF A LETTER OF REQUEST FOR THE PRODUCTION OF DOCUMENTS FROM MEXICHEM FLUOR IN MEXICO PURSUANT TO THE HAGUE EVIDENCE CONVENTION

Plaintiff INEOS Fluor Americas LLC respectfully requests that the Court issue a Letter of Request in the form attached as **Exhibit A** and the Letter of Request as translated into Spanish in the form attached as **Exhibit B**, addressed to the competent authority in Mexico, for the production of documents from Mexichem Fluor S.A. de C.V., a company in Matamoros, Mexico, and for the deposition of one of its employees, Hector Valle Martin. This Application is made pursuant to 28 U.S.C. § 1781, Rules 26(a)(5) and 28(b) of the Federal Rules of Civil Procedure, and the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, T.I.A.S. 7444, 23 U.S.T. 2555, reprinted in 28 U.S.C.A. § 1781 (the "Hague Evidence Convention"), which is in force between the United States and Mexico.

Plaintiff requests that the Court approve and sign the attached Letters of Request in Spanish and English. Plaintiff further requests that after the Court has signed the Letters of Request in both languages, the Clerk of this Court authenticate the Court's signatures under the seal of this Court and that the original Letters of Request be thereafter returned by the Clerk to

counsel for the plaintiff. Plaintiff's counsel will promptly transmit the Letters, together with the Annex, to Mexican counsel, who will submit them to the competent authority in Mexico for execution in conformance with Art. 2 of the Hague Evidence Convention.

February 23, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Karen L. Pascale*

C. Barr Flinn (#4092) [bflinn@ycst.com]
Karen L. Pascale (#2903) [kpascale@ycst.com]
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600

- and-

Richard S. Order [rso@avhlaw.com]
Mark D. Alexander [mda@avhlaw.com]
Aaron C. Brinkman [acb@avhlaw.com]
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103
(860)275-8100

*Attorneys for Plaintiff INEOS Fluor Americas LLC*

# CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esquire, hereby certify that on February 23, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Martin P. Tully [mtully@nmat.com]
> Jason A. Cincilla [jcincilla@mnat.com]
> MORRIS, NICHOLS, ARSHT & TUNNELL LLP
> 1201 N. Market Street
> P.O. Box 1347
> Wilmington, DE 19899

I further certify that on February 23, 2007, I caused a copy of the foregoing document to be served by hand delivery and e-mail on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

### *By E-Mail*

> Yosef J. Riemer [yriemer@kirkland.com]
> Andrew R. Dunlap [adunlap@kirkland.com]
> KIRKLAND & ELLIS LLP
> 153 East 53rd Street
> New York, NY 10022

> Mark L. Kovner [mkovner@kirkland.com]
> Michael S. Becker [mbecker@kirkland.com]
> KIRKLAND & ELLIS LLP
> 655 Fifteenth Street, NW
> Suite 1200
> Washington, DC 20005

> /s/ *Karen L. Pascale*
> Karen L. Pascale (#2903)
> YOUNG CONAWAY STARGATT & TAYLOR, LLP
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, DE 19801
> (302) 571-6600
> *kpascale@ycst.com*
>
> *Attorneys for Plaintiff, INEOS Fluor Americas LLC*

# EXHIBIT A

DB02:5641662.1

000000.0

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INEOS FLUOR AMERICAS LLC, | : |
| Plaintiff, | : |
| v. | : C.A. No. 06-189-SLR |
| HONEYWELL INTERNATIONAL INC., | : |
| Defendant. | : |

## REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE IN CIVIL OR COMMERCIAL MATTERS

I.  From the United States District Court, District of Delaware, J. Caleb Boggs Federal Building, 844 N. King Street, Wilmington, DE 19801, United States of America, to the Secretaria de Relaciones Exteriores (SRE), Direccion General de Asuntos Juridicos, Ricardo Flores Magon No. 1, Mexico City, Mexico.

II. In conformity with Article 3 of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, the undersigned applicant has the honor to submit the following request:

The United States District Court for the District of Delaware presents its compliments to the competent judicial authority in Mexico and requests its assistance in the following manner:

1.  The parties to a certain civil action pending in the United States District Court for the District of Delaware are as follows:

    (a) The plaintiff/petitioner is INEOS Fluor Americas LLC ("INEOS"), represented by Richard S. Order and Mark D. Alexander, Axinn, Veltrop & Harkrider LLP, 90 State House Square, Hartford, CT 06103 USA.

