IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INEOS FLUOR AMERICAS LLC, <br><br> Plaintiff, <br> v. <br><br> HONEYWELL INTERNATIONAL INC., <br><br> Defendant. | : <br> : <br> : <br> : C.A. No. 06-189-SLR <br> : <br> : <br> : |

**NOTICE OF SUBPOENA**
**DIRECTED TO E.I. DUPONT DE NEMOURS AND COMPANY**

PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure, the plaintiff, INEOS Fluor Americas LLC ("INEOS") is serving a subpoena duces tecum upon E.I. DuPont de Nemours and Company, in the form appended hereto, for the production on March 16, 2007 of the documents described in "Schedule A" to the subpoena.

February 23, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Karen L. Pascale*

C. Barr Flinn (#4092) [bflinn@ycst.com]
Karen L. Pascale (#2903) [kpascale@ycst.com]
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600

- and-

Richard S. Order
Mark D. Alexander
Aaron C. Brinkman
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103
(860) 275-8100

*Attorneys for Plaintiff, INEOS Fluor Americas LLC*

AO 88 (Rev. 11/91) Subpoena in a Civil Case

## Issued by the
# United States District Court
### DISTRICT OF DELAWARE

**INEOS FLUOR AMERICAS LLC**

**SUBPOENA IN A CIVIL CASE**

V.

CASE NUMBER: 06-189-SLR
(District of Delaware)

**HONEYWELL INTERNATIONAL INC.**

**TO:** E. I. du Pont de Nemours and Company
1007 Market Street
Wilmington, DE 19898

☐ YOU ARE HEREBY COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE HEREBY COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule A, attached.

| PLACE | DATE AND TIME |
|---|---|
| Young Conaway Stargatt & Taylor, LLP<br>1000 West Street, 17th Floor<br>Wilmington, DE 19899-0391 | March 16, 2007    9:00am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>_[signature]_    Attorney for Plaintiff | DATE<br>February 22, 2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
Mark D. Alexander, Esq., Axinn, Veltrop & Harkrider LLP, 90 State House Square, Hartford, CT 06103, (860) 275-8100

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO 88 (Rev. 11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

3(A) On a timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

## DOCUMENTS REQUESTED

You are commanded to produce the following documents, including without limitation correspondence, electronic mail, calendar entries, and any other type of document:

1.  Documents sufficient to show the volume of HF manufactured or projected to be manufactured by DuPont in each calendar year from 2004 through 2009.

2.  Documents sufficient to show the volume of HF sold or projected to be sold by DuPont to third parties in each calendar year from 2004 through 2009:

    a. pursuant to customer supply agreements; and
    b. pursuant to spot sales.

3.  Documents sufficient to show the HF manufacturing capacity or projected manufacturing capacity of DuPont in each calendar year from 2004 through 2009.

4.  Documents sufficient to identify and show, in each calendar year from 2004 through 2009, each customer who purchased HF from DuPont pursuant to any customer supply agreements, the prices charged to such customers and the term of the customer supply agreement with such customers.

5.  Documents sufficient to show any limitations on the ability of DuPont to market its full HF manufacturing capacity due to logistical or other constraints, including without limitation inadequate access to rail cars.

6.  All documents concerning any evaluation or analysis by DuPont or any other person concerning competition in North American HF supply.

7.  All documents concerning any impact of Honeywell HF pricing changes on DuPont's HF pricing.

8.  All documents concerning communications with Honeywell concerning HF manufacturing, sales, customers or prices.

## DEFINITIONS AND INSTRUCTIONS:

1.  You are commanded to produce all documents described above that are in your possession, custody, or control that were created, revised, sent, or received on or after January 1, 2004 through the date of your response to this subpoena.

2. As used in these document requests, the term "document" has the meaning and scope of the term as used in Rule 34 of the Federal Rules of Civil Procedure and includes all originals (or copies where originals are unavailable) and non-identical copies, including partial and preliminary drafts or versions, of all written, recorded, electronic, or graphic matter, however produced or reproduced, or correspondence, telegrams, or sound recordings of any type of conversation, meeting, or conference, minutes of meetings, memoranda, interoffice communications, analyses, reports, summaries, and results of investigations and tests, reviews, contracts, proposals, agreements, working papers, binders, insurance policies, bonds, statistical records, ledgers, books of account, invoices, receipts, computer data, websites, electronic mail, stenographers, notebooks, daily or weekly logs, payroll data, work assignment data, schedules, budgets, cash flow analyses, manuals, directives, bulletins, desk calendars, appointment books, diaries, photographs, drawings or other graphic representations, plans, specifications, shop drawings, calculations, logs, investigator's reports, or papers similar to any of the foregoing, however labeled.

3. Whenever appropriate, the singular form of a word shall be interpreted as plural and the plural form shall be interpreted as singular, and the masculine gender shall be deemed to include the feminine and the feminine gender shall be deemed to include the masculine as is necessary to bring within the scope of these requests for production any and all documents that might otherwise be construed as outside their scope.

4. The term "and" as well as "or" shall be construed either disjunctively or conjunctively as is necessary to bring within the scope of these requests for production any and all documents that might otherwise be construed as outside their scope.

5. The terms "refer to," "relate to," and "reflect" mean constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing, mentioning, concerning and/or pertaining to.

6. "Honeywell" means defendant Honeywell International Inc. and/or any of its predecessors, affiliates, agents, employees, representatives, attorneys, subsidiaries, parents, and any other person or entity directly or indirectly subject to its control, either individually or in any combination, as is necessary to bring within the scope of these requests for production any and all information and/or documents that might otherwise be construed as outside their scope.

7. The term "HF" shall mean hydrogen fluoride, also known as anhydrous hydrofluoric acid or hydrofluoric acid ("HFA"). The term "HFC" shall mean hydrofluorocarbon.

8. "DuPont" shall mean E. I. du Pont de Nemours and Company and/or any of its predecessors, affiliates, agents, employees, representatives, attorneys, subsidiaries, parents, and any other person or entity directly or indirectly subject to its control, either individually or in any combination, as is necessary to bring within the scope of these requests for production any and all information and/or documents that might otherwise be construed as outside their scope.

## CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esquire, hereby certify that on February 23, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Martin P. Tully [mtully@nmat.com]
>Jason A. Cincilla [jcincilla@mnat.com]
>MORRIS, NICHOLS, ARSHT & TUNNELL LLP
>1201 N. Market Street
>P.O. Box 1347
>Wilmington, DE 19899

I further certify that on February 23, 2007, I caused a copy of the foregoing document to be served by hand delivery and e-mail on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

### *By E-Mail*

>Yosef J. Riemer [yriemer@kirkland.com]
>Andrew R. Dunlap [adunlap@kirkland.com]
>KIRKLAND & ELLIS LLP
>153 East 53rd Street
>New York, NY 10022

>Mark L. Kovner [mkovner@kirkland.com]
>Michael S. Becker [mbecker@kirkland.com]
>KIRKLAND & ELLIS LLP
>655 Fifteenth Street, NW
>Suite 1200
>Washington, DC 20005

>/s/ *Karen L. Pascale*
>Karen L. Pascale (#2903)
>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, DE 19801
>(302) 571-6600
>*kpascale@ycst.com*
>
>*Attorneys for Plaintiff, INEOS Fluor Americas LLC*