## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| INEOS FLUOR AMERICAS LLC, | : |
| Plaintiff, | : |
| v. | :    **C.A. No. 06-189-SLR** |
| HONEYWELL INTERNATIONAL INC., | : |
| Defendant. | : |

## DEFENDANT'S APPLICATION FOR THE ISSUANCE OF A LETTER OF REQUEST FOR THE PRODUCTION OF DOCUMENTS FROM MEXICHEM FLUOR IN MEXICO PURSUANT TO THE HAGUE EVIDENCE CONVENTION

Defendant Honeywell International Inc., by its attorneys, respectfully requests that the Court issue a Letter of Request in the form attached as **Exhibit A**, addressed to the Central Authority in Mexico, for the production of documents from Mexichem Fluor S.A. de C.V. (hereinafter, "Mexichem Fluor") and for the deposition of one of its employees, Hector Valle Martin. Defendant's Application is made pursuant to, and in conformity with, the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, T.I.A.S. 7444, 23 U.S.T. 2555, *reprinted in* 28 U.S.C.A. §1781, ("Hague Evidence Convention"), which is in force between the United States and Mexico. An issuance of a Letter of Request under the Hague Evidence Convention is a proper method for obtaining documents and the taking of testimony of persons residing abroad. FED. R. CIV. P. 26(a)(5), 28(b); Tulip Computers Intern. B.V. v. Dell Computer Corp., 254 F.Supp.2d 469 (D. Del. 2003).

Defendant requests that the Court approve and sign the attached Letter of Request. Defendant further requests that after the Court has signed the Letter of Request, the Clerk of this

Court authenticate the Court's signature under the seal of this Court, and that the Letter of Request be thereafter returned by the Clerk to counsel for the defendant. Counsel will promptly cause the Letter of Request to be translated into the Spanish language, as required by Art. 4 of the Hague Evidence Convention, and will transmit the Letter of Request, together with the translation, to the Mexican Central Authority for execution in conformity with Art. 2 of the Hague Evidence Convention.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Martin P. Tully (#465)
Jason A. Cincilla (#4232)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
*Attorneys for Defendant Honeywell Int'l Inc.*

OF COUNSEL:

KIRKLAND & ELLIS LLP
Yosef J. Riemer
Andrew R. Dunlap
Michael D. Reisman
153 East 53rd Street
New York, NY 10022
(212) 446-4800

-and-

Mark L. Kovner
Michael S. Becker
Julie Brennan Jacobs
655 Fifteenth Street, NW
Suite 1200
Washington, DC 20005-5793
(202) 879-5000

Dated: March 5, 2007

756246.1

2

## CERTIFICATE OF SERVICE

I, Jason A. Cincilla, Esquire, hereby certify that copies of the foregoing **DEFENDANT'S APPLICATION FOR THE ISSUANCE OF A LETTER OF REQUEST FOR THE PRODUCTION OF DOCUMENTS FROM MEXICHEM FLUOR IN MEXICO PURSUANT TO THE HAGUE EVIDENCE CONVENTION** were served on March 5, 2007 as follows:

**BY ELECTRONIC FILING:**

C. Barr Flinn, Esq.
Karen L. Pascale, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE  19899-0391

**BY ELECTRONIC MAIL:**

Richard S. Order, Esq.
Axinn, Veltrop & Harkrider LLP
90 State House Square, 11th Floor
Hartford, Connecticut 06103
rso@avhlaw.com

Jason A. Cincilla (#4232)

514330

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **INEOS FLUOR AMERICAS LLC,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **C.A. No. 06-189-SLR** |
| | : | |
| **HONEYWELL INTERNATIONAL INC.,** | : | |
| | : | |
| Defendant. | : | |

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO**
**THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF**
**EVIDENCE IN CIVIL OR COMMERCIAL MATTERS**

I. From the United States District Court, District of Delaware, J. Caleb Boggs Federal Building, 844 N. King Street, Wilmington, DE 19801, United States of America, to the Secretaría de Relaciones Exteriores (SRE), Dirección General de Asuntos Jurídicos, Ricardo Flores Magón No. 1, Mexico, D.F., Mexico.

