IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INEOS FLUOR AMERICAS LLC, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : C.A. No. 06-189-SLR |
| | : |
| HONEYWELL INTERNATIONAL INC., | : |
| | : |
| Defendant. | : |
| | : |
| | : |

## REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE IN CIVIL OR COMMERCIAL MATTERS

I.    From the United States District Court, District of Delaware, J. Caleb Boggs Federal Building, 844 N. King Street, Wilmington, DE 19801, United States of America, to the Secretaria de Relaciones Exteriores (SRE), Direccion General de Asuntos Juridicos, Ricardo Flores Magon No. 1, Mexico City, Mexico.

II.   In conformity with Article 3 of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, the undersigned applicant has the honor to submit the following request:

The United States District Court for the District of Delaware presents its compliments to the competent judicial authority in Mexico and requests its assistance in the following manner:

1.    The parties to a certain civil action pending in the United States District Court for the District of Delaware are as follows:

   (a)   The plaintiff/petitioner is INEOS Fluor Americas LLC ("INEOS"), represented by Richard S. Order and Mark D. Alexander, Axinn, Veltrop & Harkrider LLP, 90 State House Square, Hartford, CT 06103 USA.

   (b)   The defendant is Honeywell International Inc. ("Honeywell"), represented by Yosef Riemer and Andrew R. Dunlap, Kirkland & Ellis LLP, Citigroup Center, 153 East 53rd Street, New York, NY 10022 USA.

   (c)   The respondents are Mexichem Fluor S.A. de C.V., whose last known address is Carretera Matamoros, Reynosa, Km. 4.5 Matamoros,

> Tamaulipas, Mexico, and its employee, Hector Valle Martin of the same address.

2. The evidence sought is in connection with a currently pending civil action involving commercial matters in which INEOS claims that Honeywell breached a written contract with INEOS and that further conduct by Honeywell the antitrust laws of the United States. This action was brought by INEOS to recover an award of damages allegedly caused by Honeywell's actions. Honeywell denies the claims.

   In its complaint, INEOS states and alleges that:

   INEOS and Honeywell entered into a written agreement in March 2004 under which Honeywell agreed to sell hydrogen fluoride ("HF") to INEOS at a price determined under the terms of the agreement. At the time the parties signed this agreement, a company named Quimica Fluor S.A. de C.V. (now known as Mexichem Fluor S.A. de C.V.) was a competitor of Honeywell and had sufficient excess capacity to supply INEOS with HF. In December 2005, Honeywell informed INEOS that Honeywell was raising the price of HF to INEOS in excess of a price cap agreed to by the parties. Honeywell claimed that the price increase was necessary because the cost of fluorspar, its chief input to the production of HF, had risen unexpectedly and dramatically. Earlier in 2005, Honeywell had entered into an agreement to purchase a large quantity of HF from Mexichem Fluor. The amount of HF that Honeywell purchased from Mexichem Fluor reduced Mexichem Fluor's HF excess capacity to the point that it could not provide INEOS with its annual requirement of HF. After securing the elimination of its chief competitor as an alternate source of HF, Honeywell threatened to cut off INEOS's supply of HF if it did not accept the price increase. As a result of Honeywell's conduct, INEOS claims: (a) that Honeywell breached a contract with INEOS and has caused INEOS financial harm and harm to its business; and (b) that competition in the North American market for the sale of HF was unreasonably restrained and INEOS was damaged thereby, all in violation of the antitrust laws of the United States.

3. The evidence to be obtained consists of testimony and documents, including emails, letters, other correspondence, notes, memoranda, reports, meetings, calendar entries and communications, relating to a contract or negotiations for the sale of HF by Mexichem Fluor to Honeywell. The evidence to be obtained also consists of documents and testimony relating to Mexichem Fluor's actual or projected volume of HF production, production capacity, or excess capacity in 2006. The evidence to be obtained further consists of documents and testimony relating to Mexichem Fluor's 2005 projected or estimated volume of HF that was under contract prior to the beginning of negotiations between the Mexichem Fluor and Honeywell. The testimony and documents requested are expected to provide evidence in the nature of proof to be used for the purposes of the pending trial in this matter. The evidence for trial obtained from these documents will aid in the

2

administration of justice in this case because it is expected to yield necessary information as to INEOS's claims and Honeywell's defenses.

III.     Accordingly, it is hereby requested that in the interest of justice, you cause by your usual and proper process such orders to be entered as Mexican law permits directing that Mexichem Fluor, whose last known address is Carretera Matamoros, Reynosa, Km. 4.5 Matamoros, Tamaulipas, Mexico, be ordered to produce the documents identified in **Annex 1**, for inspection and copying by counsel for INEOS at a time and place to be determined by the Mexican judicial authority, preferably before April 27, 2006.

IV.     Further, it is also hereby requested that in the interest of justice, you cause by your usual and proper process such orders to be entered as Mexican law permits directing that Mexichem Fluor, whose last known address is Carretera Matamoros, Reynosa, Km. 4.5 Matamoros, Tamaulipas, Mexico, be ordered to present its employee, Hector Valle Martin, to be deposed and examined under oath for the purpose of testifying about facts and events concerning the claims and defenses in this case and authenticating any documents produced. It is requested that during such deposition: (1) the parties' attorneys, representatives, designees, interpreters, a video technician, and a stenographer be permitted to be present during the examination; (2) the parties' attorneys or their designees be permitted to pose questions to the witness; (3) the witness be examined under oath or affirmation; (4) the examination be recorded by videotape or similar technology; and (5) a stenographer be permitted to record verbatim the examination of the witness.

V.     Please notify the following persons when and where the production and examination of documents is to be conducted and when and where the deposition is to be conducted:

1.     Plaintiff/Petitioner INEOS's attorneys: Richard S. Order and Mark D. Alexander, Axinn Veltrop & Harkrider LLP, 90 State House Square, Hartford, CT 06103 USA, telephone number (860) 275-8100.

2.     Defendant Honeywell's attorneys: Yosef Riemer and Andrew R. Dunlap, Kirkland & Ellis LLP, Citigroup Center, 153 East 53rd Street, New York, NY 10022 USA, telephone number (212) 446-4800.

VI.     The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by plaintiff/petitioner INEOS Fluor Americas LLC, c/o Axinn Veltrop & Harkrider LLP, 90 State House Square, Hartford, CT 06103 USA.

This Court expresses its appreciation of the competent authority in Mexico for its courtesy and assistance in this matter and states that it shall be ready and willing to assist the courts of Mexico in a similar manner when required.

Dated: Wilmington, Delaware

_____March 27___, 2007

Hon. Sue L. Robinson
United States District Judge of the
United States District Court for the
District of Delaware

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INEOS FLUOR AMERICAS LLC, | : |
| Plaintiff, | : |
| v. | :   C.A. No. 06-189-SLR |
| HONEYWELL INTERNATIONAL INC., | : |
| Defendant. | : |

## ANNEX 1

### PLAINTIFF INEOS'S REQUEST FOR THE PRODUCTION OF DOCUMENTS BY MEXICHEM FLUOR S.A. DE C.V.

Pursuant to The Hague Convention of 18 March 1970 on the Taking of Evidence in

Civil or Commercial Matters, plaintiff/petitioner INEOS Fluor Americas LLC ("INEOS")

hereby requests Mexichem Fluor S.A. de C.V. ("Mexichem") to produce and permit INEOS, its

attorneys, or agents to inspect and to copy the documents and things described below which are

in Mexichem's possession, custody, or control, including those which may be in the possession,

custody, or control of any agent or representative, at a location to be determined by a competent

authority in Mexico.

