IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INEOS FLUOR AMERICAS LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 06-189 (SLR) |
| ) | |
| HONEYWELL INTERNATIONAL INC., ) | |
| ) | |
| Defendant. ) | |

NOTICE OF SUBPOENA
DIRECTED TO PPG INDUSTRIES, INC.

PLEASE TAKE NOTICE that, pursuant to Rules 30, 34 and 45 of the Federal Rules of Civil Procedure, Defendant Honeywell International, Inc. served a subpoena upon PPG Industries, Inc., in the form appended hereto, seeking deposition testimony and the production of documents on the dates set forth therein.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____
Martin P. Tully (#465)
Jason A. Cincilla (#4232)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
   *Attorneys for Defendant Honeywell
   International Inc.*

OF COUNSEL:

KIRKLAND & ELLIS LLP
Yosef J. Riemer
Andrew R. Dunlap
Michael D. Reisman
153 East 53rd Street
New York, NY 10022
(212) 446-4800

-and-

Mark L. Kovner
Michael S. Becker
Julie Brennan Jacobs
655 Fifteenth Street, NW
Suite 1200
Washington, DC 20005-5793
(202) 879-5000

Dated: April 2, 2007

781344.1

≫AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

WESTERN   DISTRICT OF   PENNSYLVANIA

| INEOS FLUOR AMERICAS, LLC | SUBPOENA IN A CIVIL CASE |
|---|---|
| V. | |
| HONEYWELL INTERNATIONAL, INC. | Case Number:[1] 06-189-SLR (District of Delaware) |

TO: PPG Industries, Inc.
PPG World Headquarters
One PPG Place
Pittsburgh, PA 15272

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   PPG World Headquarters, One PPG Place, Pittsburgh, PA 15272 (Deposition topics and details are listed on Attachment A.) | DATE AND TIME 4/20/2007 9:00 am |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
The documents listed on Attachment B.

| PLACE   PPG World Headquarters, One PPG Place, Pittsburgh, PA 15272 | DATE AND TIME 4/13/2007 9:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE 3/30/2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Michael Reisman, Kirkland & Ellis LLP, 153 E. 53rd St., New York, NY 10022, (212) 446-4889

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## ATTACHMENT A

## HONEYWELL INTERNATIONAL, INC.'S NOTICE OF DEPOSITION OF PPG INDUSTRIES, INC. PURSUANT TO FED. R. CIV. P. 30(B)(6) AND 45

PLEASE TAKE NOTICE that at 9 a.m. on April 20, 2007, or such other time and date as agreed to by counsel, Plaintiff Honeywell International, Inc. ("Honeywell") will take the deposition upon oral examination of PPG Industries, Inc. ("PPG"), pursuant to Federal Rules of Civil Procedure 30(b)(6) and 45. This deposition upon oral examination will be conducted before an officer authorized to administer oaths and will be recorded by stenographic and videographic means.

Honeywell will take this deposition upon oral examination through one or more officers, directors, managing agents or other persons designated by PPG pursuant to Federal Rule of Civil Procedure 30(b)(6) as the person(s) knowledgeable to testify on PPG's behalf concerning the topics identified below. PPG is requested to identify the individual(s) who will testify regarding each topic at least one week in advance of the deposition. The deposition will continue from day to day until completed with such adjournments as to time and place as may be necessary. You are invited to attend and examine the witness.

## TOPICS OF EXAMINATION

1. Any negotiations between PPG and Ineos Flour Americas, LLC ("Ineos") towards a Heads of Agreement, letter of intent, or sales agreement for the supply of Trichlorethylene by PPG to Ineos.

2. Any communication of economic hardship by PPG to Ineos relating to Trichlorethylene.

## ATTACHMENT B

## DEFINITIONS

1. "All" shall be construed to include the term "each," and "each" shall be construed to include the term "all."

2. "Any" as used herein includes the word "all," and the word "all" as used herein includes the word "any."

3. "PPG" means PPG Industries, Inc., and its employees, principals, directors, agents, attorneys, other representatives, and any and all predecessor companies and/or successors thereof; all past or present divisions, subsidiaries, affiliates or parents of any of the foregoing entities; all past or present joint ventures, partnerships or limited partnerships of which any of the foregoing entities is a joint venturer or a limited partner; all past or present officers, directors, employees, and agents, including, without limitation, attorneys, accountants, auditors, consultants and other professional persons or experts, and any investigators or other persons acting on behalf or at the direction of any such person, of any of the foregoing entities.

