IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| INEOS FLUOR AMERICAS LLC,  )<br>                                                        )<br>            *Plaintiff,*            )<br>                                                        )<br>    v.                                              )   C.A. No. 06-189-SLR<br>                                                        )<br>HONEYWELL INTERNATIONAL INC.,  )<br>                                                        )<br>            *Defendant.*         )<br>                                                        ) |  |

### NOTICE OF DEPOSITION OF BILL LESSIG

PLEASE TAKE NOTICE that, pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, plaintiff INEOS Fluor Americas LLC shall take the deposition upon oral examination of Bill Lessig, former Honeywell Site Manager, 240 Long Meadow Drive, Baton Rouge, LA 70810, on April 25, 2007, commencing at 9:00 a.m. at the offices of Breazeale, Sachse & Wilson, LLP, One American Place, 301 Main Street, Baton Rouge, LA 70825. The deposition shall continue until completed and shall be recorded by videotape and stenographically before an officer appointed or designated as specified in Rule 28 of the Federal Rules of Civil Procedure.

A copy of the subpoena that has been served upon Mr. Lessig is attached.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

April 16, 2007

*/s/ Karen L. Pascale*
C. Barr Flinn (#4092) [bflinn@ycst.com]
Karen L. Pascale (#2903) [kpascale@ycst.com]
Chad S.C. Stover (#4919) [cstover@ycst.com]
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600

Richard S. Order [rso@avhlaw.com]
Mark D. Alexander [mda@avhlaw.com]
Aaron C. Brinkman [acb@avhlaw.com]
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103
(860)275-8100

*Attorneys for Plaintiff INEOS Fluor Americas LLC*

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

Eastern  DISTRICT OF  Louisiana

INEOS Fluor Americas LLC

V.

Honeywell International Inc.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 06-189-SLR (District of Delaware)

TO: Bill Lessig
240 Longmeadow Dr.
Baton Rouge, LA 70810-9508

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Breazeale, Sachse & Wilson, LLP One American Place, 301 Main Street, 23rd Fl., Baton Rouge, LA 70825 | 4/25/2007 9:00 am |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Schedule A, attached.

| PLACE | DATE AND TIME |
|---|---|
| Axinn, Veltrop & Harkrider LLP 90 State House Square, Hartford, CT 06103 | 4/16/2007 9:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Elizabeth T. Timkovich* (Attorney for Plaintiff) | 4-9-2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Elizabeth T. Timkovich
Axinn, Veltrop & Harkrider LLP, 90 State House Square, Hartford, CT 06103

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
                        DATE                                SIGNATURE OF SERVER

                                                            _____
                                                            ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## SCHEDULE A

## DOCUMENTS REQUESTED

You are commanded to produce at your deposition each document, including without limitation correspondence, notepads, electronic mail, calendar entries, and any other type of document, that refers to, relates to, or reflects:

1. The termination, expiration, renewal, or replacement of the HF Contract between Allied-Signal Inc. and ICI Americas Inc. dated as of November 30, 1989 for the supply of HF (the "1989 Contract").

2. Negotiations for or discussions concerning any HF supply agreement between (a) INEOS and Honeywell or (b) Honeywell and Quimica Fluor.

3. Any "hardship provision" in the Heads of Agreement or a new HF supply agreement between INEOS and Honeywell.

4. Honeywell's increase of the price of HF to be supplied to INEOS in 2006.

5. Any meeting, correspondence, or contract between or among Honeywell, Quimica Fluor, or INEOS that refers to, relates to, or reflects HF.

6. HF capacity and production levels at Honeywell's Geismar, Louisiana manufacturing facility ("Geismar").

7. The costs associated with expanding Geismar's HF production capacity.

## DEFINITIONS AND INSTRUCTIONS:

1. You are commanded to produce all documents described below that are in your possession, custody, or control that were created, revised, sent, or received on or after January 1, 2003 through the date of your deposition.

