## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **INEOS FLUOR AMERICAS LLC,** | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | )     **C.A. No. 06-189 (SLR)** |
| | ) |
| **HONEYWELL INTERNATIONAL INC.,** | ) |
| | ) |
| *Defendant.* | ) |
| | ) |

### REDACTED
### HONEYWELL'S OPENING BRIEF IN
### SUPPORT OF ITS MOTION TO COMPEL

> MORRIS, NICHOLS, ARSHT & TUNNELL LLP
> Martin P. Tully (#465)
> Jason A. Cincilla (#4232)
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, DE 19899
> (302) 658-9200
> *Attorneys for Defendant Honeywell*
> *International Inc.*

OF COUNSEL:

KIRKLAND & ELLIS LLP
Yosef J. Riemer
Andrew R. Dunlap
Michael D. Reisman
153 East 53rd Street
New York, NY 10022
(212) 446-4800

-and-

Mark L. Kovner
Michael S. Becker
Julie Brennan Jacobs
655 Fifteenth Street, NW
Suite 1200
Washington, DC 20005-5793
(202) 879-5000

Redacted Filing Date:  May 17, 2007
Original Filing Date:  May 11, 2007

# TABLE OF CONTENTS

| | | Page |
|---|---|---|
| TABLE OF CITATIONS | | iii |
| INTRODUCTION | | 1 |
| BACKGROUND | | 1 |
| I. | | 1 |
| | A. **REDACTED** | 1 |
| | B. Honeywell's Production Costs Skyrocket. | 2 |
| | C. Honeywell Raises Ineos's HF Price. | 3 |
| | D. **REDACTED** | 3 |
| II. | | 4 |
| III. | INEOS REFUSES TO PROVIDE INFORMATION RELEVANT TO ITS CLAIMS . | 5 |
| | A. | 5 |
| | B. **REDACTED** | 6 |
| | C. | 8 |
| ARGUMENT | | 11 |
| I. | | 12 |
| II. | | 13 |

ii.

TABLE OF CONTENTS (continued)

Page

III.           **REDACTED**

                                                                          15

CONCLUSION                                                                16

TABLE OF CITATIONS

Cases

*Corning Inc., v. SRU Biosystems, LLC.*,
    223 F.R.D. 191 (D. Del. 2004)                                    11, 14

*Gardella v. Prodex Int'l, Inc.*,
    No. 06-CV-1821, 2007 WL 710289 (E.D. Pa. Mar. 5, 2007)      14

*In re Intel Corp. Microprocessor Antitrust Litig.*,
    No. 05-1717, 2007 WL 137152 (D. Del. 2007)             12

*In re ML-Lee Acquisition Fund II, L.P. and ML-Lee Acquisition*
    *Fund (Ret. Accounts) II, L.P. Sec. Litig.*,
    848 F. Supp. 527 (D. Del. 1994)                        16

*In re Subpoena Duces Tecum Served on Bell Commc'ns Research,*
    *Inc.*,
    No. MA-85, 1997 WL 10919 (S.D.N.Y., Jan. 13, 1997)       13

*Mike v. Dymon, Inc.*,
    No. 95-2405, 1996 WL 606362 (D. Kan., Oct. 7, 1996)      13

*Pacitti v. Macy's*,
    193 F.3d 766 (3d Cir. 1999)                           11

*Quadrant Epp USA, Inc., v. Menasha Corp.*,
    No. 06-356, 2007 WL 320286 (E.D. Pa. Jan. 29, 2007)      15

Rules

D. Del. LR 7.1.1                                        11

D. Del. LR 7.1.3                             12, 13, 15

Fed. R. Civ. P. 26(b)(1)                              11

Fed. R. Civ. P. 37(a)                                12

## INTRODUCTION

Ineos Fluor Americas LLC ("Ineos") refuses to provide three categories of information relevant to its contract and antitrust claims against Honeywell International Inc. ("Honeywell"). Because Ineos has no basis for this refusal, Honeywell asks this Court to compel Ineos to produce the information described below.

## BACKGROUND

I.

## **REDACTED**

A.

Since 1992, Honeywell has supplied hydrogen fluoride ("HF"), a hazardous chemical that Ineos uses to make refrigerants.

## **REDACTED**

2.

**REDACTED**

B.     <u>Honeywell's Production Costs Skyrocket.</u>

During 2004 and 2005, Honeywell experienced severe increases in the

costs of HF's three primary raw materials -- fluorspar (the most important), natural gas,

and sulfur.

3.

During the same period, prices also skyrocketed for natural gas, sulfur, ocean freight (for shipping fluorspar), domestic rail freight (for shipping HF), and maintenance.

    C.    <u>Honeywell Raises Ineos's HF Price.</u>

**REDACTED**

    D.

**REDACTED**

4.

**REDACTED**

**REDACTED**

III.   INEOS   REFUSES   TO   PROVIDE   INFORMATION
       RELEVANT TO ITS CLAIMS                              .

       A.

       On  March 9,  2007,  Honeywell  deposed  John  Pacillo,  Ineos's  U.S.

Operations Director.

