IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INEOS FLUOR AMERICAS, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 06-189 SLR |
| | : | |
| HONEYWELL INTERNATIONAL, INC., | : | **REDACTED** |
| | : | **PUBLIC VERSION** |
| Defendant. | : | |

**HONEYWELL'S OPENING BRIEF
IN SUPPORT OF ITS MOTION TO COMPEL
DOCUMENTS FROM THIRD PARTY LUCITE INTERNATIONAL**

PROCTOR HEYMAN LLP
Kurt M. Heyman (# 3054)
E-mail: kheyman@proctorheyman.com
Patricia L. Enerio (# 3728)
E-mail: penerio@proctorheyman.com
1116 West Street
Wilmington, DE 19801
(302) 472-7300

Attorneys for Defendant
Honeywell International, Inc.

OF COUNSEL:

KIRKLAND & ELLIS LLP
Yosef J. Riemer
Andrew R. Dunlap
Michael D. Reisman
153 East 53rd Street
New York, NY 10022
(212) 446-4800

KIRKLAND & ELLIS LLP
Mark L. Kovner
Michael S. Becker
Julie Brennan Jacobs
655 Fifteenth Street, NW, Suite 1200
Washington, DC 20005-5793
(202) 879-5000

Dated: May 11, 2007
Confidential Version Filed: May 11, 2007
Redacted Public Version Filed: May 18, 2007

## TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................1

BACKGROUND ...................................................................................................................1

I. ...............................................................................................................................1

    A.    The Role Of Lucite International Inc. ......................................................1

    B.    ...................................................................................................................3

    C.    Honeywell Raises Ineos's HF Price..........................................................4

II.    Lucite Refuses To Produce Documents Relevant To Ineos's Claims ...................4

    A.    **REDACTED** ...................................................................4

    B.    ...................................................................................................................6

ARGUMENT..........................................................................................................................8

CONCLUSION.....................................................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Corning Inc., v. SRU Biosystems, LLC.*,
    223 F.R.D. 191 (D. Del. 2004) ............................................................................ 8, 9

*In re Intel Corp. Microprocessor Antitrust Litigation*,
    No. 05-1717, 2007 WL 137152 (D. Del. 2007) ...................................................... 8

*Pacitti v. Macy's*,
    193 F.3d 766 (3d Cir. 1999) .................................................................................... 8

**Other Authorities**

*The American Heritage Dictionary of the English Language, Fourth Edition* (2004) ............. 9, 10

**Rules**

D. Del. LR 7.1.1 ............................................................................................................... 7

D. Del. LR 7.1.3 ............................................................................................................... 8

Fed. R. Civ. P. 26(b)(1) .................................................................................................... 8

Fed. R. Civ. P. 37(a) ........................................................................................................ 8

## INTRODUCTION

Lucite International ("Lucite") refuses to produce two specific documents that are relevant to the contract claims in this matter brought by Ineos Fluor Americas LLC ("Ineos") against Honeywell International Inc. ("Honeywell"). Because Lucite has no basis for its refusal, Honeywell asks this Court to compel Lucite to produce the documents described below.

## BACKGROUND

I.

Since 1992, Honeywell has supplied hydrogen fluoride ("HF"), a hazardous chemical that Ineos uses to make refrigerants.

**REDACTED**

A. The Role Of Lucite International Inc.

**REDACTED**

1

**REDACTED**

B.

**REDACTED**

### C. Honeywell Raises Ineos's HF Price.

REDACTED

## II. LUCITE REFUSES TO PRODUCE DOCUMENTS RELEVANT TO INEOS'S CLAIMS

### A.

on February 13, 2007, Honeywell issued a subpoena to Lucite requesting documents. (Decl. Ex. 6.) Honeywell's Request for Production No. 8 asked for:

> All documents relating to the            including without limitation documents and communications relating to the negotiation, execution, performance, and interpretation of the

(Decl. Ex. 6 Attach. A at 6.) On February 23, 2007, Lucite -- which is represented by the same counsel representing Ineos in this case -- responded that it would produce all such relevant documents:

> Lucite objects to this Request to the extent that it seeks production of documents or things protected by the attorney-client privilege, work product doctrine, or other applicable privilege.

4

> Subject to these Objections and to the General Objections, Lucite will produce any non-privileged documents responsive to this Request.

(Decl. Ex. 7 at 10.)

On March 30, 2007, Mr. McLaughlin was deposed by Honeywell

REDACTED

On April 3, 2007, Honeywell sent a letter to Lucite requesting production

REDACTED                In a

letter dated April 13, 2007, Lucite refused,

Honeywell repeated its request for production on April 23, 2007.

On April 26, 2007, Lucite again refused,

**REDACTED**

**B.**

Honeywell's subpoena to Lucite also contained Request for Production No. 10, which asked for:

> All documents relating to Lucite's or INEOS's efforts to acquire HF from any source, including without limitation documents and communications relating to (a) Lucite's or INEOS's actual or potential acquisition of HF from Honeywell, Solvay, Quimica Fluor, or any other person or entity; and (b) Lucite's or INEOS's alleged inability to acquire HF from sources other than Honeywell, as discussed in Paragraph 35 of INEOS's Complaint.