    (b) The defendant is Honeywell International Inc. ("Honeywell"), represented by Yosef Riemer and Andrew R. Dunlap, Kirkland & Ellis LLP, Citigroup Center, 153 East 53rd Street, New York, NY 10022 USA.

    (c) The respondents are Mexichem Fluor S.A. de C.V., whose last known address is Carretera Matamoros, Reynosa, Km. 4.5 Matamoros,

        Tamaulipas, Mexico, and its employee, Hector Valle Martin of the same address.

2. The evidence sought is in connection with a currently pending civil action involving commercial matters in which INEOS claims that Honeywell breached a written contract with INEOS and that further conduct by Honeywell the antitrust laws of the United States. This action was brought by INEOS to recover an award of damages allegedly caused by Honeywell's actions. Honeywell denies the claims.

    In its complaint, INEOS states and alleges that:

    INEOS and Honeywell entered into a written agreement in March 2004 under which Honeywell agreed to sell hydrogen fluoride ("HF") to INEOS at a price determined under the terms of the agreement. At the time the parties signed this agreement, a company named Quimica Fluor S.A. de C.V. (now known as Mexichem Fluor S.A. de C.V.) was a competitor of Honeywell and had sufficient excess capacity to supply INEOS with HF. In December 2005, Honeywell informed INEOS that Honeywell was raising the price of HF to INEOS in excess of a price cap agreed to by the parties. Honeywell claimed that the price increase was necessary because the cost of fluorspar, its chief input to the production of HF, had risen unexpectedly and dramatically. Earlier in 2005, Honeywell had entered into an agreement to purchase a large quantity of HF from Mexichem Fluor. The amount of HF that Honeywell purchased from Mexichem Fluor reduced Mexichem Fluor's HF excess capacity to the point that it could not provide INEOS with its annual requirement of HF. After securing the elimination of its chief competitor as an alternate source of HF, Honeywell threatened to cut off INEOS's supply of HF if it did not accept the price increase. As a result of Honeywell's conduct, INEOS claims: (a) that Honeywell breached a contract with INEOS and has caused INEOS financial harm and harm to its business; and (b) that competition in the North American market for the sale of HF was unreasonably restrained and INEOS was damaged thereby, all in violation of the antitrust laws of the United States.

3. The evidence to be obtained consists of testimony and documents, including emails, letters, other correspondence, notes, memoranda, reports, meetings, calendar entries and communications, relating to a contract or negotiations for the sale of HF by Mexichem Fluor to Honeywell. The evidence to be obtained also consists of documents and testimony relating to Mexichem Fluor's actual or projected volume of HF production, production capacity, or excess capacity in 2006. The evidence to be obtained further consists of documents and testimony relating to Mexichem Fluor's 2005 projected or estimated volume of HF that was under contract prior to the beginning of negotiations between the Mexichem Fluor and Honeywell. The testimony and documents requested are expected to provide evidence in the nature of proof to be used for the purposes of the pending trial in this matter. The evidence for trial obtained from these documents will aid in the

administration of justice in this case because it is expected to yield necessary information as to INEOS's claims and Honeywell's defenses.

III.  Accordingly, it is hereby requested that in the interest of justice, you cause by your usual and proper process such orders to be entered as Mexican law permits directing that Mexichem Fluor, whose last known address is Carretera Matamoros, Reynosa, Km. 4.5 Matamoros, Tamaulipas, Mexico, be ordered to produce the documents identified in **Annex 1**, for inspection and copying by counsel for INEOS at a time and place to be determined by the Mexican judicial authority, preferably before April 27, 2006.

IV.  Further, it is also hereby requested that in the interest of justice, you cause by your usual and proper process such orders to be entered as Mexican law permits directing that Mexichem Fluor, whose last known address is Carretera Matamoros, Reynosa, Km. 4.5 Matamoros, Tamaulipas, Mexico, be ordered to present its employee, Hector Valle Martin, to be deposed and examined under oath for the purpose of testifying about facts and events concerning the claims and defenses in this case and authenticating any documents produced. It is requested that during such deposition: (1) the parties' attorneys, representatives, designees, interpreters, a video technician, and a stenographer be permitted to be present during the examination; (2) the parties' attorneys or their designees be permitted to pose questions to the witness; (3) the witness be examined under oath or affirmation; (4) the examination be recorded by videotape or similar technology; and (5) a stenographer be permitted to record verbatim the examination of the witness.