II. In conformity with Article 3 of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, the undersigned applicant has the honor to submit the following request:

The United States District Court for the District of Delaware presents its compliments to the competent judicial authority in Mexico and requests its assistance in the following manner:

1. The parties to a certain civil action pending in the United States District Court for the District of Delaware are as follows:

 (a) The plaintiff is INEOS Fluor Americas LLC ("INEOS"), represented by Richard S. Order and Mark D. Alexander, Axinn, Veltrop & Harkrider LLP, 90 State House Square, Hartford, CT 06103 USA.

 (b) The defendant/petitioner is Honeywell International Inc. ("Honeywell"), represented by Yosef Riemer and Andrew R. Dunlap, Kirkland & Ellis LLP, Citigroup Center, 153 East 53rd Street, New York, NY 10022 USA.

 (c) The respondents are Mexichem Fluor S.A. de C.V. ("Mexichem Fluor"), whose last known address is Carretera Matamoros, Reynosa, Km. 4.5

Matamoros, Tamaulipas, Mexico, and its employee, Hector Valle Martin of the same address.

2.      The evidence sought is in connection with a currently pending civil action involving commercial matters in which INEOS claims that Honeywell breached a contract with INEOS to supply hydrogen fluoride ("HF") and that Honeywell monopolized and attempted to monopolize the HF market in North America. This action was brought by INEOS to recover an award of damages allegedly caused by Honeywell's actions. Honeywell denies the claims. Mexichem Fluor, a Mexican HF producer and participant in the HF merchant market, has information relevant to these claims.

3.      The evidence to be obtained consists of testimony and documents, including emails, letters, other correspondence, notes, memoranda, reports, meetings, calendar entries and communications, relating to contracts or negotiations for the sale of HF by Mexichem Fluor; Mexichem Fluor's actual or projected volume of HF production, production capacity, or excess capacity in 2004 through 2009; Mexichem Fluor's actual or projected sales of HF to customers from 2004 through 2009, by volume and monetary value; and efforts and attempts by Mexichem Fluor to develop new HF customers or increase sales volume to existing customers; the price and sale of fluorspar; and other information relevant to INEOS's claims and Honeywell's defenses as described above. The testimony and documents requested are expected to provide evidence in the nature of proof to be used for the purposes of the pending trial in this matter. The evidence for trial obtained from these documents will aid in the administration of justice in this case because it is expected to yield necessary information as to INEOS's claims and Honeywell's defenses.

III.    Accordingly, it is hereby requested that in the interest of justice, you cause by your usual and proper process such orders to be entered as Mexican law permits directing that Mexichem Fluor, whose last known address is Carretera Matamoros, Reynosa, Km. 4.5 Matamoros, Tamaulipas, Mexico, be ordered to produce the documents identified in **Annex 1** for inspection and copying by counsel for Honeywell or its agents or designees at a time and place to be determined by the Mexican judicial authority, preferably before April 27, 2007.

In order to ensure Mexichem Fluor that its internal materials will be protected, any discovery of such materials will be treated in accordance with the Confidentiality Stipulation and Protective Order agreed to by the parties and issued by this Court on 23 August 2006 that is attached as **Annex II**.

IV.     Further, it is also hereby requested that in the interest of justice, you cause by your usual and proper process such orders to be entered as Mexican law permits directing that Mexichem Fluor, whose last known address is Carretera Matamoros, Reynosa, Km. 4.5 Matamoros, Tamaulipas, Mexico, be ordered to present its employee Hector Valle Martin, to be deposed and examined under oath for the purpose of testifying about facts and events concerning the claims and defenses in this case and authenticating any

documents produced.   It is requested that during such deposition: (1) the parties' attorneys, representatives, designees, interpreters, a video technician, and a stenographer be permitted to be present during the examination; (2) the parties' attorneys or their designees be permitted to pose questions to the witness; (3) the examination be recorded by videotape or similar technology; (4) a stenographer be permitted to record verbatim the examination of the witness as a transcript; (5) the witness have an opportunity to review and sign such a transcript before a Notary Public; (6) the witness be examined under oath or affirmation, stating "I swear or affirm that the testimony that I will give will be the truth, the whole truth, and nothing but the truth"; (7) the testifying privileges of the State of Delaware apply; and (8) in the event that the evidence cannot be taken in the manner requested, it is requested that the evidence be taken in such manner as provided by local law for the formal taking of evidence.