## DOCUMENTS REQUESTED

You are requested to produce each document, including without limitation correspondence, electronic mail, memoranda, calendar entries, contracts, and any other type of document, that refers to, relates to, or reflects:

1. The volume of HF manufactured or projected to be manufactured by Mexichem Fluor in each calendar year from 2004 through 2009.

2. The volume of HF sold or projected to be sold to third parties in each calendar year from 2004 through 2009.

3. The HF manufacturing capacity or projected manufacturing capacity of Mexichem Fluor in each calendar year from 2004 through 2009.

4. Any limitations on the ability of Mexichem Fluor to market its full HF manufacturing capacity due to logistical or other constraints, including without limitation inadequate access to rail cars.

5. Any negotiations for or discussion concerning any HF or fluorspar supply contract between Honeywell and Mexichem Fluor.

6. Any meeting, communication, correspondence, or contract between Honeywell and Mexichem Fluor that refers to, relates to, or reflects HF or fluorspar.

## DEFINITIONS AND INSTRUCTIONS:

1. You shall produce all documents described above that are in your possession, custody, or control and that were created, revised, sent, or received on or after January 1, 2005 through the date of your production.

2. As used in these document requests, the term "document" means all originals (or copies where originals are unavailable) and non-identical copies, including drafts or preliminary versions, of all written, recorded, electronic, or graphic matter, however produced or reproduced, including correspondence, faxes, telegrams, sound recordings of any conversation, meeting, or conference, minutes of meetings, memoranda, interoffice communications, analyses, reports, summaries, results of investigations and tests, contracts,

2

proposals, agreements, statistical records, ledgers, invoices, receipts, computer data, websites, electronic mail, notebooks, daily or weekly logs, schedules, budgets, manuals, bulletins, desk calendars, appointment books, diaries, photographs, drawings or other graphic representations, calculations, logs, or papers similar to any of the foregoing, however labeled. If information stored in, or accessible through, computer or other data retrieval systems is produced, it must be accompanied by instructions and all other materials necessary to use or interpret such data.

3.     The term "and" as well as "or" shall be construed either disjunctively or conjunctively as is necessary to bring within the scope of these requests for production any and all documents that might otherwise be construed as outside their scope. The masculine form of a noun or pronoun includes the feminine form and vice versa. The use of the singular form of any word includes the plural and vice versa.

4.     The terms "refer to," "relate to," and "reflect" mean constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing, mentioning, concerning and/or pertaining to.

5.     "Honeywell" means defendant Honeywell International Inc. and/or any of its predecessors, affiliates, agents, employees, representatives, attorneys, subsidiaries, parents, and any other person or entity directly or indirectly subject to its control, either individually or in any combination, as is necessary to bring within the scope of these requests for production any and all information and/or documents that might otherwise be construed as outside their scope.

6.     The term "HF" means hydrogen fluoride, also known as anhydrous hydrofluoric acid or hydrofluoric acid.

7.     "Mexichem Fluor" shall mean Mexichem Fluor S.A de C.V., Quimica Fluor S.A. de C.V., or any parent, subsidiary, predecessor, or affiliate of Mexichem Fluor or Quimica Fluor.

3

# EXHIBIT B

EN EL TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
POR EL DISTRITO DE DELAWARE

| | | |
|---|---|---|
| INEOS FLUOR AMERICAS LLC, | : | |
| la Demandante, | : | |
| c/ | : | C.A. Núm. 06-189-SLR |
| HONEYWELL INTERNATIONAL INC., | : | |
| la Demandada. | : | |

## PEDIDO DE ASISTENCIA JUDICIAL INTERNACIONAL DE CONFORMIDAD CON LA CONVENCIÓN DE LA HAYA DEL 18 DE MARZO DE 1970, SOBRE LA OBTENCIÓN DE PRUEBAS EN MATERIA CIVIL O COMERCIAL

I.  Del Tribunal de Distrito de los Estados Unidos, Distrito de Delaware, con domicilio establecido en J. Caleb Boggs Federal Building, 844 N. King Street, Wilmington, DE 19801, Estados Unidos de América, a la Secretaría de Relaciones Exteriores (SRE), Dirección General de Asuntos Jurídicos, Ricardo Flores Magon No. 1, Ciudad de México, México.

II. En virtud de las disposiciones del Artículo 3 de la Convención de la Haya sobre la obtención de pruebas en el extranjero, en materia civil o comercial, la solicitante signataria tiene el honor de presentar el siguiente petitorio:

El Tribunal de Distrito de los Estados Unidos por el Distrito de Delaware expresa sus cumplidos a la autoridad judicial competente en México y solicita su asistencia según se detalla a continuación:

1.  Las partes de una cierta acción civil en trámite, en la que entiende el Tribunal de Distrito de los Estados Unidos por Distrito de Delaware, son las citadas *ut infra*:

    (a)  La Demandante/actora es INEOS Fluor Americas LLC ("INEOS"), representada por Richard S. Order y Mark D. Alexander, Axinn, Veltrop & Harkrider LLP, con domicilio establecido en 90 State House Square, Hartford, CT 06103 EE. UU.

    (b)  La Demandada es Honeywell International Inc. ("Honeywell"), representada por Yosef Riemer y Andrew R. Dunlap, Kirkland & Ellis LLP, con domicilio establecido en Citigroup Center, 153 East 53rd Street, New York, NY 10022 EE. UU.

    (c)    Los apelados son Mexichem Fluor S.A. de C.V., cuyo último domicilio conocido es Carretera Matamoros, Reynosa, Km. 4.5 Matamoros, Tamaulipas, México, y su empleado, Héctor Valle Martín, con el mismo domicilio.

2.    Las pruebas solicitadas se refieren a una acción civil actualmente en curso, que involucra asuntos comerciales en los que INEOS reclama un incumplimiento de contrato por parte de Honeywell, específicamente referido a un contrato escrito celebrado entre esta última e INEOS y que, por otra parte, la conducta de Honeywell es contraria a las leyes antimonopolio de los Estados Unidos. Esta acción se promovió a instancias de INEOS, con el propósito de obtener una sentencia favorable por daños y perjuicios presuntamente originados por el accionar de Honeywell. Honeywell niega todos los reclamos.