4. "Document" or "documents" is used in the broadest sense and in accordance with the Federal Rules of Civil Procedure. "Document" or "documents" include within its meaning, by way of example and not of limitation, any and all papers, photographs, films, recordings, memoranda, books, records, accounts, communications, letters, telegrams, correspondence, notes of any kind, inter-office memoranda or written communications of any nature, recordings of conversations either in writings or upon any mechanical or electrical recording devices, including e-mail, notes, papers, reports, analyses, invoices, canceled checks or check stubs, receipts, minutes of meetings, time sheets, diaries, desk calendars, ledgers, schedules, licenses, financial statements, telephone bills, logs, and any differing versions of any of the foregoing, whether so denominated, formal, informal or otherwise, as well as copies of the foregoing which differ in any way, including by the addition of handwritten notations or other written or printed matter of any nature, from the original. The foregoing specifically includes information stored in

a computer database and capable of being generated in documentary form, such as electronic mail. The term "document" or "documents" includes, without limitation, any original, draft and/or non-identical copy of any document identified, as well as any attachment to, enclosure with, and/or document referenced by any document identified, and specifically encompasses all documents or communications recorded in electronic form or on a computer.

5. "Hardship provision" means any provision in a contract for the sale or purchase of florine-based chemicals or products (or raw materials used for same) that causes a change in a party's obligations, or provides for discussions regarding the same, based on the occurrence of an event causing a hardship occurring subsequent to the execution of the contract.

6. "Relating to" means relating to, referring to, concerning, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, or constituting (in whole or in part), as the context makes appropriate.

7. The connectives "and," "or," and "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed outside of its scope.

## INSTRUCTIONS

8. Each document is to be produced along with all non-identical drafts thereof in its entirety, without abbreviation or redaction.

9. All documents shall be produced in the order that they are kept in the usual course of business, and shall be produced in their original folders, binders, covers or containers, or photocopies thereof.

10. The source(s) or derivation of each document produced shall be specifically identified.

11. In the event that any document called for by this subpoena is to be withheld on the

2

basis of a claim of privilege or immunity from discovery, that document is to be identified by describing the nature of the document, including: (i) the author(s), addressee(s), and any indicated or blind copyee(s); (ii) the document's date, number of pages, and attachments or appendices; (iii) the subject matter(s) of the document; (iv) the nature of the privilege or immunity asserted; and (v) any additional facts on which you would base your claim of privilege or immunity.

12.    In the event that any document called for by this subpoena has been destroyed or discarded, that document is to be identified by stating: (i) the author(s), addressee(s), and any indicated or blind copyee(s); (ii) the document's date, number of pages, and attachments or appendices; (iii) the document's subject matter; (iv) the date of destruction or discard, manner of destruction or discard, and reason for destruction or discard; (v) the persons who were authorized to carry out such destruction or discard; and (vi) whether any copies of the document presently exist and, if so, the name of the custodian of each copy.

13.    If any portion of any document is responsive to this subpoena, the entire document shall be produced, including, but not limited to, all cover sheets, appendices, or attachments.

14.    Any document that contains any notation, addition, insertion, or marking of any kind is not deemed to be identical to one without such marks and is to be produced as a separate document.

15.    All definitions set above are in addition to the defined words' standard meanings. If PPG contends that it does not understand the definition of the term or phrase used in any discovery Request, respond to that portion of the Request that it does understand and explain what it is that it does not understand with regard to the remainder of the Request. If PPG believes that a discovery Request is overbroad in part, respond to that portion of the Request that it does not consider overbroad and explain why the remainder is supposedly overbroad.

16.    These Requests shall be deemed continuing so as to require further and supplemental production in accordance with the Federal Rules of Civil Procedure.

17. If no document exists which is responsive to a particular Request, please state that no such document exists.

## RELEVANT PERIOD

18. Unless otherwise specified, documents are requested for the time period of January 1, 2003 to the present.

## REQUESTS FOR PRODUCTION

1. A copy of any executed Heads of Agreement, letter of intent or sales agreement for the supply of Trichlorethylene between PPG Industries, Inc. ("PPG") and Ineos Fluor Americas LLC ("Ineos").

2. Documents relating to the negotiation towards a hardship provision in any Heads of Agreement, letter of intent, or sales agreement for the supply of Trichlorethylene by PPG to Ineos.

3. Documents relating to any communication of economic hardship by PPG to Ineos relating to Trichlorethylene.

# CERTIFICATE OF SERVICE

I, Jason A. Cincilla, hereby certify that on April 2, 2007, I caused copies of the foregoing **NOTICE OF SUBPOENA DIRECTED TO PPG INDUSTRIES, INC.** to be served upon the following counsel of record as indicated:

### By Electronic Service and E-mail

C. Barr Flinn
Karen L. Pascale
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
[bflinn@ycst.com]
[kpascale@ycst.com]

Richard S. Order
Mark D. Alexander
Axinn, Veltrop & Harkrider LLP
90 State House Square
Hartford, CT 06103
[rso@avhlaw.com]
[mda@avhlaw.com]

                                          Jason A. Cincilla (#4232)