2. As used in these document requests, the term "document" has the meaning and scope of the term as used in Rule 34 of the Federal Rules of Civil Procedure and includes all originals (or copies where originals are unavailable) and non-identical copies, including partial and preliminary drafts or versions, of all written, recorded, electronic, or graphic matter, however produced or reproduced, or correspondence, telegrams, or sound

CTDOCS:19351.1

recordings of any type of conversation, meeting, or conference, minutes of meetings, memoranda, interoffice communications, analyses, reports, summaries, and results of investigations and tests, reviews, contracts, proposals, agreements, working papers, binders, insurance policies, bonds, statistical records, ledgers, books of account, invoices, receipts, computer data, websites, electronic mail, stenographers, notebooks, daily or weekly logs, payroll data, work assignment data, schedules, budgets, cash flow analyses, manuals, directives, bulletins, desk calendars, appointment books, diaries, photographs, drawings or other graphic representations, plans, specifications, shop drawings, calculations, logs, investigator's reports, or papers similar to any of the foregoing, however labeled.

3. Whenever appropriate, the singular form of a word shall be interpreted as plural and the plural form shall be interpreted as singular, and the masculine gender shall be deemed to include the feminine and the feminine gender shall be deemed to include the masculine as is necessary to bring within the scope of these requests for production any and all documents that might otherwise be construed as outside their scope.

4. The term "and" as well as "or" shall be construed either disjunctively or conjunctively as is necessary to bring within the scope of these requests for production any and all documents that might otherwise be construed as outside their scope.

5. The terms "refer to," "relate to," and "reflect" mean constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing, mentioning, concerning and/or pertaining to.

6. "Honeywell" means defendant Honeywell International Inc. and/or any of its predecessors, affiliates, agents, employees, representatives, attorneys, subsidiaries,

parents, and any other person or entity directly or indirectly subject to its control, either individually or in any combination, as is necessary to bring within the scope of these requests for production any and all information and/or documents that might otherwise be construed as outside their scope.

7. "INEOS" means plaintiff INEOS Fluor Americas LLC and/or any of its predecessors, affiliates, agents, employees, representatives, attorneys, subsidiaries, parents, and any other person or entity directly or indirectly subject to its control, either individually or in any combination, as is necessary to bring within the scope of these requests for production any and all information and/or documents that might otherwise be construed as outside their scope.

8. The term "HF" shall mean hydrogen fluoride, also known as anhydrous hydrofluoric acid or hydrofluoric acid ("HFA"). The term "HFC" shall mean hydrofluorocarbon.

9. "Quimica Fluor" shall mean Quimica Fluor, S.A de C.V., Mexichem Fluor, S.A. de C.V., or any parent, subsidiary, predecessor, or affiliate of Quimica Fluor or Mexichem Fluor.

# CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esquire, hereby certify that on April 16, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Martin P. Tully [mtully@nmat.com]
>Jason A. Cincilla [jcincilla@mnat.com]
>MORRIS, NICHOLS, ARSHT & TUNNELL LLP
>1201 N. Market Street
>P.O. Box 1347
>Wilmington, DE 19899

I further certify that on April 16, 2007, I caused a copy of the foregoing document to be served by hand delivery and e-mail on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

>*By E-Mail*
>
>Yosef J. Riemer [yriemer@kirkland.com]
>Andrew R. Dunlap [adunlap@kirkland.com]
>KIRKLAND & ELLIS LLP
>153 East 53rd Street
>New York, NY 10022
>
>Mark L. Kovner [mkovner@kirkland.com]
>Michael S. Becker [mbecker@kirkland.com]
>KIRKLAND & ELLIS LLP
>655 Fifteenth Street, NW
>Suite 1200
>Washington, DC 20005

/s/ Karen L. Pascale
Karen L. Pascale (#2903)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
kpascale@ycst.com

*Attorneys for Plaintiff, INEOS Fluor Americas LLC*