**REDACTED**

Confidentiality was the sole basis for Ineos's counsel's instruction to Mr. Pacillo not to answer these questions.        There is a Protective Order that allows Ineos to designate Mr. Pacillo's answers to these questions (and any other discovery) as "highly confidential." Testimony so designated can only be reviewed by Honeywell's outside counsel and two in-house attorneys already approved by Ineos.

By letter of April 23, 2007, Honeywell asked Ineos to produce Mr. Pacillo for additional deposition testimony

On April 26, 2007, Ineos again refused,

## REDACTED

B.

On October 20, 2006, Honeywell served its Second Request for Production of Documents, including Request for Production No. 33:

> All documents relating to the negotiation, execution, performance or interpretation of any actual or potential contract, agreement, letter of intent, or "Heads of Agreement," between Ineos and
> including but not limited to the documents attached as Exhibit A.

Exhibit A to this request was a contract for Ineos to supply refrigerants to

**REDACTED**


On November 20, 2006, Ineos refused to produce all documents relating to the

producing only documents that it believes relate to the


> INEOS objects to this Request to the extent that it is overly
> broad, unduly burdensome and seeks documents that are
> neither relevant to a claim or defense of any party nor
> reasonably calculated to lead to the discovery of admissible
> evidence.
>
> Subject to these objections and the General Objections,
> INEOS will produce any non-privileged documents
> responsive to this request concerning the hardship clause in
> the contract between INEOS Fluor Americas LLC and
>                          attached as Exhibit A to Honeywell's
> Second Document Request.

On April 18, 2007, Honeywell deposed Peter Geosits, Ineos's

Commercial Director,


**REDACTED**

8.

**REDACTED**

In its April 23, 2007 letter, Honeywell asked Ineos to produce

C.

**REDACTED**

HF is one of the two major components of 134-a (the other is trichloroethylene).

Indeed, this appears to be precisely what happened.




**REDACTED**



Following this trail, on March 13, 2007, Honeywell served its Third Set of

Interrogatories, which included Interrogatory No. 12:

> Briefly describe all occasions, from January 1, 2005 to the present, on which Ineos increased the price of any Ineos Refrigerant sold to any entity, including for each occasion: (a) the entity purchasing the Ineos Refrigerant; (b) the Ineos Refrigerant at issue; (c) the amount of the price increase (including the amounts of prices before and after the increase); and (d) the date upon Ineos implemented the price increase.

On April 16, 2007, Ineos refused to answer this Interrogatory:

> INEOS objects to Interrogatory 12 on the grounds that it is overly broad and requests information that is not relevant to a claim or defense of any party or reasonably calculated to lead to the discovery of admissible evidence. INEOS objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, work product doctrine, or other applicable privilege.

Honeywell's Third Set of Interrogatories also included

Interrogatory No. 14:

> For each occasion identified in response to Interrogatory 12, above, briefly describe whether Ineos invoked, cited, or referenced an increase in any of its raw material costs in producing the Ineos Refrigerant at issue in seeking or implementing the price increase described.

10.

Ineos also refused to answer this Interrogatory:

INEOS objects to Interrogatory 14 on the grounds that it is overly broad and requests information that is not relevant to a claim or defense of any party or reasonably calculated to lead to the discovery of admissible evidence.    INEOS objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, work product doctrine, or other applicable privilege.

In his deposition, Mr. Geosits testified that

**REDACTED**

**REDACTED**

In its April 23, 2007 letter, Honeywell requested responses to these Interrogatories,

Ineos refused.

**REDACTED**

Honeywell now submits this motion to compel Ineos to respond to these discovery requests. Pursuant to Federal Rule of Civil Procedure 37, Honeywell certifies that it has in good faith conferred with Ineos Fluor Americas LLC in an effort to secure the information and materials described above. Pursuant to D. Del. LR 7.1.1, counsel for Honeywell certifies that they have made reasonable efforts to reach agreement on the subject matter of this motion. Despite these efforts, the parties have been unable to resolve their disputes.

ARGUMENT

Pursuant to Federal Rule of Civil Procedure 26(b)(1), litigants are entitled to discovery of any non-privileged matter that is relevant to the claims or defenses of any party. "Relevant information need not be admissible at trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "In the Third Circuit, it is well recognized that the federal rules allow broad and liberal discovery." *Corning Inc., v. SRU Biosystems, LLC.*, 223 F.R.D. 191, 193 (D. Del. 2004) (citing *Pacitti v. Macy's*, 193 F.3d 766, 777-78 (3d Cir. 1999)). "[D]iscovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought can have no possible bearing upon the subject matter of

12.

the action." *In re Intel Corp. Microprocessor Antitrust Litig.*, No. 05-1717, 2007 WL 137152, *5 (D. Del. 2007).[2] When a party fails to respond to discovery requests, the Court may issue an order compelling disclosure. *See* Fed. R. Civ. P. 37(a).

**REDACTED**

This cannot prevent discovery. As a practical matter, Ineos is protected by the "attorneys eyes only" provision of the Protective Order in this case that allows it to shield the testimony from Honeywell's businesspeople by designating the testimony as "highly confidential." And as a legal matter, Ineos's private contract with

---

[2]     Pursuant to D. Del. LR 7.1.3, a copy of this case is attached to the accompanying Declaration as Exhibit 11.