(Decl. Ex. 6 Attach. A at 7.) On February 23, 2007, Lucite responded, agreeing to produce all documents relating to "INEOS or Lucite acting solely on INEOS's behalf":

> Lucite objects to this Request to the extent that it seeks to impose a requirement on Lucite beyond those imposed by the Federal Rules of Civil procedure or the Rules of this Court. Lucite objects to this Request to the extent that it seeks production of documents or things protected by the attorney-client privilege, work product doctrine, or other applicable privilege.
>
> Subject to these Objections and to the General Objections, Lucite will produce any non-privileged documents responsive to this request to the extent they concern INEOS or Lucite acting solely on INEOS's behalf.

(Decl. Ex. 7 at 10.)

In his March 30, 2007 deposition, Mr. McLaughlin of Lucite testified

**REDACTED**

**REDACTED**

In its April 3, 2007 letter, Honeywell asked Lucite to produce this document,

In a its April 13, 2007 letter, Lucite refused,

Honeywell repeated its request on April 23, 2007. On April 26, 2007, Lucite again refused,

**REDACTED**

Honeywell now submits this motion to compel Lucite to produce

Pursuant to Federal Rule of Civil Procedure 37, Honeywell certifies that it has in good faith conferred with counsel for Ineos and Lucite in an effort to secure the information and materials described above. Pursuant to D. Del. LR 7.1.1, counsel for Honeywell have certified that they have made reasonable efforts to reach agreement on the subject matter of this motion. Despite these efforts, the parties have been unable to resolve their disputes. Counsel for Honeywell and counsel for Lucite and Ineos have also agreed

that, although Lucite is based in the Western District of Tennessee, they will submit any dispute regarding Lucite's document production to this Court and will abide by its decision in this matter.

## ARGUMENT

Pursuant to Federal Rule of Civil Procedure 26(b)(1), litigants are entitled to discovery of any non-privileged matter that is relevant to the claims or defenses of any party. "Relevant information need not be admissible at trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "In the Third Circuit, it is well recognized that the federal rules allow broad and liberal discovery." *Corning Inc., v. SRU Biosystems, LLC.*, 223 F.R.D. 191, 193 (D. Del. 2004) (citing *Pacitti v. Macy's*, 193 F.3d 766, 777-78 (3d Cir. 1999)). "[D]iscovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought can have no possible bearing upon the subject matter of the action." *In re Intel Corp. Microprocessor Antitrust Litigation*, No. 05-1717, 2007 WL 137152, *5 (D. Del. 2007).[1] When a party fails to respond to discovery requests, the Court may issue an order compelling disclosure. *See* Fed. R. Civ. P. 37(a).

Lucite's claim in its correspondence that the requested documents are not relevant is without merit.

**REDACTED**

*See Corning*, 223 F.R.D. at 193 (information on third-party's bid for defendant,

---

[1] Pursuant to D. Del. LR 7.1.3, a copy of this case is attached to the accompanying Declaration as Exhibit 12.

8

which defendant rejected, "does not have a direct relationship to [defendant's] counterclaim for damages" from tortious interference, but might "assist in illuminating the reasonableness of [defendant's] claim of damages") (granting motion to compel).

At the risk of stating the obvious -- it can.

**REDACTED**

Lucite's second argument --

-- does violence to the English language. The word "relate" means "To have connection, relation, or reference." Dictionary.com., *The American Heritage Dictionary of the English Language, Fourth Edition* (2004), http://dictionary.reference.com/browse/relating. Two items become "related" by "Being

connected; associated." Dictionary.com., *The American Heritage Dictionary of the English Language, Fourth Edition* (2004), http://dictionary.reference.com/browse/related.

A document that serves as a basis for another document --

-- clearly has a connection, relation, reference, and association with the resulting document. An underlying document "relates to" a final document by providing language for that final document and by revealing language that a drafter considered but chose not to include, which goes to the drafter's intent.

**REDACTED**

## CONCLUSION

For the reasons stated above, Honeywell asks this Court to compel Lucite to produce

PROCTOR HEYMAN LLP

*/s/ Patricia L. Enerio*

Kurt M. Heyman (#3054)
E-mail: kheyman@proctorheyman.com
Patricia L. Enerio (# 3728)
E-mail: penerio@proctorheyman.com
1116 West Street
Wilmington, DE 19801
(302) 472-7300

Attorneys for Defendant
Honeywell International, Inc.

OF COUNSEL:

KIRKLAND & ELLIS LLP
Yosef J. Riemer
Andrew R. Dunlap
Michael D. Reisman
153 East 53rd Street
New York, NY 10022
(212) 446-4800

KIRKLAND & ELLIS LLP
Mark L. Kovner
Michael S. Becker
Julie Brennan Jacobs
655 Fifteenth Street, NW, Suite 1200
Washington, DC 20005-5793
(202) 879-5000

Dated: May 11, 2007

## CERTIFICATE OF SERVICE

Patricia L. Enerio, Esquire, hereby certifies that on May 11, 2007, copies of the foregoing Opening Brief in Support of Motion to Compel Documents from Third Party Lucite International were served electronically and via hand delivery on the parties listed below:

> C. Barr Flinn, Esquire
> Chad S.C. Stover, Esquire
> Karen L. Pascale, Esquire
> Young, Conaway, Stargatt & Taylor
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, DE 19801

> Jason A. Cincilla, Esquire
> Martin P. Tully, Esquire
> Morris, Nichols, Arsht, & Tunnell
> 1201 North Market Street
> Wilmington, DE 19899

_____
Patricia L. Enerio (# 3728)