V.  Please notify the following persons when and where the production and examination of documents is to be conducted and when and where the deposition is to be conducted:

1.  Plaintiff/Petitioner INEOS's attorneys: Richard S. Order and Mark D. Alexander, Axinn Veltrop & Harkrider LLP, 90 State House Square, Hartford, CT 06103 USA, telephone number (860) 275-8100.

2.  Defendant Honeywell's attorneys: Yosef Riemer and Andrew R. Dunlap, Kirkland & Ellis LLP, Citigroup Center, 153 East 53rd Street, New York, NY 10022 USA, telephone number (212) 446-4800.

VI.  The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by plaintiff/petitioner INEOS Fluor Americas LLC, c/o Axinn Veltrop & Harkrider LLP, 90 State House Square, Hartford, CT 06103 USA.

3

This Court expresses its appreciation of the competent authority in Mexico for its courtesy and assistance in this matter and states that it shall be ready and willing to assist the courts of Mexico in a similar manner when required.

Dated: Wilmington, Delaware

_____, 2007

                                        _____
                                        Hon. Sue L. Robinson
                                        United States District Judge of the
                                        United States District Court for the
                                        District of Delaware

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INEOS FLUOR AMERICAS LLC,<br><br>    Plaintiff,<br>v.<br>HONEYWELL INTERNATIONAL INC.,<br><br>    Defendant. | C.A. No. 06-189-SLR |

## ANNEX 1

## PLAINTIFF INEOS'S REQUEST FOR THE PRODUCTION OF DOCUMENTS BY MEXICHEM FLUOR S.A. DE C.V.

Pursuant to The Hague Convention of 18 March 1970 on the Taking of Evidence in Civil or Commercial Matters, plaintiff/petitioner INEOS Fluor Americas LLC ("INEOS") hereby requests Mexichem Fluor S.A. de C.V. ("Mexichem") to produce and permit INEOS, its attorneys, or agents to inspect and to copy the documents and things described below which are in Mexichem's possession, custody, or control, including those which may be in the possession, custody, or control of any agent or representative, at a location to be determined by a competent authority in Mexico.

## DOCUMENTS REQUESTED

You are requested to produce each document, including without limitation correspondence, electronic mail, memoranda, calendar entries, contracts, and any other type of document, that refers to, relates to, or reflects:

1. The volume of HF manufactured or projected to be manufactured by Mexichem Fluor in each calendar year from 2004 through 2009.

2. The volume of HF sold or projected to be sold to third parties in each calendar year from 2004 through 2009.

3. The HF manufacturing capacity or projected manufacturing capacity of Mexichem Fluor in each calendar year from 2004 through 2009.

4. Any limitations on the ability of Mexichem Fluor to market its full HF manufacturing capacity due to logistical or other constraints, including without limitation inadequate access to rail cars.

5. Any negotiations for or discussion concerning any HF or fluorspar supply contract between Honeywell and Mexichem Fluor.

6. Any meeting, communication, correspondence, or contract between Honeywell and Mexichem Fluor that refers to, relates to, or reflects HF or fluorspar.

## DEFINITIONS AND INSTRUCTIONS:

1. You shall produce all documents described above that are in your possession, custody, or control and that were created, revised, sent, or received on or after January 1, 2005 through the date of your production.

2. As used in these document requests, the term "document" means all originals (or copies where originals are unavailable) and non-identical copies, including drafts or preliminary versions, of all written, recorded, electronic, or graphic matter, however produced or reproduced, including correspondence, faxes, telegrams, sound recordings of any conversation, meeting, or conference, minutes of meetings, memoranda, interoffice communications, analyses, reports, summaries, results of investigations and tests, contracts,

proposals, agreements, statistical records, ledgers, invoices, receipts, computer data, websites, electronic mail, notebooks, daily or weekly logs, schedules, budgets, manuals, bulletins, desk calendars, appointment books, diaries, photographs, drawings or other graphic representations, calculations, logs, or papers similar to any of the foregoing, however labeled. If information stored in, or accessible through, computer or other data retrieval systems is produced, it must be accompanied by instructions and all other materials necessary to use or interpret such data.