V.      Please notify the following persons when and where the production and examination of documents is to be conducted and when and where the deposition is to be conducted:

    1.      The Clerk of the United States District Court for the District of Delaware, J. Caleb Boggs Federal Building, 844 N. King Street Wilmington, DE 19801 USA, telephone number (302) 573-6170.

    2.      Plaintiff INEOS's attorneys:  Richard S. Order and Mark D. Alexander, Axinn Veltrop & Harkrider LLP, 90 State House Square, Hartford, CT 06103 USA, telephone number (860) 275-8100.

    3.      Defendant/Petitioner Honeywell's attorneys:  Yosef Riemer and Andrew R. Dunlap, Kirkland & Ellis LLP, Citigroup Center, 153 East 53rd Street, New York, NY 10022 USA, telephone number (212) 446-4800.

VI.     The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by defendant/petitioner Honeywell represented by Yosef Riemer and Andrew R. Dunlap, Kirkland & Ellis LLP, Citigroup Center, 153 East 53rd Street, New York, NY 10022 USA.

This Courts expresses its appreciation of the competent authority in Mexico for its courtesy and assistance in this matter and states that it shall be ready and willing to assist the courts of Mexico in a similar manner when required.

Dated:  Wilmington, Delaware

_____, 2007

                                     _____
                                     Hon. Sue L. Robinson
                                     United States District Judge of the
                                     United States District Court for the
                                     District of Delaware

# ANNEX I

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| **INEOS FLUOR AMERICAS LLC,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **C.A. No. 06-189-SLR** |
| ) | |
| **HONEYWELL INTERNATIONAL INC.,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ANNEX I

### DEFENDANT HONEYWELL'S REQUEST FOR THE PRODUCTION OF DOCUMENTS BY MEXICHEM FLUOR S.A. DE C.V.

Defendant Honeywell International Inc. ("Honeywell") hereby requests, pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence in Civil or Commercial Matters, that Mexichem Fluor S.A. de C.V. ("Mexichem Fluor") produce and permit Honeywell or its agents or attorneys to inspect and copy the documents and things described below that are in the possession, custody, or control of Mexichem Fluor, its agents, its representatives or its employees, including, but not limited to, its attorneys, financial advisors, consultants, accountants, and representatives, at a time and location to be determined by a competent authority in Mexico.

## REQUESTS FOR PRODUCTION

You are requested to produce each document including, without limitation, correspondence, electronic mail, memoranda, calendar entries, contracts and any other type of document that refers to, relates to, or reflects:

1.    The volume of hydrogen fluoride ("HF") manufactured or projected to be manufactured by Mexichem Fluor in each calendar year from 2004 through 2009.

2.    The amount of HF sold or projected or contracted to be sold to third parties, in the aggregate, and the amount of HF sold or projected to be sold specifically to INEOS Fluor Americas, LLC ("INEOS"), in each calendar year from 2004 through 2009, by volume and price.

3.    The HF manufacturing capacity or projected HF manufacturing capacity of Mexichem Fluor in each calendar year from 2004 through 2009, including but not limited to any discussions or consideration of expansion or contraction of that manufacturing capacity.

4.    The ability of Mexichem Fluor to transport HF to customers in the United States, including but not limited to any discussions regarding access to rail cars and Mexichem Fluor's efforts to obtain rail cars.

5.    Any negotiations for or discussions concerning any HF or fluorspar supply contract between INEOS and Mexichem Fluor, including but not limited to internal deliberations.

6.    Any meeting communication, correspondence or contract between INEOS and Mexichem Fluor that refers to, relates to, or discusses HF or fluorspar.

7.    Any meeting, communication or correspondence regarding Mexichem Fluor's efforts to develop new HF customers in the United States or increase HF sales volume to existing customers in the United States.

## DEFINITIONS

1.    "All" shall be construed to include the term "each," and "each" shall be construed to include the term "all."

2.    "Any" as used herein includes the word "all," and the word "all" as used herein includes the word "any."

3.    "Communication" or "communications" mean, without limitation, any transmission, conveyance, or exchange of a word, statement, fact, thing, idea, document, instruction, information, demand or question by any medium, whether written, oral or other means, including, but not limited to, electronic communications and electronic mail ("E-mail").