En su demanda, INEOS establece y alega lo siguiente:

INEOS y Honeywell celebraron un acuerdo por escrito en marzo de 2004, en virtud del cual Honeywell convenía en vender fluoruro de hidrógeno ("HF", *hydrogen fluoride*) a INEOS a un precio determinado, según los términos pactados en el acuerdo. En el momento en que las partes formalizaron el citado acuerdo, una empresa de nombre Quimica Fluor S.A. de C.V. (conocida como Mexichem Fluor S.A. de C.V.) competía con Honeywell y su capacidad contaba con el excedente suficiente como para abastecer a INEOS de HF. En diciembre de 2005, Honeywell informó a INEOS que le aumentaría el precio del HF, superando así el precio tope convenido entre ambas partes. Honeywell adujo que el aumento de precio obedecía al drástico e imprevisto incremento que había sufrido el costo de la fluorita —principal insumo para la producción de HF—. En una fecha anterior del mismo año 2005, Honeywell había formalizado un acuerdo para la compra de una gran cantidad de HF a Mexichem Fluor. La cantidad de HF que Honeywell compró a Mexichem Fluor redujo el exceso de capacidad de HF de Mexichem Fluor, hasta el punto en que no pudo proveer a INEOS con su requisito anual de HF. Después de asegurarse de eliminar a su principal competidor como una fuente alternativa de HF, Honeywell amenazó con cortar el abastecimiento de HF a INEOS, si ésta se negaba a aceptar el aumento de precio. Como resultado de la conducta de Honeywell, INEOS reclama cuanto se expone a continuación: (a) que Honeywell violó un contrato celebrado con INEOS y que causó a INEOS un daño de carácter financiero, perjudicando así sus negocios; y (b) que la competencia en el mercado del norte de América para la venta de HF quedó irracionalmente restringida, y que INEOS sufrió los daños en consecuencia, todo ello, violando las leyes antimonopólicas vigentes en los Estados Unidos.

3.    Las pruebas a obtener consisten en testimonios y documentación, lo cual incluye intercambio de mensajes por correo electrónico, cartas, otro tipo de correspondencia, notas, memorandos, reportes, asambleas, anotaciones en el calendario y comunicaciones, referidas a un contrato o negociaciones para la venta de HF por parte de Mexichem Fluor a Honeywell. Las pruebas a obtener consisten también en documentación y testimonios referidos al volumen real y

proyectado de producción de HF contemplado por Mexichem Fluor, la capacidad productiva o el excedente de capacidad en 2006. Las pruebas a obtener consisten, asimismo, en documentos y testimonios referidos al volumen de HF estimado o proyectado de Mexichem Fluor para el año 2005 que estuvo afectado al contrato antes de que comenzasen las negociaciones entre la Mexichem Fluor y Honeywell. Se espera que el testimonio y la documentación solicitados aporten evidencias en calidad de pruebas a utilizar a los efectos del juicio que se está desarrollando en torno a esta causa. En este caso, las pruebas para el juicio obtenidas a partir de estos documentos facilitarán la administración de justicia, porque se espera que aporten la información necesaria en cuanto compete a los reclamos de INEOS y a las defensas de Honeywell.

III.    Consecuentemente, se solicita por este medio que, atendiendo los intereses de la justicia y por su intermedio, se dicten las órdenes necesarias, a través de los mecanismos habituales y adecuados y dentro del marco de la legislación mexicana, para que Mexichem Fluor, cuyo último domicilio conocido era Carretera Matamoros, Reynosa, Km. 4.5 Matamoros, Tamaulipas, México, presente la documentación identificada en el **Anexo 1**, a fin de que el asesor letrado de INEOS proceda a su inspección y copiado en el lugar y la fecha a determinar por la autoridad judicial mexicana, con preferencia, antes del 27 de abril de 2006.

IV.    Asimismo, se solicita por este medio que, atendiendo los intereses de la justicia y por su intermedio, se dicten las órdenes necesarias, a través de los mecanismos habituales y adecuados y dentro del marco de la legislación mexicana, para que se inste a Mexichem Fluor, cuyo último domicilio conocido era Carretera Matamoros, Reynosa, Km. 4.5 Matamoros, Tamaulipas, México, a presentar a su empleado, Héctor Valle Martín, para que preste declaración y sea interrogado bajo juramento, a los efectos de dar fe de los hechos y eventos sobre los que descansan los reclamos y defensas en la presente causa y la autenticación de toda documentación presentada. Se solicita que durante dicho testimonio: (1) los abogados, representantes, designados, intérpretes, un técnico en video y un taquígrafo de las partes tengan autorización para presenciar el interrogatorio; (2) los abogados de las partes o sus designados, tengan autorización para interrogar al testigo; (3) el testigo preste declaración bajo juramento o afirmación; (4) el interrogatorio se grabe en cinta de video o con una tecnología similar; y (5) que un taquígrafo esté autorizado para dejar asentado el interrogatorio del testigo textualmente.

V.    Por favor notificar a las siguientes personas el lugar y la fecha donde se presentarán y examinarán los documentos, así como también, el lugar y la fecha donde se llevará a cabo la declaración:

1.    Abogados de la Demandante/Actora INEOS: Richard S. Order y Mark D. Alexander, Axinn Veltrop & Harkrider LLP, con domicilio en 90 State House Square, Hartford, CT 06103 EE. UU., número de teléfono (860) 275-8100.

2.    Abogados de la Demandada Honeywell: Yosef Riemer y Andrew R. Dunlap, Kirkland & Ellis LLP, Citigroup Center, 153 East 53rd Street, New York, NY 10022 EE. UU., número de teléfono (212) 446-4800.

3

VI.    Los costos y honorarios en los que se incurra, que sean reembolsables en virtud del segundo párrafo del Artículo 14 o según surge del Artículo 26 de la Convención, correrán por cuenta de la Demandante/actora INEOS Fluor Americas LLC, representada por Axinn Veltrop & Harkrider LLP, domiciliada en 90 State House Square, Hartford, CT 06103 EE. UU.

Este juzgado desea expresar su agradecimiento a la autoridad competente en México por su cortesía y asistencia en este asunto y aprovecha la oportunidad para manifestar su presteza y disposición para colaborar de la misma manera con los tribunales de México, si así se lo solicitasen.

Fecha: Wilmington, Delaware
        27th de ___March___ de 2007

Hon. Sue L. Robinson
Juez de Distrito de los Estados
Unidos, del Tribunal de Distrito de
los Estados Unidos, por el Distrito de
Delaware

4

EN EL TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
POR EL DISTRITO DE DELAWARE-

INEOS FLUOR AMERICAS LLC,

        la Demandante,

    c/                        :   C.A. Núm. 06-189-SLR

HONEYWELL INTERNATIONAL INC.,

        la Demandada.

## **ANEXO 1**

## **PEDIDO POR PARTE DE LA DEMANDANTE INEOS PARA LA PRESENTACIÓN DE DOCUMENTACIÓN POR PARTE DE MEXICHEM FLUOR, S.A. DE C.V.**

En virtud de las disposiciones de la Convención de la Haya del 18 de marzo de 1970,

sobre la obtención de pruebas en materia civil o comercial, la demandante/actora INEOS Fluor

Americas LLC ("INEOS") solicita por este medio a Mexichem Fluor S.A. de C.V.

("Mexichem") que presente los documentos y todo aquello que se describe a continuación y

que se encuentre en posesión, custodia o control de Mexichem —lo cual incluye lo que pueda

estar en posesión, custodia o control de cualquier apoderado o representante— así como

también, que permita que INEOS, sus abogados o apoderados inspeccionen y copien dicho

material, en un lugar a determinar por una autoridad competente en México.