13.

cannot trump Honeywell's right under the Federal Rules to discover information potentially relevant to Ineos's claims. *See e.g., In re Subpoena Duces Tecum Served on Bell Commc'ns Research, Inc.*, No. MA-85, 1997 WL 10919, at *3 (S.D.N.Y., Jan. 13, 1997) (granting motion to compel customer documents, which would be subject to "attorneys eyes only" protective order, otherwise "all individuals and corporations could use confidentiality agreements to avoid discovery");[3] [4]*Mike v. Dymon, Inc.*, No. 95-2405, 1996 WL 606362, at *3 (D. Kan., Oct. 7, 1996) ("That plaintiff may have a contractual, legal obligation not to reveal confidential information of [a third party] is not a valid objection to the requested discovery") (granting motion to compel).[5]

II.                          **REDACTED**

Ineos's claims that it's standard contract template and documents relating to the                          are "irrelevant to any claim or defense of a party to this case." (Decl. Ex. 5 at 1.) (Ineos does not appear to contest that these documents are otherwise responsive to Honeywell's RFP No. 33.)

---

[3]    Pursuant to D. Del. LR 7.1.3, a copy of this case is attached to the accompanying Declaration as Exhibit 12.

[4]    The concerns of the *Bell Commc'ns Research* court may be borne out in this discovery dispute. Ineos filed this lawsuit in March 2006 and Mr. Pacillo testified that the confidentiality agreement between it and          was not signed until February 2007.                    One hopes that Ineos did not enter into this agreement, just prior to the depositions of its executives, in hopes of shielding its discussions with          from discovery.

[5]    Pursuant to D. Del. LR 7.1.3, a copy of this case is attached to the accompanying Declaration as Exhibit 13.

**REDACTED**

*See Corning*, 223 F.R.D. at 193 (information on third-party's bid for defendant, which defendant rejected, "does not have a direct relationship to [defendant's] counterclaim for damages" from tortuous interference, but might "assist in illuminating the reasonableness of [defendant's] claim of damages") (granting motion to compel).[6]

---

[6] Ineos also cannot sustain the objection made in its responses (although not in its correspondence) that producing these files would be "unduly burdensome." Ineos is being asked to produce discrete information --

This is simply not burdensome. *See Gardella v. Prodex Int'l, Inc.*, No. 06-CV-1821, 2007 WL 710289, at *3 (E.D. Pa. Mar. 5, 2007) (granting motion to compel

(continued . . .)

**REDACTED**

In Interrogatories 12 and 14, Honeywell asked Ineos to describe when, since 2005, Ineos has raised its refrigerant prices and if it referred to increases in raw material prices in doing so.

**REDACTED**

_____

(. . . continued)

in breach of contract action, where defendant's request contained a "detailed list of materials"); *cf. Quadrant Epp USA, Inc., v. Menasha Corp.*, No. 06-356, 2007 WL 320286, at *2 (E.D. Pa. Jan. 29, 2007) (production of 50,000 pages of hard copy documents and 2,000 electronic documents was unduly burdensome where need for the documents was not determined). (Pursuant to D. Del. LR 7.1.3, copies of these cases are attached to the accompanying Declaration as Exhibits 14 and 15.)

CONCLUSION

**REDACTED**

Honeywell further asks this Court to instruct counsel for Ineos, pursuant with local practice, not to consult with Mr. Pacillo before his examination. *See In re ML-Lee Acquisition Fund II, L.P. and ML-Lee Acquisition Fund (Ret. Accounts) II, L.P. Sec. Litig.*, 848 F. Supp. 527, 567 (D. Del. 1994) (instructing parties "that counsel are not to consult with their clients regarding the subject of their testimony while questions are pending and while deponents remain under oath").

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Martin P. Tully (#465)
Jason A. Cincilla (#4232)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
*Attorneys for Defendant Honeywell International Inc.*

OF COUNSEL:

KIRKLAND & ELLIS LLP
Yosef J. Riemer
Andrew R. Dunlap
Michael D. Reisman
153 East 53rd Street
New York, NY 10022
(212) 446-4800

-and-

Mark L. Kovner
Michael S. Becker
Julie Brennan Jacobs
655 Fifteenth Street, NW
Suite 1200
Washington, DC 20005-5793
(202) 879-5000

Redacted Filing Date:  May 17, 2007
Original Filing Date:  May 11, 2007

## CERTIFICATE OF SERVICE

I, Jason A. Cincilla, Esquire, hereby certify that copies of **REDACTED HONEYWELL'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO COMPEL** were served on May 17, 2007 as follows:

**BY HAND DELIVERY:**

C. Barr Flinn, Esq.
Karen L. Pascale, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE  19899-0391

**BY ELECTRONIC MAIL:**

Richard S. Order, Esq.
Axinn, Veltrop & Harkrider LLP
90 State House Square, 11th Floor
Hartford, Connecticut 06103
rso@avhlaw.com

_/s/ Jason A. Cincilla_
Jason A. Cincilla (#4232)