3. The term "and" as well as "or" shall be construed either disjunctively or conjunctively as is necessary to bring within the scope of these requests for production any and all documents that might otherwise be construed as outside their scope. The masculine form of a noun or pronoun includes the feminine form and vice versa. The use of the singular form of any word includes the plural and vice versa.

4. The terms "refer to," "relate to," and "reflect" mean constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing, mentioning, concerning and/or pertaining to.

5. "Honeywell" means defendant Honeywell International Inc. and/or any of its predecessors, affiliates, agents, employees, representatives, attorneys, subsidiaries, parents, and any other person or entity directly or indirectly subject to its control, either individually or in any combination, as is necessary to bring within the scope of these requests for production any and all information and/or documents that might otherwise be construed as outside their scope.

6. The term "HF" means hydrogen fluoride, also known as anhydrous hydrofluoric acid or hydrofluoric acid.

7. "Mexichem Fluor" shall mean Mexichem Fluor S.A de C.V., Quimica Fluor S.A. de C.V., or any parent, subsidiary, predecessor, or affiliate of Mexichem Fluor or Quimica Fluor.

# EXHIBIT B

Case 1:06-cv-00189-SLR   Document 66-3   Filed 02/23/2007   Page 1 of 9

DB02:5641662.1                                                                 000000.0

EN EL TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
POR EL DISTRITO DE DELAWARE

| | |
|---|---|
| INEOS FLUOR AMERICAS LLC,<br><br>      la Demandante,<br>c/<br><br>HONEYWELL INTERNATIONAL INC.,<br><br>      la Demandada. | :<br>:<br>:<br>:  C.A. Núm. 06-189-SLR<br>:<br>:<br>:<br>:<br>: |

**PEDIDO DE ASISTENCIA JUDICIAL INTERNACIONAL DE CONFORMIDAD CON LA CONVENCIÓN DE LA HAYA DEL 18 DE MARZO DE 1970, SOBRE LA OBTENCIÓN DE PRUEBAS EN MATERIA CIVIL O COMERCIAL**

I.    Del Tribunal de Distrito de los Estados Unidos, Distrito de Delaware, con domicilio establecido en J. Caleb Boggs Federal Building, 844 N. King Street, Wilmington, DE 19801, Estados Unidos de América, a la Secretaría de Relaciones Exteriores (SRE), Dirección General de Asuntos Jurídicos, Ricardo Flores Magon No. 1, Ciudad de México, México.

II.    En virtud de las disposiciones del Artículo 3 de la Convención de la Haya sobre la obtención de pruebas en el extranjero, en materia civil o comercial, la solicitante signataria tiene el honor de presentar el siguiente petitorio:

El Tribunal de Distrito de los Estados Unidos por el Distrito de Delaware expresa sus cumplidos a la autoridad judicial competente en México y solicita su asistencia según se detalla a continuación:

    1.    Las partes de una cierta acción civil en trámite, en la que entiende el Tribunal de Distrito de los Estados Unidos por Distrito de Delaware, son las citadas *ut infra*:

        (a)    La Demandante/actora es INEOS Fluor Americas LLC ("INEOS"), representada por Richard S. Order y Mark D. Alexander, Axinn, Veltrop & Harkrider LLP, con domicilio establecido en 90 State House Square, Hartford, CT 06103 EE. UU.

        (b)    La Demandada es Honeywell International Inc. ("Honeywell"), representada por Yosef Riemer y Andrew R. Dunlap, Kirkland & Ellis LLP, con domicilio establecido en Citigroup Center, 153 East 53rd Street, New York, NY 10022 EE. UU.

(c) Los apelados son Mexichem Fluor S.A. de C.V., cuyo último domicilio conocido es Carretera Matamoros, Reynosa, Km. 4.5 Matamoros, Tamaulipas, México, y su empleado, Héctor Valle Martín, con el mismo domicilio.