4.    "Document" or "documents" is used in the broadest sense and in accordance with the Federal Rules of Civil Procedure. "Document" or "documents" include within its meaning, by way of example and not of limitation, any and all papers, photographs, films, recordings, memoranda, books, records, accounts, communications, letters, telegrams, correspondence, notes of any kind, inter-office memoranda or written communications of any nature, recordings of conversations either in writings or upon any mechanical or electrical recording devices, including e-mail, notes, papers, reports, analyses, invoices, canceled checks or check stubs, receipts, minutes of meetings, time sheets, diaries, desk calendars, ledgers, schedules, licenses, financial statements, telephone bills, logs, and any differing versions of any of the foregoing, whether so denominated, formal, informal or otherwise, as well as copies of the foregoing which differ in any way, including by the addition of handwritten notations or other written or printed matter of any nature, from the original. The foregoing specifically includes information stored in a computer database and capable of being generated in documentary form, such as electronic mail. The term "document" or "documents" includes, without limitation, any original, draft and/or non-identical copy of any document identified, as well as any attachment to, enclosure with, and/or document referenced by any document identified, and specifically encompasses all documents or communications recorded in electronic form or on a computer.

5.    "HF" means hydrogen fluoride, also known as anhydrous hydrofluoric acid or hydrofluoric acid ("HFA").

6.    "Honeywell" means Defendant Honeywell International Inc. and its employees, principals, directors, agents, attorneys, other representatives, and any and all predecessor

companies and/or successors thereof; all past or present divisions, subsidiaries, affiliates or parents of any of the foregoing entities; all past or present joint ventures, partnerships or limited partnerships of which any of the foregoing entities is a joint venturer or a limited partner; all past or present officers, directors, employees, and agents, including, without limitation, attorneys, accountants, auditors, consultants and other professional persons or experts, and any investigators or other persons acting on behalf or at the direction of any such person, of any of the foregoing entities.

7.      "Including" means including and without limitation.

8.      "INEOS" means Plaintiff INEOS Fluor Americas LLC, and its employees, principals, directors, agents, attorneys, other representatives, and any and all predecessor companies and/or successors thereof; all past or present divisions, subsidiaries, affiliates or parents of any of the foregoing entities; all past or present joint ventures, partnerships or limited partnerships of which any of the foregoing entities is a joint venturer or a limited partner; all past or present officers, directors, employees, and agents, including, without limitation, attorneys, accountants, auditors, consultants and other professional persons or experts, and any investigators or other persons acting on behalf or at the direction of any such person, of any of the foregoing entities.

9.      "Mexichem Fluor" means Mexichem Fluor, S.A. de C.V., Quimica Fluor S.A. de C.V., and their employees, principals, directors, agents, attorneys, other representatives, and any and all predecessor companies and/or successors thereof; all past or present divisions, subsidiaries, affiliates or parents of any of the foregoing entities; all past or present joint ventures, partnerships or limited partnerships of which any of the foregoing entities is a joint venturer or a limited partner; all past or present officers, directors, employees, and agents, including, without limitation, attorneys, accountants, auditors, consultants and other professional persons or experts, and any investigators or other persons acting on behalf or at the direction of any such person, of any of the foregoing entities.

10.     "Reflect," "reflecting," "related to," "refer to," "relating to," and "referring to,"

mean relating to, referring to, concerning, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, or constituting (in whole or in part), as the context makes appropriate..

11.    The connectives "and," "or," and "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed outside of its scope.

## INSTRUCTIONS

1.    Each document is to be produced along with all non-identical drafts thereof in its entirety, without abbreviation or redaction.

2.    All documents shall be produced in the order that they are kept in the usual course of business, and shall be produced in their original folders, binders, covers or containers, or photocopies thereof.

3.    The source(s) or derivation of each document produced shall be specifically identified.

4.    In the event that any document called for by these Requests or subsequent Requests is to be withheld on the basis of a claim of privilege or immunity from discovery, that document is to be identified by describing the nature of the document, including: (i) the author(s), addressee(s), and any indicated or blind copyee(s); (ii) the document's date, number of pages, and attachments or appendices; (iii) the subject matter(s) of the document; (iv) the nature of the privilege or immunity asserted; and (v) any additional facts on which you would base your claim of privilege or immunity.