## DOCUMENTOS SOLICITADOS

Se le solicita que presente cada documento, incluso y sin limitación alguna, la correspondencia, correos electrónicos, memorandos, anotaciones en el calendario, contratos y cualquier otra clase de documentación que se refiera a, o se relacione con, o que refleje cuanto se expone a continuación:

1. El volumen de HF que Mexichem Fluor fabricó o proyectó fabricar en cada año calendario, desde 2004 hasta 2009.

2. El volumen de HF vendió o proyectó para ser vendido a terceros partidos en cada año calendario, desde 2004 hasta 2009.

2. La capacidad de fabricación o capacidad de fabricación proyectada de HF de Mexichem Fluor en cada año calendario, desde 2004 hasta 2009.

3. Toda limitación impuesta sobre la aptitud de Mexichem Fluor de comercializar su capacidad de fabricación completa de HF, como consecuencia de restricciones logísticas o de otra naturaleza, incluso, sin limitaciones, el acceso inadecuado a los vagones de transporte.

4. Toda negociación o debate inherente a un contrato entre Honeywell y Mexichem Fluor, para el abastecimiento de HF o fluorita.

5. Cualquier reunión, comunicación, correspondencia o contrato celebrado entre Honeywell y Mexichem Fluor que se refiera al HF o a la fluorita, o que se relacione con ellos o que los refleje.

## DEFINICIONES E INSTRUCCIONES:

1. Usted habrá de presentar todos los documentos descritos *ut supra* que se encuentren en posesión, custodia o control suyo y que se hubieran creado, revisado, enviado o recibido entre el 1° de enero de 2005 —o una fecha posterior a ésta— y el momento en que usted los presente.

2. Tal como se emplea en estos pedidos de documentación, el término "documento" se refiere a todos los originales (o las copias, en el supuesto en que los originales no estuvieran disponibles) y las copias no idénticas, lo cual incluye borradores o versiones preliminares de todo el material escrito, grabado, electrónico o gráfico, independientemente de

2

que esté producido o reproducido, con inclusión de la correspondencia, mensajes por fax, telegramas, grabaciones de sonido de cualquier conversación, reunión o conferencia, actas de asambleas, memorandos, comunicaciones entre oficinas, análisis, reportes, resúmenes, resultados de investigaciones y pruebas, contratos, propuestas, acuerdos, registros estadísticos, libros mayores, facturas, recibos, datos informáticos, sitios web, correo electrónico, cuadernos de notas, registros diarios o semanales, agendas, presupuestos, manuales, boletines, calendarios de escritorio, libros de citas, diarios, fotografías, dibujos o cualquier otra representación gráfica, cálculos, libros de registro o documentos de una naturaleza similar a cualquiera de los anteriores, cualquiera fuere su rótulo. Si se presenta información almacenada en una computadora o a la que pueda accederse mediante una computadora o cualquier otro sistema de recuperación de datos, la misma debe venir acompañada por las respectivas instrucciones y todos los demás materiales necesarios para usar o interpretar dichos datos.

3.      El término "y", así como también, "o" habrán de interpretarse con un significado disyuntivo o conjuntivo, dado que es necesario incluir en el alcance de las presentes solicitudes todos y cualquiera de los documentos que de otro modo se interpretarían como excluidos de su alcance. La forma masculina de un sustantivo o pronombre incluye también el femenino y viceversa. El uso del singular de cualquier palabra incluye el plural y viceversa.

4.      Las expresiones "se refiere/n a" "se relaciona/n con" y "refleja/n" quieren decir: constituye/n, comprende/n, contiene/n, establece/n, muestra/n, revela/n, describe/n, explica/n, resume/n, menciona/n, atañe/n a y/o pertenece/n a.

5.      "Honeywell" se refiere a la demandada Honeywell International Inc. y/o a cualquiera de sus predecesoras, afiliadas, apoderados, empleados, representantes, abogados, subsidiarias, empresas controladoras y cualquier otra persona física o jurídica sometida a su

3

control directo o indirecto, ya sea individualmente o en cualquier combinación, cuya inclusión en el alcance de estos petitorios para la presentación de toda la información y/o documentación fuera necesaria, y que de otro modo se considerarían excluidas de dicho alcance.

6.    El término "HF" [por su sigla en inglés *hydrogen fluoride*], se refiere a fluoruro de hidrógeno, también denominado ácido fluorhídrico anhidro o ácido fluorhídrico.

7.    "Mexichem Fluor" se refiere a Mexichem Fluor S.A de C.V., Quimica Fluor S.A. de C.V., o cualquier empresa controladora, subsidiaria, predecesora o afiliada de Mexichem Fluor o Quimica Fluor.

4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **INEOS FLUOR AMERICAS LLC,** | : |
| Plaintiff, | : |
| v. | : **C.A. No. 06-189-SLR** |
| **HONEYWELL INTERNATIONAL INC.,** | : |
| Defendant. | : |

## REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE IN CIVIL OR COMMERCIAL MATTERS

I.  From the United States District Court, District of Delaware, J. Caleb Boggs Federal Building, 844 N. King Street, Wilmington, DE 19801, United States of America, to the Secretaría de Relaciones Exteriores (SRE), Dirección General de Asuntos Jurídicos, Ricardo Flores Magón No. 1, Mexico, D.F., Mexico.

II. In conformity with Article 3 of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, the undersigned applicant has the honor to submit the following request:

The United States District Court for the District of Delaware presents its compliments to the competent judicial authority in Mexico and requests its assistance in the following manner:

1.  The parties to a certain civil action pending in the United States District Court for the District of Delaware are as follows:

    (a)  The plaintiff is INEOS Fluor Americas LLC ("INEOS"), represented by Richard S. Order and Mark D. Alexander, Axinn, Veltrop & Harkrider LLP, 90 State House Square, Hartford, CT 06103 USA.

    (b)  The defendant/petitioner is Honeywell International Inc. ("Honeywell"), represented by Yosef Riemer and Andrew R. Dunlap, Kirkland & Ellis LLP, Citigroup Center, 153 East 53rd Street, New York, NY 10022 USA.

    (c)  The respondents are Mexichem Fluor S.A. de C.V. ("Mexichem Fluor"), whose last known address is Carretera Matamoros, Reynosa, Km. 4.5

Matamoros, Tamaulipas, Mexico, and its employee, Hector Valle Martin of the same address.

2.    The evidence sought is in connection with a currently pending civil action involving commercial matters in which INEOS claims that Honeywell breached a contract with INEOS to supply hydrogen fluoride ("HF") and that Honeywell monopolized and attempted to monopolize the HF market in North America. This action was brought by INEOS to recover an award of damages allegedly caused by Honeywell's actions.    Honeywell denies the claims.    Mexichem Fluor, a Mexican HF producer and participant in the HF merchant market, has information relevant to these claims.