2. Las pruebas solicitadas se refieren a una acción civil actualmente en curso, que involucra asuntos comerciales en los que INEOS reclama un incumplimiento de contrato por parte de Honeywell, específicamente referido a un contrato escrito celebrado entre esta última e INEOS y que, por otra parte, la conducta de Honeywell es contraria a las leyes antimonopolio de los Estados Unidos. Esta acción se promovió a instancias de INEOS, con el propósito de obtener una sentencia favorable por daños y perjuicios presuntamente originados por el accionar de Honeywell. Honeywell niega todos los reclamos.

En su demanda, INEOS establece y alega lo siguiente:

INEOS y Honeywell celebraron un acuerdo por escrito en marzo de 2004, en virtud del cual Honeywell convenía en vender fluoruro de hidrógeno ("HF", *hydrogen fluoride*) a INEOS a un precio determinado, según los términos pactados en el acuerdo. En el momento en que las partes formalizaron el citado acuerdo, una empresa de nombre Quimica Fluor S.A. de C.V. (conocida como Mexichem Fluor S.A. de C.V.) competía con Honeywell y su capacidad contaba con el excedente suficiente como para abastecer a INEOS de HF. En diciembre de 2005, Honeywell informó a INEOS que le aumentaría el precio del HF, superando así el precio tope convenido entre ambas partes. Honeywell adujo que el aumento de precio obedecía al drástico e imprevisto incremento que había sufrido el costo de la fluorita —principal insumo para la producción de HF—. En una fecha anterior del mismo año 2005, Honeywell había formalizado un acuerdo para la compra de una gran cantidad de HF a Mexichem Fluor. La cantidad de HF que Honeywell compró a Mexichem Fluor redujo el exceso de capacidad de HF de Mexichem Fluor, hasta el punto en que no pudo proveer a INEOS con su requisito anual de HF. Después de asegurarse de eliminar a su principal competidor como una fuente alternativa de HF, Honeywell amenazó con cortar el abastecimiento de HF a INEOS, si ésta se negaba a aceptar el aumento de precio. Como resultado de la conducta de Honeywell, INEOS reclama cuanto se expone a continuación: (a) que Honeywell violó un contrato celebrado con INEOS y que causó a INEOS un daño de carácter financiero, perjudicando así sus negocios; y (b) que la competencia en el mercado del norte de América para la venta de HF quedó irracionalmente restringida, y que INEOS sufrió los daños en consecuencia, todo ello, violando las leyes antimonopólicas vigentes en los Estados Unidos.

3. Las pruebas a obtener consisten en testimonios y documentación, lo cual incluye intercambio de mensajes por correo electrónico, cartas, otro tipo de correspondencia, notas, memorandos, reportes, asambleas, anotaciones en el calendario y comunicaciones, referidas a un contrato o negociaciones para la venta de HF por parte de Mexichem Fluor a Honeywell. Las pruebas a obtener consisten también en documentación y testimonios referidos al volumen real y

proyectado de producción de HF contemplado por Mexichem Fluor, la capacidad productiva o el excedente de capacidad en 2006. Las pruebas a obtener consisten, asimismo, en documentos y testimonios referidos al volumen de HF estimado o proyectado de Mexichem Fluor para el año 2005 que estuvo afectado al contrato antes de que comenzasen las negociaciones entre la Mexichem Fluor y Honeywell. Se espera que el testimonio y la documentación solicitados aporten evidencias en calidad de pruebas a utilizar a los efectos del juicio que se está desarrollando en torno a esta causa. En este caso, las pruebas para el juicio obtenidas a partir de estos documentos facilitarán la administración de justicia, porque se espera que aporten la información necesaria en cuanto compete a los reclamos de INEOS y a las defensas de Honeywell.

III. Consecuentemente, se solicita por este medio que, atendiendo los intereses de la justicia y por su intermedio, se dicten las órdenes necesarias, a través de los mecanismos habituales y adecuados y dentro del marco de la legislación mexicana, para que Mexichem Fluor, cuyo último domicilio conocido era Carretera Matamoros, Reynosa, Km. 4.5 Matamoros, Tamaulipas, México, presente la documentación identificada en el **Anexo 1**, a fin de que el asesor letrado de INEOS proceda a su inspección y copiado en el lugar y la fecha a determinar por la autoridad judicial mexicana, con preferencia, antes del 27 de abril de 2006.