5.    In the event that any document called for by these Requests or subsequent Requests has been destroyed or discarded, that document is to be identified by stating: (i) the author(s), addressee(s), and any indicated or blind copyee(s); (ii) the document's date, number of pages, and attachments or appendices; (iii) the document's subject matter; (iv) the date of

destruction or discard, manner of destruction or discard, and reason for destruction or discard; (v) the persons who were authorized to carry out such destruction or discard; and (vi) whether any copies of the document presently exist and, if so, the name of the custodian of each copy.

6.      If any portion of any document is responsive to any Request, the entire document shall be produced, including, but not limited to, all cover sheets, appendices, or attachments.

7.      Any document that contains any notation, addition, insertion, or marking of any kind is not deemed to be identical to one without such marks and is to be produced as a separate document.

8.      All definitions set above are in addition to the defined words' standard meanings. If Mexichem Fluor contends that it does not understand the definition of the term or phrase used in any discovery Request, respond to that portion of the Request that it does understand and explain what it is that it does not understand with regard to the remainder of the Request.  If Mexichem Fluor believes that a discovery Request is overbroad in part, respond to that portion of the Request that it does not consider overbroad and explain why the remainder is supposedly overbroad.

9.      These Requests shall be deemed continuing so as to require further and supplemental production in accordance with the Federal Rules of Civil Procedure.

10.     If no document exists which is responsive to a particular request, please state that no such document exists.

**RELEVANT PERIOD**

1.      Unless otherwise specified, documents are requested for the time period of January 1, 2004 to the present.


*[Remainder of page intentionally left blank.]*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP


_Jason Gill_

Martin P. Tully (#465)
Jason A. Cincilla (#4232)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
  *Attorneys for Defendant Honeywell Int'l Inc.*

OF COUNSEL:

KIRKLAND & ELLIS LLP
Yosef J. Riemer
Andrew R. Dunlap
Michael D. Reisman
153 East 53rd Street
New York, NY 10022
(212) 446-4800

-and-

Mark L. Kovner
Michael S. Becker
Julie Brennan Jacobs
655 Fifteenth Street, NW
Suite 1200
Washington, DC 20005-5793
(202) 879-5000

Dated:  March 5, 2007

756268.1

7

# ANNEX II

**ANNEX II**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INEOS FLUOR AMERICAS LLC, | : |
| Plaintiff, | : |
| v. | : C.A. No. 06-189-SLR |
| HONEYWELL INTERNATIONAL INC., | : |
| Defendant. | : |

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

WHEREAS certain information, documents and things of the parties subject to discovery or disclosure in this action may be claimed to be or contain trade secrets or other confidential commercial information (hereinafter collectively referred to as "Confidential Information"),

NOW, THEREFORE, in the interest of expediting discovery and trial of this action, it is hereby stipulated between the parties and ORDERED that:

1.  This Confidentiality Stipulation and Protective Order ("Protective Order" or "Order") shall apply to:

      (a)    all pleadings, motions and related documents filed in this action;

      (b)    all information, documents, and things obtained in or subject to discovery or disclosure in this action, including without limitation testimony adduced and documents or things marked as exhibits at depositions, at hearings, and at trial; and

      (c)    all information, documents and things voluntarily transferred between the parties directly or by counsel in connection with this action.

The materials enumerated in sections (a), (b), and (c) of this paragraph are hereinafter collectively referred to as "Pleading and Discovery Materials."

2.    Pleading and Discovery Materials shall be marked with the appropriate confidentiality mark or stamp (the "Confidential Legend") and treated as follows:

(a)    Materials which are deemed by a party in good faith to contain Confidential Information of that party will be so identified and marked "Confidential" by that party (the "disclosing or designating party").

(b)    Particular materials which are deemed by a party in good faith to disclose exceptionally sensitive Confidential Information of that party will be so identified and marked "Highly Confidential" by the disclosing or designating party.