3.    The evidence to be obtained consists of testimony and documents, including emails, letters, other correspondence, notes, memoranda, reports, meetings, calendar entries and communications, relating to contracts or negotiations for the sale of HF by Mexichem Fluor; Mexichem Fluor's actual or projected volume of HF production, production capacity, or excess capacity in 2004 through 2009; Mexichem Fluor's actual or projected sales of HF to customers from 2004 through 2009, by volume and monetary value; and efforts and attempts by Mexichem Fluor to develop new HF customers or increase sales volume to existing customers; the price and sale of fluorspar; and other information relevant to INEOS's claims and Honeywell's defenses as described above.    The testimony and documents requested are expected to provide evidence in the nature of proof to be used for the purposes of the pending trial in this matter.    The evidence for trial obtained from these documents will aid in the administration of justice in this case because it is expected to yield necessary information as to INEOS's claims and Honeywell's defenses.

III.    Accordingly, it is hereby requested that in the interest of justice, you cause by your usual and proper process such orders to be entered as Mexican law permits directing that Mexichem Fluor, whose last known address is Carretera Matamoros, Reynosa, Km. 4.5 Matamoros, Tamaulipas, Mexico, be ordered to produce the documents identified in **Annex 1** for inspection and copying by counsel for Honeywell or its agents or designees at a time and place to be determined by the Mexican judicial authority, preferably before April 27, 2007.

In order to ensure Mexichem Fluor that its internal materials will be protected, any discovery of such materials will be treated in accordance with the Confidentiality Stipulation and Protective Order agreed to by the parties and issued by this Court on 23 August 2006 that is attached as **Annex II**.

IV.    Further, it is also hereby requested that in the interest of justice, you cause by your usual and proper process such orders to be entered as Mexican law permits directing that Mexichem Fluor, whose last known address is Carretera Matamoros, Reynosa, Km. 4.5 Matamoros, Tamaulipas, Mexico, be ordered to present its employee Hector Valle Martin, to be deposed and examined under oath for the purpose of testifying about facts and events concerning the claims and defenses in this case and authenticating any

documents produced. It is requested that during such deposition: (1) the parties' attorneys, representatives, designees, interpreters, a video technician, and a stenographer be permitted to be present during the examination; (2) the parties' attorneys or their designees be permitted to pose questions to the witness; (3) the examination be recorded by videotape or similar technology; (4) a stenographer be permitted to record verbatim the examination of the witness as a transcript; (5) the witness have an opportunity to review and sign such a transcript before a Notary Public; (6) the witness be examined under oath or affirmation, stating "I swear or affirm that the testimony that I will give will be the truth, the whole truth, and nothing but the truth"; (7) the testifying privileges of the State of Delaware apply; and (8) in the event that the evidence cannot be taken in the manner requested, it is requested that the evidence be taken in such manner as provided by local law for the formal taking of evidence.

V.   Please notify the following persons when and where the production and examination of documents is to be conducted and when and where the deposition is to be conducted:

1.   The Clerk of the United States District Court for the District of Delaware, J. Caleb Boggs Federal Building, 844 N. King Street Wilmington, DE 19801 USA, telephone number (302) 573-6170.

2.   Plaintiff INEOS's attorneys: Richard S. Order and Mark D. Alexander, Axinn Veltrop & Harkrider LLP, 90 State House Square, Hartford, CT 06103 USA, telephone number (860) 275-8100.

3.   Defendant/Petitioner Honeywell's attorneys: Yosef Riemer and Andrew R. Dunlap, Kirkland & Ellis LLP, Citigroup Center, 153 East 53rd Street, New York, NY 10022 USA, telephone number (212) 446-4800.

VI.   The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by defendant/petitioner Honeywell represented by Yosef Riemer and Andrew R. Dunlap, Kirkland & Ellis LLP, Citigroup Center, 153 East 53rd Street, New York, NY 10022 USA.

This Courts expresses its appreciation of the competent authority in Mexico for its courtesy and assistance in this matter and states that it shall be ready and willing to assist the courts of Mexico in a similar manner when required.

Dated: Wilmington, Delaware

_____March 27___, 2007

Hon. Sue L. Robinson
United States District Judge of the
United States District Court for the
District of Delaware

3

# ANNEX I

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| **INEOS FLUOR AMERICAS LLC,** | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) <br> ) |
| v. | ) **C.A. No. 06-189-SLR** |
| **HONEYWELL INTERNATIONAL INC.,** | ) <br> ) <br> ) |
| Defendant. | ) <br> ) |

## ANNEX I

### DEFENDANT HONEYWELL'S REQUEST FOR THE PRODUCTION OF DOCUMENTS BY MEXICHEM FLUOR S.A. DE C.V.

Defendant Honeywell International Inc. ("Honeywell") hereby requests, pursuant to the

Hague Convention of 18 March 1970 on the Taking of Evidence in Civil or Commercial Matters,

that Mexichem Fluor S.A. de C.V. ("Mexichem Fluor") produce and permit Honeywell or its

agents or attorneys to inspect and copy the documents and things described below that are in the

possession, custody, or control of Mexichem Fluor, its agents, its representatives or its

employees, including, but not limited to, its attorneys, financial advisors, consultants,

accountants, and representatives, at a time and location to be determined by a competent

authority in Mexico.

## REQUESTS FOR PRODUCTION

You are requested to produce each document including, without limitation, correspondence, electronic mail, memoranda, calendar entries, contracts and any other type of document that refers to, relates to, or reflects:

1.     The volume of hydrogen fluoride ("HF") manufactured or projected to be manufactured by Mexichem Fluor in each calendar year from 2004 through 2009.

2.     The amount of HF sold or projected or contracted to be sold to third parties, in the aggregate, and the amount of HF sold or projected to be sold specifically to INEOS Fluor Americas, LLC ("INEOS"), in each calendar year from 2004 through 2009, by volume and price.

3.     The HF manufacturing capacity or projected HF manufacturing capacity of Mexichem Fluor in each calendar year from 2004 through 2009, including but not limited to any discussions or consideration of expansion or contraction of that manufacturing capacity.

4.     The ability of Mexichem Fluor to transport HF to customers in the United States, including but not limited to any discussions regarding access to rail cars and Mexichem Fluor's efforts to obtain rail cars.

5.     Any negotiations for or discussions concerning any HF or fluorspar supply contract between INEOS and Mexichem Fluor, including but not limited to internal deliberations.

6.     Any meeting communication, correspondence or contract between INEOS and Mexichem Fluor that refers to, relates to, or discusses HF or fluorspar.

7.     Any meeting, communication or correspondence regarding Mexichem Fluor's efforts to develop new HF customers in the United States or increase HF sales volume to existing customers in the United States.

## DEFINITIONS

1.     "All" shall be construed to include the term "each," and "each" shall be construed to include the term "all."

2

2.    "Any" as used herein includes the word "all," and the word "all" as used herein includes the word "any."

3.    "Communication" or "communications" mean, without limitation, any transmission, conveyance, or exchange of a word, statement, fact, thing, idea, document, instruction, information, demand or question by any medium, whether written, oral or other means, including, but not limited to, electronic communications and electronic mail ("E-mail").