IV. Asimismo, se solicita por este medio que, atendiendo los intereses de la justicia y por su intermedio, se dicten las órdenes necesarias, a través de los mecanismos habituales y adecuados y dentro del marco de la legislación mexicana, para que se inste a Mexichem Fluor, cuyo último domicilio conocido era Carretera Matamoros, Reynosa, Km. 4.5 Matamoros, Tamaulipas, México, a presentar a su empleado, Héctor Valle Martín, para que preste declaración y sea interrogado bajo juramento, a los efectos de dar fe de los hechos y eventos sobre los que descansan los reclamos y defensas en la presente causa y la autenticación de toda documentación presentada. Se solicita que durante dicho testimonio: (1) los abogados, representantes, designados, intérpretes, un técnico en video y un taquígrafo de las partes tengan autorización para presenciar el interrogatorio; (2) los abogados de las partes o sus designados, tengan autorización para interrogar al testigo; (3) el testigo preste declaración bajo juramento o afirmación; (4) el interrogatorio se grabe en cinta de video o con una tecnología similar; y (5) que un taquígrafo esté autorizado para dejar asentado el interrogatorio del testigo textualmente.

V. Por favor notificar a las siguientes personas el lugar y la fecha donde se presentarán y examinarán los documentos, así como también, el lugar y la fecha donde se llevará a cabo la declaración:

1. Abogados de la Demandante/Actora INEOS: Richard S. Order y Mark D. Alexander, Axinn Veltrop & Harkrider LLP, con domicilio en 90 State House Square, Hartford, CT 06103 EE. UU., número de teléfono (860) 275-8100.

2. Abogados de la Demandada Honeywell: Yosef Riemer y Andrew R. Dunlap, Kirkland & Ellis LLP, Citigroup Center, 153 East 53rd Street, New York, NY 10022 EE. UU., número de teléfono (212) 446-4800.

3

VI. Los costos y honorarios en los que se incurra, que sean reembolsables en virtud del segundo párrafo del Artículo 14 o según surge del Artículo 26 de la Convención, correrán por cuenta de la Demandante/actora INEOS Fluor Americas LLC, representada por Axinn Veltrop & Harkrider LLP, domiciliada en 90 State House Square, Hartford, CT 06103 EE. UU.

Este juzgado desea expresar su agradecimiento a la autoridad competente en México por su cortesía y asistencia en este asunto y aprovecha la oportunidad para manifestar su presteza y disposición para colaborar de la misma manera con los tribunales de México, si así se lo solicitasen.

Fecha: Wilmington, Delaware
\_\_\_\_ de _____ de 2007

                                                    Hon. Sue L. Robinson
                                                    Juez de Distrito de los Estados Unidos, del Tribunal de Distrito de los Estados Unidos, por el Distrito de Delaware

EN EL TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
POR EL DISTRITO DE DELAWARE

| | |
|---|---|
| INEOS FLUOR AMERICAS LLC, | : |
| la Demandante, | : |
| c/ | : C.A. Núm. 06-189-SLR |
| HONEYWELL INTERNATIONAL INC., | : |
| la Demandada. | : |

## ANEXO 1

## PEDIDO POR PARTE DE LA DEMANDANTE INEOS PARA LA PRESENTACIÓN DE DOCUMENTACIÓN POR PARTE DE MEXICHEM FLUOR, S.A. DE C.V.

En virtud de las disposiciones de la Convención de la Haya del 18 de marzo de 1970, sobre la obtención de pruebas en materia civil o comercial, la demandante/actora INEOS Fluor Americas LLC ("INEOS") solicita por este medio a Mexichem Fluor S.A. de C.V. ("Mexichem") que presente los documentos y todo aquello que se describe a continuación y que se encuentre en posesión, custodia o control de Mexichem —lo cual incluye lo que pueda estar en posesión, custodia o control de cualquier apoderado o representante— así como también, que permita que INEOS, sus abogados o apoderados inspeccionen y copien dicho material, en un lugar a determinar por una autoridad competente en México.

## DOCUMENTOS SOLICITADOS

Se le solicita que presente cada documento, incluso y sin limitación alguna, la correspondencia, correos electrónicos, memorandos, anotaciones en el calendario, contratos y cualquier otra clase de documentación que se refiera a, o se relacione con, o que refleje cuanto se expone a continuación:

1. El volumen de HF que Mexichem Fluor fabricó o proyectó fabricar en cada año calendario, desde 2004 hasta 2009.

2. El volumen de HF vendió o proyectó para ser vendido a terceros partidos en cada año calendario, desde 2004 hasta 2009.