(c)    The appropriate Confidential Legend shall be affixed by the disclosing party at the time when it serves or otherwise provides the Pleading and Discovery Materials to the other party.  In lieu of marking the original of a document that contains Confidential Information prior to inspection, counsel for the producing party may orally or otherwise designate all such documents being produced for inspection as Confidential Information, thereby making them subject to this Order.  The disclosing party, however, must mark any copies of such documents with the appropriate Confidential Legend when it later supplies such copies to the other party in order to make such copies subject to this Order.  If documents or things are produced by nonparties, either party may designate the documents or things as Confidential Information.

In the event a Confidential Legend is inadvertently omitted from a document, the disclosing party shall notify the receiving party of the oversight and the receiving party shall mark such document with the particular Confidential Legend designated by the disclosing party.

2

Inadvertent or unintentional disclosure by the producing party of Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality or privilege, either as to the specific information disclosed or as to any other information relating thereto or on the same related subject matter.  Counsel for the parties shall in any event, upon discovery of inadvertent error, reasonably cooperate to restore the confidentiality or privileged nature of the information produced.

        (d)     Tangible objects constituting or containing Confidential Information may be designated Confidential Information by affixing to the object or its container a label or tag marked with the  appropriate Confidential Legend.

        (e)     In the case of deposition testimony, a party may designate on the record during the deposition that the deposition testimony is deemed to be "Confidential" or "Highly Confidential," in which event the confidential portion(s) of the transcript of that deposition shall be removed from the transcript and separately bound, and the separately bound volume shall be marked with the designated Confidential Legend on its face and on each of the pages containing Confidential Information.  Counsel for each of the other parties shall maintain the separately bound volume containing the confidential portion(s) of the transcript of the deposition in confidence pursuant to the terms of this Order.  A party may also designate specific portions of the deposition as containing Confidential Information by notice to the other parties within 30 days after receipt of each finally certified transcript of a deposition, in which case the other party shall mark all of its copies of the transcript on their face and on the designated pages with the designated Confidential Legend to indicate that they contain Confidential Information, and

3

access to those portions of the transcript containing Confidential Information shall be restricted as provided hereunder.

(f)    Any summary or copy containing or reflecting designated Confidential Information shall be subject to the terms of this Protective Order to the same extent as the information or document from which such summary or copy was made.

3.    (a)    A party receiving Pleading and Discovery Materials identified with a Confidential Legend may, subject to the restrictions in subparagraph (b), below, disclose such materials solely to:

(i)    partners and associate attorneys and secretarial, paralegal and staff personnel of outside attorneys for the party and any successors, substitutes or additional co-counsel thereto;

(ii)    in-house counsel of the party and immediate support staff;

(iii)    employees of the party for the purpose of assisting in the preparation and trial of this action, provided that employees receiving such Pleading and Discovery Materials execute, before any such disclosure is made, an acknowledgment of this Protective Order in the form attached hereto as **Exhibit A**;

(iv)    independent experts or consultants (who are not regular employees of the party), provided that before any such disclosure is made the independent experts or consultants execute an acknowledgement of this Protective Order in the form attached hereto as **Exhibit A**, a copy of which, for an identified testifying expert only, shall be provided to counsel for the disclosing party at the time such expert's report is produced pursuant to Fed. R. Civ. P. 26(a)(2);

(v)    court reporters;

4

(vi)    any outside copying service or other outside vendor providing assistance in obtaining copies of documents for discovery or for the preparation of the litigation of this matter;

(vii)    the Court and Court personnel; and

(viii)    any other person so permitted by order of this Court, after notice to all parties.

(b)    Notwithstanding the provisions of subparagraph (a), above, a party receiving Pleading and Discovery Materials identified as "Highly Confidential" shall not disclose such materials to its in-house counsel or to its employees as described in subparagraphs (a)(ii) or (a)(iii); provided, however, that Honeywell International Inc. may disclose such materials to its in-house counsel Chuck Graf and Gary Zanfanga and, INEOS Fluor Americas LLC may disclose such materials to Ian Menzies and a designee to be agreed upon by both parties.

(c)    No person to whom any Confidential Information is disclosed shall make any further disclosure thereof, except as permitted in this Protective Order, or use such information, except in connection with the preparation and trial of this action, provided, however, nothing herein shall be deemed to enlarge or diminish such person's rights and/or obligations with respect to such Confidential Information rightfully received prior to this litigation.