4.    "Document" or "documents" is used in the broadest sense and in accordance with the Federal Rules of Civil Procedure. "Document" or "documents" include within its meaning, by way of example and not of limitation, any and all papers, photographs, films, recordings, memoranda, books, records, accounts, communications, letters, telegrams, correspondence, notes of any kind, inter-office memoranda or written communications of any nature, recordings of conversations either in writings or upon any mechanical or electrical recording devices, including e-mail, notes, papers, reports, analyses, invoices, canceled checks or check stubs, receipts, minutes of meetings, time sheets, diaries, desk calendars, ledgers, schedules, licenses, financial statements, telephone bills, logs, and any differing versions of any of the foregoing, whether so denominated, formal, informal or otherwise, as well as copies of the foregoing which differ in any way, including by the addition of handwritten notations or other written or printed matter of any nature, from the original. The foregoing specifically includes information stored in a computer database and capable of being generated in documentary form, such as electronic mail. The term "document" or "documents" includes, without limitation, any original, draft and/or non-identical copy of any document identified, as well as any attachment to, enclosure with, and/or document referenced by any document identified, and specifically encompasses all documents or communications recorded in electronic form or on a computer.

5.    "HF" means hydrogen fluoride, also known as anhydrous hydrofluoric acid or hydrofluoric acid ("HFA").

6.    "Honeywell" means Defendant Honeywell International Inc. and its employees, principals, directors, agents, attorneys, other representatives, and any and all predecessor

3

companies and/or successors thereof; all past or present divisions, subsidiaries, affiliates or parents of any of the foregoing entities; all past or present joint ventures, partnerships or limited partnerships of which any of the foregoing entities is a joint venturer or a limited partner; all past or present officers, directors, employees, and agents, including, without limitation, attorneys, accountants, auditors, consultants and other professional persons or experts, and any investigators or other persons acting on behalf or at the direction of any such person, of any of the foregoing entities.

7.   "Including" means including and without limitation.

8.   "INEOS" means Plaintiff INEOS Fluor Americas LLC, and its employees, principals, directors, agents, attorneys, other representatives, and any and all predecessor companies and/or successors thereof; all past or present divisions, subsidiaries, affiliates or parents of any of the foregoing entities; all past or present joint ventures, partnerships or limited partnerships of which any of the foregoing entities is a joint venturer or a limited partner; all past or present officers, directors, employees, and agents, including, without limitation, attorneys, accountants, auditors, consultants and other professional persons or experts, and any investigators or other persons acting on behalf or at the direction of any such person, of any of the foregoing entities.

9.   "Mexichem Fluor" means Mexichem Fluor, S.A. de C.V., Quimica Fluor S.A. de C.V., and their employees, principals, directors, agents, attorneys, other representatives, and any and all predecessor companies and/or successors thereof; all past or present divisions, subsidiaries, affiliates or parents of any of the foregoing entities; all past or present joint ventures, partnerships or limited partnerships of which any of the foregoing entities is a joint venturer or a limited partner; all past or present officers, directors, employees, and agents, including, without limitation, attorneys, accountants, auditors, consultants and other professional persons or experts, and any investigators or other persons acting on behalf or at the direction of any such person, of any of the foregoing entities.

10.   "Reflect," "reflecting," "related to," "refer to," "relating to," and "referring to,"

4

mean relating to, referring to, concerning, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, or constituting (in whole or in part), as the context makes appropriate..

11.    The connectives "and," "or," and "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed outside of its scope.

## INSTRUCTIONS

1.    Each document is to be produced along with all non-identical drafts thereof in its entirety, without abbreviation or redaction.

2.    All documents shall be produced in the order that they are kept in the usual course of business, and shall be produced in their original folders, binders, covers or containers, or photocopies thereof.

3.    The source(s) or derivation of each document produced shall be specifically identified.

4.    In the event that any document called for by these Requests or subsequent Requests is to be withheld on the basis of a claim of privilege or immunity from discovery, that document is to be identified by describing the nature of the document, including: (i) the author(s), addressee(s), and any indicated or blind copyee(s); (ii) the document's date, number of pages, and attachments or appendices; (iii) the subject matter(s) of the document; (iv) the nature of the privilege or immunity asserted; and (v) any additional facts on which you would base your claim of privilege or immunity.

5.    In the event that any document called for by these Requests or subsequent Requests has been destroyed or discarded, that document is to be identified by stating: (i) the author(s), addressee(s), and any indicated or blind copyee(s); (ii) the document's date, number of pages, and attachments or appendices; (iii) the document's subject matter; (iv) the date of

5

destruction or discard, manner of destruction or discard, and reason for destruction or discard; (v) the persons who were authorized to carry out such destruction or discard; and (vi) whether any copies of the document presently exist and, if so, the name of the custodian of each copy.

6.    If any portion of any document is responsive to any Request, the entire document shall be produced, including, but not limited to, all cover sheets, appendices, or attachments.

7.    Any document that contains any notation, addition, insertion, or marking of any kind is not deemed to be identical to one without such marks and is to be produced as a separate document.

8.    All definitions set above are in addition to the defined words' standard meanings. If Mexichem Fluor contends that it does not understand the definition of the term or phrase used in any discovery Request, respond to that portion of the Request that it does understand and explain what it is that it does not understand with regard to the remainder of the Request. If Mexichem Fluor believes that a discovery Request is overbroad in part, respond to that portion of the Request that it does not consider overbroad and explain why the remainder is supposedly overbroad.

9.    These Requests shall be deemed continuing so as to require further and supplemental production in accordance with the Federal Rules of Civil Procedure.

10.    If no document exists which is responsive to a particular request, please state that no such document exists.

## RELEVANT PERIOD

1.    Unless otherwise specified, documents are requested for the time period of January 1, 2004 to the present.

*[Remainder of page intentionally left blank.]*

6

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Jasen Gill

Martin P. Tully (#465)
Jason A. Cincilla (#4232)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
*Attorneys for Defendant Honeywell Int'l Inc.*

OF COUNSEL:

KIRKLAND & ELLIS LLP
Yosef J. Riemer
Andrew R. Dunlap
Michael D. Reisman
153 East 53rd Street
New York, NY 10022
(212) 446-4800

-and-

Mark L. Kovner
Michael S. Becker
Julie Brennan Jacobs
655 Fifteenth Street, NW
Suite 1200
Washington, DC 20005-5793
(202) 879-5000

Dated: March 5, 2007

756268.1

# ANNEX II

**ANNEX II**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INEOS FLUOR AMERICAS LLC, | : |
| Plaintiff, | : |
| v. | : C.A. No. 06-189-SLR |
| HONEYWELL INTERNATIONAL INC., | : |
| Defendant. | : |

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

WHEREAS certain information, documents and things of the parties subject to discovery or disclosure in this action may be claimed to be or contain trade secrets or other confidential commercial information (hereinafter collectively referred to as "Confidential Information"),

NOW, THEREFORE, in the interest of expediting discovery and trial of this action, it is hereby stipulated between the parties and ORDERED that:

1.    This Confidentiality Stipulation and Protective Order ("Protective Order" or "Order") shall apply to:

      (a)    all pleadings, motions and related documents filed in this action;

      (b)    all information, documents, and things obtained in or subject to discovery or disclosure in this action, including without limitation testimony adduced and documents or things marked as exhibits at depositions, at hearings, and at trial; and

      (c)    all information, documents and things voluntarily transferred between the parties directly or by counsel in connection with this action.