2. La capacidad de fabricación o capacidad de fabricación proyectada de HF de Mexichem Fluor en cada año calendario, desde 2004 hasta 2009.

3. Toda limitación impuesta sobre la aptitud de Mexichem Fluor de comercializar su capacidad de fabricación completa de HF, como consecuencia de restricciones logísticas o de otra naturaleza, incluso, sin limitaciones, el acceso inadecuado a los vagones de transporte.

4. Toda negociación o debate inherente a un contrato entre Honeywell y Mexichem Fluor, para el abastecimiento de HF o fluorita.

5. Cualquier reunión, comunicación, correspondencia o contrato celebrado entre Honeywell y Mexichem Fluor que se refiera al HF o a la fluorita, o que se relacione con ellos o que los refleje.

## DEFINICIONES E INSTRUCCIONES:

1. Usted habrá de presentar todos los documentos descritos *ut supra* que se encuentren en posesión, custodia o control suyo y que se hubieran creado, revisado, enviado o recibido entre el 1° de enero de 2005 —o una fecha posterior a ésta— y el momento en que usted los presente.

2. Tal como se emplea en estos pedidos de documentación, el término "documento" se refiere a todos los originales (o las copias, en el supuesto en que los originales no estuvieran disponibles) y las copias no idénticas, lo cual incluye borradores o versiones preliminares de todo el material escrito, grabado, electrónico o gráfico, independientemente de

2

que esté producido o reproducido, con inclusión de la correspondencia, mensajes por fax, telegramas, grabaciones de sonido de cualquier conversación, reunión o conferencia, actas de asambleas, memorandos, comunicaciones entre oficinas, análisis, reportes, resúmenes, resultados de investigaciones y pruebas, contratos, propuestas, acuerdos, registros estadísticos, libros mayores, facturas, recibos, datos informáticos, sitios web, correo electrónico, cuadernos de notas, registros diarios o semanales, agendas, presupuestos, manuales, boletines, calendarios de escritorio, libros de citas, diarios, fotografías, dibujos o cualquier otra representación gráfica, cálculos, libros de registro o documentos de una naturaleza similar a cualquiera de los anteriores, cualquiera fuere su rótulo. Si se presenta información almacenada en una computadora o a la que pueda accederse mediante una computadora o cualquier otro sistema de recuperación de datos, la misma debe venir acompañada por las respectivas instrucciones y todos los demás materiales necesarios para usar o interpretar dichos datos.

3. El término "y", así como también, "o" habrán de interpretarse con un significado disyuntivo o conjuntivo, dado que es necesario incluir en el alcance de las presentes solicitudes todos y cualquiera de los documentos que de otro modo se interpretarían como excluidos de su alcance. La forma masculina de un sustantivo o pronombre incluye también el femenino y viceversa. El uso del singular de cualquier palabra incluye el plural y viceversa.

4. Las expresiones "se refiere/n a" "se relaciona/n con" y "refleja/n" quieren decir: constituye/n, comprende/n, contiene/n, establece/n, muestra/n, revela/n, describe/n, explica/n, resume/n, menciona/n, atañe/n a y/o pertenece/n a.

5. "Honeywell" se refiere a la demandada Honeywell International Inc. y/o a cualquiera de sus predecesoras, afiliadas, apoderados, empleados, representantes, abogados, subsidiarias, empresas controladoras y cualquier otra persona física o jurídica sometida a su

3

control directo o indirecto, ya sea individualmente o en cualquier combinación, cuya inclusión en el alcance de estos petitorios para la presentación de toda la información y/o documentación fuera necesaria, y que de otro modo se considerarían excluidas de dicho alcance.

6. El término "HF" [por su sigla en inglés *hydrogen fluoride*], se refiere a fluoruro de hidrógeno, también denominado ácido fluorhídrico anhidro o ácido fluorhídrico.

7. "Mexichem Fluor" se refiere a Mexichem Fluor S.A de C.V., Quimica Fluor S.A. de C.V., o cualquier empresa controladora, subsidiaria, predecesora o afiliada de Mexichem Fluor o Quimica Fluor.