4.    Nothing contained herein shall be construed to restrict disclosure and use of documents, information, or things obtained through discovery, whether or not deemed confidential hereunder, to any person who in the course of his business duties had previously prepared, lawfully received, or had rightful access to such documents, information or things.

5.      Confidential Information identified and marked in accordance with this Protective

Order shall not be filed with the Court or included in whole or in part in pleadings, motions or

briefs except in sealed envelopes or other appropriate sealed containers on which shall be

endorsed the docket number of this action, the words "Confidential:  Filed Under Seal," a

general non-confidential description of the contents (e.g., Exhibit X or pages 2-5 of Mr. X's

deposition), and a statement substantially in the following form:

> This envelope contains documents or things which are filed under a Protective
> Order dated _____.  It shall not be opened or released from the custody of
> the Clerk of Court except by order or under direction of the Court.

A copy of any such filing may be delivered to the judge's chambers marked in the same

manner described above, if the judge permits or requests chambers' copies.

6.      When any testimony in this action is taken, whether in a deposition or before the

Court, counsel for any party may, before or after said testimony, give notice to counsel for all

other parties of the possibility that Confidential Information may be disclosed during the

testimony and such counsel may request that the testimony be adduced with only the

stenographer recording the testimony and those categories of persons permitted by paragraph 3,

above, in attendance.  The stenotype tape or other means of recording the testimony shall itself

be deemed Confidential Information subject to this Order.  The transcript and/or copies thereof

of any such testimony shall be provided only to those categories of persons qualified under

paragraph 3, above.

7.      Other than outside trial attorneys of record (including their partners, associate

attorneys, secretarial, paralegal and staff personnel) for the parties, in-house counsel for a

corporate party and immediate support staff, and the court or court personnel, any person to

whom Confidential Information will be disclosed, including any person or category of persons

6

designated pursuant to paragraph 11, below, shall execute, before any such disclosure is made, an acknowledgment of this Protective Order in the form attached hereto as **Exhibit A.**

8.      Pleading and Discovery Materials identified in accordance with this Protective Order, all copies thereof, and any extracts, descriptions, or summaries thereof are to be destroyed or returned to counsel for the disclosing party within 30 days after the termination of the litigation.  Nevertheless, outside trial counsel for the receiving party shall be permitted to retain one archival copy of Pleading and Discovery Materials (including extracts, descriptions, and summaries) containing the Confidential Information.  Counsel for the receiving party shall certify in writing that all Confidential Information, except an archival copy if applicable, has been returned to the disclosing party and/or destroyed.  Counsel of record of a party in receipt of a document designated confidential hereunder by another party shall at all times ensure that access to the confidential Pleading and Discovery Materials (including extracts, descriptions, and summaries) is only provided to persons who are qualified to view them under this Protective Order, except such copies as are filed with the Court.

9.      In the event that any party determines that any Confidential Information marked or identified by it in accordance with this Protective Order should no longer be subject to this order, it may file with the Court a notice identifying such Confidential Information or part thereof and stating that its designation thereof as confidential pursuant to this Protective Order has been withdrawn.  From and after the filing of such notice, such information and all actions taken with respect to such information shall no longer be subject to this Protective Order.

10.      In the event that a party desires to provide access to Confidential Information to any person or categories of persons not included in paragraph 3, above, or seeks the removal of a Confidential designation, the parties shall try first to resolve such dispute in good faith on an

7

informal basis. If the dispute cannot be so resolved, the objecting party may seek appropriate relief from this Court by, for example, moving for an order permitting such persons or categories of persons access to the Confidential Information or removing the Confidential designation. In the resolution of such motion, the burden of establishing that the information is Confidential shall be on the disclosing or designating party. In the event that a new person or category of persons is permitted access to the Confidential Information, such persons must execute the acknowledgement of this Protective Order in the form attached hereto as **Exhibit A**.

11.     With respect to any particular item of Confidential Information, the restriction on dissemination, access, disclosure, and use of such item or of information contained therein shall not apply to the party who identified or marked such item as confidential in accordance with this Protective Order or to such party's agents, officers, directors or attorneys.