The materials enumerated in sections (a), (b), and (c) of this paragraph are hereinafter collectively referred to as "Pleading and Discovery Materials."

2.    Pleading and Discovery Materials shall be marked with the appropriate confidentiality mark or stamp (the "Confidential Legend") and treated as follows:

(a)    Materials which are deemed by a party in good faith to contain Confidential Information of that party will be so identified and marked "Confidential" by that party (the "disclosing or designating party").

(b)    Particular materials which are deemed by a party in good faith to disclose exceptionally sensitive Confidential Information of that party will be so identified and marked "Highly Confidential" by the disclosing or designating party.

(c)    The appropriate Confidential Legend shall be affixed by the disclosing party at the time when it serves or otherwise provides the Pleading and Discovery Materials to the other party. In lieu of marking the original of a document that contains Confidential Information prior to inspection, counsel for the producing party may orally or otherwise designate all such documents being produced for inspection as Confidential Information, thereby making them subject to this Order. The disclosing party, however, must mark any copies of such documents with the appropriate Confidential Legend when it later supplies such copies to the other party in order to make such copies subject to this Order. If documents or things are produced by nonparties, either party may designate the documents or things as Confidential Information.

In the event a Confidential Legend is inadvertently omitted from a document, the disclosing party shall notify the receiving party of the oversight and the receiving party shall mark such document with the particular Confidential Legend designated by the disclosing party.

2

Inadvertent or unintentional disclosure by the producing party of Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality or privilege, either as to the specific information disclosed or as to any other information relating thereto or on the same related subject matter. Counsel for the parties shall in any event, upon discovery of inadvertent error, reasonably cooperate to restore the confidentiality or privileged nature of the information produced.

(d)     Tangible objects constituting or containing Confidential Information may be designated Confidential Information by affixing to the object or its container a label or tag marked with the appropriate Confidential Legend.

(e)     In the case of deposition testimony, a party may designate on the record during the deposition that the deposition testimony is deemed to be "Confidential" or "Highly Confidential," in which event the confidential portion(s) of the transcript of that deposition shall be removed from the transcript and separately bound, and the separately bound volume shall be marked with the designated Confidential Legend on its face and on each of the pages containing Confidential Information. Counsel for each of the other parties shall maintain the separately bound volume containing the confidential portion(s) of the transcript of the deposition in confidence pursuant to the terms of this Order. A party may also designate specific portions of the deposition as containing Confidential Information by notice to the other parties within 30 days after receipt of each finally certified transcript of a deposition, in which case the other party shall mark all of its copies of the transcript on their face and on the designated pages with the designated Confidential Legend to indicate that they contain Confidential Information, and

3

access to those portions of the transcript containing Confidential Information shall be restricted as provided hereunder.

(f)    Any summary or copy containing or reflecting designated Confidential Information shall be subject to the terms of this Protective Order to the same extent as the information or document from which such summary or copy was made.

3.    (a)    A party receiving Pleading and Discovery Materials identified with a Confidential Legend may, subject to the restrictions in subparagraph (b), below, disclose such materials solely to:

(i)    partners and associate attorneys and secretarial, paralegal and staff personnel of outside attorneys for the party and any successors, substitutes or additional co-counsel thereto;

(ii)    in-house counsel of the party and immediate support staff;

(iii)    employees of the party for the purpose of assisting in the preparation and trial of this action, provided that employees receiving such Pleading and Discovery Materials execute, before any such disclosure is made, an acknowledgment of this Protective Order in the form attached hereto as Exhibit A;

(iv)    independent experts or consultants (who are not regular employees of the party), provided that before any such disclosure is made the independent experts or consultants execute an acknowledgement of this Protective Order in the form attached hereto as Exhibit A, a copy of which, for an identified testifying expert only, shall be provided to counsel for the disclosing party at the time such expert's report is produced pursuant to Fed. R. Civ. P. 26(a)(2);

(v)    court reporters;

4

(vi)    any outside copying service or other outside vendor providing assistance in obtaining copies of documents for discovery or for the preparation of the litigation of this matter;

(vii)    the Court and Court personnel; and

(viii)    any other person so permitted by order of this Court, after notice to all parties.

(b)    Notwithstanding the provisions of subparagraph (a), above, a party receiving Pleading and Discovery Materials identified as "Highly Confidential" shall not disclose such materials to its in-house counsel or to its employees as described in subparagraphs (a)(ii) or (a)(iii); provided, however, that Honeywell International Inc. may disclose such materials to its in-house counsel Chuck Graf and Gary Zanfanga and, INEOS Fluor Americas LLC may disclose such materials to Ian Menzies and a designee to be agreed upon by both parties.

(c)    No person to whom any Confidential Information is disclosed shall make any further disclosure thereof, except as permitted in this Protective Order, or use such information, except in connection with the preparation and trial of this action, provided, however, nothing herein shall be deemed to enlarge or diminish such person's rights and/or obligations with respect to such Confidential Information rightfully received prior to this litigation.

4.    Nothing contained herein shall be construed to restrict disclosure and use of documents, information, or things obtained through discovery, whether or not deemed confidential hereunder, to any person who in the course of his business duties had previously prepared, lawfully received, or had rightful access to such documents, information or things.

5

5.    Confidential Information identified and marked in accordance with this Protective

Order shall not be filed with the Court or included in whole or in part in pleadings, motions or

briefs except in sealed envelopes or other appropriate sealed containers on which shall be

endorsed the docket number of this action, the words "Confidential: Filed Under Seal," a

general non-confidential description of the contents (e.g., Exhibit X or pages 2-5 of Mr. X's

deposition), and a statement substantially in the following form:

> This envelope contains documents or things which are filed under a Protective
> Order dated _____. It shall not be opened or released from the custody of
> the Clerk of Court except by order or under direction of the Court.

A copy of any such filing may be delivered to the judge's chambers marked in the same

manner described above, if the judge permits or requests chambers' copies.

6.    When any testimony in this action is taken, whether in a deposition or before the

Court, counsel for any party may, before or after said testimony, give notice to counsel for all

other parties of the possibility that Confidential Information may be disclosed during the

testimony and such counsel may request that the testimony be adduced with only the

stenographer recording the testimony and those categories of persons permitted by paragraph 3,

above, in attendance. The stenotype tape or other means of recording the testimony shall itself

be deemed Confidential Information subject to this Order. The transcript and/or copies thereof

of any such testimony shall be provided only to those categories of persons qualified under

paragraph 3, above.

7.    Other than outside trial attorneys of record (including their partners, associate

attorneys, secretarial, paralegal and staff personnel) for the parties, in-house counsel for a

corporate party and immediate support staff, and the court or court personnel, any person to

whom Confidential Information will be disclosed, including any person or category of persons

6

designated pursuant to paragraph 11, below, shall execute, before any such disclosure is made, an acknowledgment of this Protective Order in the form attached hereto as **Exhibit A**.