12.     Nothing herein shall prevent disclosure beyond the terms of this Order if the parties mutually agree in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

13.     No party shall be deemed to have waived the attorney-client privilege, attorney work product doctrine, or any other privilege or doctrine by virtue of this Protective Order.

14.     This Protective Order shall survive the entry of judgment in this action or any voluntary dismissal of this action and shall continue in full force and effect, without limitation in time, subject to further order of the Court. The parties shall have the right to move the Court to modify or supplement this Protective Order.

15. This Protective Order is without prejudice to the right of any party to seek relief or additional protection from this Court from any of the provisions provided herein.

8

16.  Each party and its counsel agree to abide by the terms of this Stipulation and Order in the interim period between execution by counsel and entry of a Protective Order by the Court.

17.  The parties to this action agree that the production of any Pleading and Discovery Materials by any non-party shall be subject to and governed by the terms of this Stipulation and Order.  In the event that additional parties join or are joined in this litigation and desire to have access to Pleading and Discovery Materials, they shall not have access to such materials until the additional party by its counsel has executed and filed with the Court its agreement to be fully bound by this Stipulation and Order.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_/s/ John W. Shaw for Karen L. Pascale_

C. Barr Flinn (#4092)
Karen L. Pascale (#2903)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
  *Attorneys for Plaintiff,*
  *INEOS Fluor Americas LLC*

OF COUNSEL:

Richard S. Order
Mark D. Alexander
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103
(860) 275-8100

MORRIS, NICHOLS, ARSHT & TUNNELL  LLP

_/s/ Jason Cincilla_

Martin P. Tully (#465)
Jason A. Cincilla (#4232)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
  *Attorneys for Defendant,*
  *Honeywell International Inc.*

OF COUNSEL:

KIRKLAND & ELLIS LLP
Yosef J. Riemer
Andrew R. Dunlap
Michael D. Reisman
153 East 53rd Street
New York, NY 10022
(212) 446-4800

-and-

Mark L. Kovner
Michael S. Becker
655 Fifteenth Street, NW
Suite 1200
Washington, DC 20005-5793
(202) 879-5000

Dated:  August 17, 2006

9

**SO ORDERED** this _____ day of _____, 2006

_____
Hon. Sue L. Robinson
United States District Judge

**EXHIBIT A**

AGREEMENT CONCERNING MATERIAL
COVERED BY A PROTECTIVE ORDER
ENTERED BY THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
ON _____ ___, 2006

The undersigned hereby acknowledges that he or she has received and read the Protective

Order entered on August __, 2006 in the lawsuit entitled, *INEOS Fluor Americas LLC v.*

*Honeywell Int'l Inc., Docket No. 06-189 (SLR)*, pending in the United States District Court for

the District of Delaware. The undersigned agrees to be bound by the terms of that Protective

Order and to submit to and be subject to the jurisdiction of the United States District Court for

the District of Delaware for the purpose of enforcement of the terms of that Protective Order.

Dated: _____            _____
                                    (Print Name)


                                    _____
                                    (Signature)

## CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esquire, hereby certify that on August 18, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Martin P. Tully [mtully@nmat.com]
> Jason A. Cincilla [jcincilla@mnat.com]
> MORRIS, NICHOLS, ARSHT & TUNNELL LLP
> 1201 N. Market Street
> P.O. Box 1347
> Wilmington, DE  19899

I further certify that on August 18, 2006, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

> ### By E-Mail and U.S. Mail
>
> Yosef J. Riemer [yriemer@kirkland.com]
> Gregory T. Heyman [gheyman@kirkland.com]
> KIRKLAND & ELLIS LLP
> 153 East 53rd Street
> New York, NY  10022
>
> Mark L. Kovner [mkovner@kirkland.com]
> Michael S. Becker [mbecker@kirkland.com]
> KIRKLAND & ELLIS LLP
> 655 Fifteenth Street, NW
> Suite 1200

> YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
> */s/ Karen L. Pascale*
>
> C. Barr Flinn (#4092) [bflinn@ycst.com]
> Karen L. Pascale (#2903)  [kpascale@ycst.com]
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, DE 19801
> (302) 571-6600

065061.1001

- and-

Richard S. Order
Mark D. Alexander
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103
(860)275-8100

*Attorneys for Plaintiff INEOS Fluor Americas LLC*

065061.1001