8.    Pleading and Discovery Materials identified in accordance with this Protective Order, all copies thereof, and any extracts, descriptions, or summaries thereof are to be destroyed or returned to counsel for the disclosing party within 30 days after the termination of the litigation. Nevertheless, outside trial counsel for the receiving party shall be permitted to retain one archival copy of Pleading and Discovery Materials (including extracts, descriptions, and summaries) containing the Confidential Information. Counsel for the receiving party shall certify in writing that all Confidential Information, except an archival copy if applicable, has been returned to the disclosing party and/or destroyed. Counsel of record of a party in receipt of a document designated confidential hereunder by another party shall at all times ensure that access to the confidential Pleading and Discovery Materials (including extracts, descriptions, and summaries) is only provided to persons who are qualified to view them under this Protective Order, except such copies as are filed with the Court.

9.    In the event that any party determines that any Confidential Information marked or identified by it in accordance with this Protective Order should no longer be subject to this order, it may file with the Court a notice identifying such Confidential Information or part thereof and stating that its designation thereof as confidential pursuant to this Protective Order has been withdrawn. From and after the filing of such notice, such information and all actions taken with respect to such information shall no longer be subject to this Protective Order.

10.    In the event that a party desires to provide access to Confidential Information to any person or categories of persons not included in paragraph 3, above, or seeks the removal of a Confidential designation, the parties shall try first to resolve such dispute in good faith on an

7

informal basis. If the dispute cannot be so resolved, the objecting party may seek appropriate relief from this Court by, for example, moving for an order permitting such persons or categories of persons access to the Confidential Information or removing the Confidential designation. In the resolution of such motion, the burden of establishing that the information is Confidential shall be on the disclosing or designating party. In the event that a new person or category of persons is permitted access to the Confidential Information, such persons must execute the acknowledgement of this Protective Order in the form attached hereto as **Exhibit A**.

11.     With respect to any particular item of Confidential Information, the restriction on dissemination, access, disclosure, and use of such item or of information contained therein shall not apply to the party who identified or marked such item as confidential in accordance with this Protective Order or to such party's agents, officers, directors or attorneys.

12.     Nothing herein shall prevent disclosure beyond the terms of this Order if the parties mutually agree in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

13.     No party shall be deemed to have waived the attorney-client privilege, attorney work product doctrine, or any other privilege or doctrine by virtue of this Protective Order.

14.     This Protective Order shall survive the entry of judgment in this action or any voluntary dismissal of this action and shall continue in full force and effect, without limitation in time, subject to further order of the Court. The parties shall have the right to move the Court to modify or supplement this Protective Order.

15. This Protective Order is without prejudice to the right of any party to seek relief or additional protection from this Court from any of the provisions provided herein.

8

16. Each party and its counsel agree to abide by the terms of this Stipulation and Order in the interim period between execution by counsel and entry of a Protective Order by the Court.

17. The parties to this action agree that the production of any Pleading and Discovery Materials by any non-party shall be subject to and governed by the terms of this Stipulation and Order. In the event that additional parties join or are joined in this litigation and desire to have access to Pleading and Discovery Materials, they shall not have access to such materials until the additional party by its counsel has executed and filed with the Court its agreement to be fully bound by this Stipulation and Order.

| YOUNG CONAWAY STARGATT & TAYLOR, LLP | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|---|---|
| C. Barr Flinn (#4092) | Martin P. Tully (#465) |
| Karen L. Pascale (#2903) | Jason A. Cincilla (#4232) |
| The Brandywine Building | 1201 N. Market Street |
| 1000 West Street, 17th Floor | P.O. Box 1347 |
| Wilmington, DE 19801 | Wilmington, DE 19899 |
| (302) 571-6600 | (302) 658-9200 |
| *Attorneys for Plaintiff,* | *Attorneys for Defendant,* |
| *INEOS Fluor Americas LLC* | *Honeywell International Inc.* |
| OF COUNSEL: | OF COUNSEL: |
| Richard S. Order | KIRKLAND & ELLIS LLP |
| Mark D. Alexander | Yosef J. Riemer |
| AXINN, VELTROP & HARKRIDER LLP | Andrew R. Dunlap |
| 90 State House Square | Michael D. Reisman |
| Hartford, CT 06103 | 153 East 53rd Street |
| (860) 275-8100 | New York, NY 10022 |
| | (212) 446-4800 |
| | -and- |
| | Mark L. Kovner |
| | Michael S. Becker |
| | 655 Fifteenth Street, NW |
| | Suite 1200 |
| | Washington, DC 20005-5793 |
| | (202) 879-5000 |

Dated: August 17, 2006

9

SO ORDERED this _____ day of _____, 2006

_____
Hon. Sue L. Robinson
United States District Judge

10

## EXHIBIT A

AGREEMENT CONCERNING MATERIAL
COVERED BY A PROTECTIVE ORDER
ENTERED BY THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
ON _____ ___, 2006

The undersigned hereby acknowledges that he or she has received and read the Protective

Order entered on August __, 2006 in the lawsuit entitled, *INEOS Fluor Americas LLC v.*

*Honeywell Int'l Inc., Docket No. 06-189 (SLR)*, pending in the United States District Court for

the District of Delaware. The undersigned agrees to be bound by the terms of that Protective

Order and to submit to and be subject to the jurisdiction of the United States District Court for

the District of Delaware for the purpose of enforcement of the terms of that Protective Order.

Dated: _____

_____
(Print Name)

_____
(Signature)

## CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esquire, hereby certify that on August 18, 2006, I caused to be

electronically filed a true and correct copy of the foregoing document with the Clerk of the Court

using CM/ECF, which will send notification that such filing is available for viewing and

downloading to the following counsel of record:

> Martin P. Tully [mtully@mnat.com]
> Jason A. Cincilla [jcincilla@mnat.com]
> MORRIS, NICHOLS, ARSHT & TUNNELL LLP
> 1201 N. Market Street
> P.O. Box 1347
> Wilmington, DE 19899

I further certify that on August 18, 2006, I caused a copy of the foregoing document to be

served by hand delivery on the above-listed counsel of record and on the following non-

registered participants in the manner indicated:

> ### *By E-Mail and U.S. Mail*
>
> Yosef J. Riemer [yriemer@kirkland.com]
> Gregory T. Heyman [gheyman@kirkland.com]
> KIRKLAND & ELLIS LLP
> 153 East 53rd Street
> New York, NY 10022
>
> Mark L. Kovner [mkovner@kirkland.com]
> Michael S. Becker [mbecker@kirkland.com]
> KIRKLAND & ELLIS LLP
> 655 Fifteenth Street, NW
> Suite 1200
>
> YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
> *Karen L. Pascale*
>
> C. Barr Flinn (#4092) [bflinn@ycst.com]
> Karen L. Pascale (#2903) [kpascale@ycst.com]
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, DE 19801
> (302) 571-6600

- and-

Richard S. Order
Mark D. Alexander
AXINN, VELTROP & HARKRIOER LLP
90 State House Square
Hartford, CT 06103
(860)275-8100

*Attorneys for Plaintiff INEOS Fluor Americas LLC*