IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **INEOS FLUOR AMERICAS LLC,** | ) ) ) | |
| *Plaintiff,* | ) ) | |
| v. | ) ) | C.A. No. 06-189-SLR |
| **HONEYWELL INTERNATIONAL INC.,** | ) ) | REDACTED VERSION |
| *Defendant.* | ) ) ) | |

**PLAINTIFF INEOS FLUOR AMERICAS LLC'S
MOTION TO COMPEL PRODUCTION OF DOCUMENTS
FROM DEFENDANT HONEYWELL INTERNATIONAL INC.**

Pursuant to Fed. R. Civ. P. 37(a), plaintiff INEOS Fluor Americas LLC ("INEOS") respectfully moves the Court to compel defendant Honeywell International Inc. ("Honeywell") to produce all documents responsive to INEOS's document requests that Honeywell has withheld from its production based upon unsupported and improper assertions of attorney-client privilege or work product protection. In support of its motion, INEOS states as follows:

**PRELIMINARY STATEMENT**

1.  On April 6, 2007, Honeywell served separate privilege and redaction logs on INEOS totaling 500 pages with more than 10,500 entries. After completing the necessarily burdensome review of these materials, INEOS identified more than 3,500 entries for documents that Honeywell withheld on the basis of carelessly and indiscriminately claimed attorney-client privilege and/or work product doctrine grounds. Simply put, Honeywell's privilege and redaction logs failed to carry the requisite burdens of identifying sufficient information to allow INEOS and the Court to determine whether Honeywell's privilege claims are valid. A copy of

the privilege log and redaction log is attached as **Appendix Exhibit A**, and a list of Honeywell's improper privilege claims that INEOS has challenged is attached as **Appendix Exhibit B**.

2.  Because it has failed to carry its burden to provide adequate information to support its privilege claims, Honeywell should at least produce to INEOS the following specific categories of documents withheld on its privilege log:

> (1) correspondence between non-attorney Honeywell employees on which no Honeywell attorneys were copied or otherwise identified;
>
> (2) documents on which no attorneys or other individuals are identified;
>
> (3) correspondence between non-attorney Honeywell employees on which a Honeywell attorney is identified as having been copied, with no other grounds supporting the privilege claim;
>
> (4) correspondence between Honeywell employees on which the only "attorney" identified is Mark Lewis, who is not a Honeywell attorney;
>
> (5) business documents concerning leadership team meetings, strategic plans, annual operating plans, or INEOS-related meetings that were sent to an attorney among numerous other recipients but whose privilege log description suggest relate primarily to business topics; and
>
> (6) documents as to which Honeywell has asserted work product claims but: (a) has provided no document date; (b) for which the date calls into question whether the document was prepared in anticipation of litigation; or (c) relate to efforts by a Honeywell-commissioned agent and were not prepared in anticipation of litigation.

3.  Honeywell's refusal to produce thousands of highly relevant documents on unsupported privilege grounds has resulted in obvious prejudice to INEOS. Moreover, neither INEOS nor the Court should be required to engage in the massive process of sorting through Honeywell's indiscriminate withholding of these documents from discovery to determine whether any of them might have been properly withheld if supported by an appropriate privilege log entry. Instead, Honeywell should be required to produce all the documents INEOS has challenged. Alternatively, given the massive scope of Honeywell's improper privilege claims,

Honeywell should simply be required to produce all of the approximately 10,500 documents which it has withheld.

### THE APPLICABLE LEGAL STANDARD

4.  A privilege log must be sufficiently detailed to allow the opposing party and the court to assess whether the elements of the attorney-client privilege or work product protection have been established.  See Fed. R. Civ. P. 26(b)(5); SmithKline Beecham Corp. v. Teva Pharmaceuticals USA, Inc., 232 F.R.D. 467 (E.D. Pa. 2005).  Assessment of a claim of attorney-client privilege has four elements:

> (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication is made is either a member of the bar of a court, or his subordinate, and is acting as a lawyer when the communication is made; (3) the attorney was informed of the communication by his client, without the presence of strangers, for the purpose of securing legal advice ...; and (4) the client has claimed and not waived the privilege.

Union Pac. Resources Group, Inc. v. Pennzoil Co., 1997 U.S. Dist. LEXIS 24216, *5-6 (D. Del. Sept. 2, 1997).

5.  To sustain a claim that certain documents are protected as work product under Fed. R. Civ. P. 26(b)(3), two criteria must be met:  (1) the documents must have been prepared by or for a party or the party's representative and (2) the documents must have been prepared in anticipation of litigation or for trial.  Union Pacific, 1997 U.S. Dist. LEXIS 24216 at *22-23.  The party asserting the privilege or work product claim has the burden of establishing that the asserted protection from disclosure applies.  Union Pacific, 1997 U.S. Dist. LEXIS 24216 at *5-6; Coastal Corp. v. Duncan, 86 F.R.D. 514, 520 (D. Del. 1980).

### PROCEDURAL BACKGROUND

6.  On June 14, 2006, INEOS served a request for production of documents upon Honeywell.  Honeywell produced documents in installments, substantially completing its

production on January 19, 2007. On April 6, 2007, only three weeks before the fact discovery cut-off date of April 27, Honeywell served privilege and redaction logs totaling approximately 500 pages and containing more than 10,500 entries. The privilege logs were not organized by date, author, or any other discernable pattern. By letters dated April 25 and April 27, 2007, a copy of which is attached as **Appendix Exhibit C**, INEOS identified approximately 3,500 documents that Honeywell withheld or redacted without providing justification or sufficient detail in its log for INEOS to assess the merits of the privilege or work product claim and demanded that Honeywell produce such documents or provide a basis for withholding them. By letters dated May 9, 2007, copies of which are attached as **Appendix Exhibit D**, Honeywell responded to INEOS's letters by conceding that 515 of the 3,500 challenged documents should be produced and providing a recitation of general legal principals regarding the remaining 3,000 documents that did little to address INEOS's substantive challenges. INEOS now challenges Honeywell's attorney-client privilege and work product claims.

# ARGUMENT

## POINT I

### IN SIX CATEGORIES OF PRIVILEGE OR WORK PRODUCT CLAIMS, HONEYWELL HAS FAILED TO SUPPORT THE CLAIM

7.      INEOS has attempted to bring some form of coherence to the thousands of unsupported privilege claims in Honeywell's massive and disorganized privilege and redaction logs by grouping over 3,500 of Honeywell's entries according to six categories of deficient attorney-client or work product doctrine claims (specific documents are identified in **Appendix Exhibit B**).  Because Honeywell's privilege and redaction logs fail to justify the privilege assertions for the documents in these categories, Honeywell should be ordered to produce them.  Each category is discussed below.

**A.      Documents for Which Honeywell Failed to Identify an Attorney as an Author, Addressee, Recipient, or Participant**

8.      Honeywell withheld or redacted 826 documents based upon the claim that these entries contained or reflected communications between an attorney and Honeywell made for the purpose of providing or obtaining legal advice.  In these entries, however, Honeywell failed to identify a single Honeywell attorney as an author, addressee, recipient or participant of any kind concerning the communication withheld.  As a result, Honeywell must produce each of these documents because none of them meets the requirements to sustain a claim of attorney-client privilege.  Union Pac. Resources Group, Inc. v. Pennzoil Co., 1997 U.S. Dist. LEXIS 24216, *5-6 (D. Del. Sept. 2, 1997); Pfizer Inc. v. Ranbaxy Laboratories Ltd., 2004 U.S. Dist. LEXIS 20948, *2-3 (D. Del. Oct. 7, 2004); SmithKline Beecham Corp. v. Teva Pharmaceuticals, 232 F.R.D. 467, *477 (D. Pa. 2005) ("Where such information is absent, we find Plaintiff has failed to 'provide sufficient detail to demonstrate fulfillment of the legal requirements for application of the privilege.'").

**B.     Communications Prepared or Received by Unidentified Persons**

9.      Honeywell withheld or redacted 2,128 entries even though it has not identified a single author, addressee, or recipient for these documents.

10.     This Court has recently held that Rule 26(b)(5) requires "the description of the documents or communications not produced or disclosed … to be made to enable other parties to *assess* the applicability of the privilege, without revealing the information to which the claim of privilege is made." Tulip Computers Int'l v. Dell Computer Corp., 210 F.R.D. 100, 106 (D. Del. 2002) (emphasis in original). In Tulip Computers, Dell complained that Tulip's privilege log was deficient because it failed to identify authors and recipients of documents. This Court ordered Tulip to produce the documents for *in camera* review. Tulip Computers, 210 F.R.D. at 105-106. See also SmithKline Beecham Corp. v. Teva Pharmaceuticals USA, Inc., 232 F.R.D. 467, 475 (E.D. Pa. 2005) (holding that "the description of each document [on a privilege log] and its contents must be sufficiently detailed to allow the courts to determine whether the elements of attorney-client privilege . . . have been established. Failing this, the documents must be produced."); Wilderness Soc'y v. U.S. Dept. of Interior, 344 F. Supp. 2d 1, 17 (D.D.C. 2004) (denying privilege where "defendants fail to identify the author . . . and in some cases do not even identify the recipient"); OneBeacon Ins. Co. v. Forman Int'l, Ltd., 2006 U.S. Dist. LEXIS 90970, *6 (S.D.N.Y. Dec. 15, 2006) ("Courts in this Circuit have refused to uphold a claim of privilege where privilege log entries fail to provide adequate information to support the claim.").

11.     Consequently, Honeywell cannot claim attorney-client privilege or work product protection for communications prepared or received by unidentified people. Not only is it impossible for INEOS or the Court to assess these claims, but it is also impossible for Honeywell to possess the knowledge necessary to assert these claims if it is unable to identify the authors, addressees, or recipients.

**C.    Documents on Which a Honeywell Attorney Was Merely a Recipient**

12.    Honeywell withheld or redacted 514 documents based on the fact that the document was copied to a Honeywell attorney in addition to being sent to non-attorney Honeywell personnel.

13.    The mere indication that an attorney has been copied on a document is not a sufficient basis on which to withhold or redact the document. Pettingill v. Caldwell, 2006 U.S. Dist. LEXIS 58651, *2 (D. Del. August 21, 2006) (privilege does not attach simply because the communication was uttered by or to an attorney or an attorney's agent); Pfizer Inc. v. Ranbaxy Labs Ltd., 2004 U.S. Dist. LEXIS 20948, *4 (D. Del. Oct. 7, 2004) (holding that "[r]outine, non-privileged communications between corporate officers and employees do not attain privileged status solely because counsel is copied on the correspondence."); Andritz Sprout-Bauer, Inc. v. Beazer East, Inc., 174 F.R.D. 609, 633 (M.D. Pa. 1997) ("What would otherwise be routine, non-privileged communications between corporate officers or employees transacting the general business of the company do not attain privilege status solely because in-house or outside counsel is 'copied in' on correspondence or memoranda.").

**D.    Honeywell's Improper Treatment of Mark Lewis,
a Management Employee, as an Attorney**

14.    Honeywell withheld or redacted 13 documents on the basis that Mark Lewis, a Honeywell management employee, is an attorney. Honeywell claims that it mistakenly identified Mr. Lewis as an attorney on the Honeywell privilege log due to "a processing error," but continues to refuse to produce seven documents at all and one document in unredacted form despite the fact that no attorney is identified as an author, addressee, copyee or participant in any of the communications withheld. Every claim of this nature is, therefore, improper. See American Standard, Inc. v. Pfizer, Inc., 1986 U.S. Dist. LEXIS 27389, *4-6 (D. Del. March 31,

1986) (finding that the purpose of the attorney-client privilege is to encourage full and frank communication between attorneys and their clients).

**E.     Documents Related Solely to Business Planning or Strategy**

15.     Honeywell has withheld or redacted 23 documents prepared in the normal course of business that their privilege log entries suggest were related to business planning and strategy, rather than legal advice or work product. These documents do not meet the requirements for protection based on either attorney-client privilege or the work product doctrine.

16.     This Court has previously determined that in order to sustain a claim of attorney-client privilege a communication must be between a client and his or her attorney and the communication must concern legal assistance and advice rather than communications in the normal course of business. See Synalloy Corp. v. Gray, 142 F.R.D. 266, 268-69 (D. Del. 1992) ("it is essential that the communications between client and attorney concern legal assistance and advice in order to be privileged"), relying on Hercules, Inc. v. Exxon Corp., 434 F. Supp. 136, 145 (D. Del. 1977) ("communications made in the routine course of business … which disclose no privileged matters and which are devoid of legal advice or requests for such advice are not protected"). See also United States v. Rockwell, Int'l, 897 F.2d 1255, 1264 (3d Cir. 1990) (holding that when a client's ultimate goal is not legal advice, but rather business advice, the attorney-client privilege is inapplicable). Documents reflecting attorney work product prepared in the ordinary course of business but not in anticipation of litigation are not properly withheld from production. See Kopacz v. Delaware River and Bay Auth., 2005 U.S. Dist. LEXIS 18447, *2 (D. Del. Aug. 29, 2005) ("work product prepared in the ordinary course of business is not immune from discovery").

**F.      Deficient Work Product Claims**

17.     Honeywell has withheld or redacted 87 documents based upon deficient work product claims. A claim of work product protection must be based upon the fact that a document was prepared by a party, a party's representative, or a party's attorney in reasonable anticipation of litigation and that the work product was intended to be, and has been, maintained in a confidential fashion. See In re Gabapentin Patent Litigation, 214 F.R.D. 178 (D.N.J. 2003) (describing the Third Circuit test for work product claims). See also Maine v. United States Dep't of Interior, 298 F.3d 60, 66 (1st Cir. 2002) ("The work product doctrine protects against disclosure of materials that a party, her attorney, or her representative prepares in anticipation of litigation."). Work product prepared in the ordinary course of business is not protected from discovery. Holmes v. Pension Plan of Bethlehem Steel Corp., 213 F.3d 124, 138 (3d Cir. 2000).

18.     Honeywell has asserted work product claims over documents for which they have provided no document date or for which the document date calls into question whether the documents were actually prepared in anticipation of litigation. This Court has ordered documents produced where the privilege log entries for documents have no date or have dates too early to have been prepared in anticipation of a specific litigation. Pfizer Inc. v. Ranbaxy Labs Ltd., 2004 U.S. Dist. LEXIS 20948, *6-7 (D. Del. Oct. 7, 2004).

19.     For this reason, Honeywell should be ordered to produce the documents identified in **Appendix Exhibit B** that purport to be work product but lack any date. With respect to the other documents in this category that do have dates, the dates provided are too early to have been prepared in anticipation of litigation. INEOS did not file suit against Honeywell until March 2006, and there was no dispute of any kind between the parties concerning Honeywell's pricing prior to Honeywell's notice to INEOS of its improper price increase in mid-December 2005.

20.

**REDACTED**

Documents prepared in the ordinary course of business, **REDACTED**, do not satisfy the requirements to establish work product protection. Kopacz v. Delaware River and Bay Auth., 2005 U.S. Dist. LEXIS 18447, *2 (D. Del. Aug. 29, 2005) ("work product prepared in the ordinary course of business is not immune from discovery").

## POINT II

### BY CARELESSLY, INDISCRIMINATELY, AND IMPROPERLY DESIGNATING DOCUMENTS AS PRIVILEGED AND/OR PROTECTED BY THE WORK PRODUCT DOCTRINE, HONEYWELL HAS FORFEITED ALL ITS PRIVILEGE CLAIMS

21.     Honeywell has failed to comply with Fed. R. Civ. P. 26(b)(5)'s requirement that its privilege and redaction logs "shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." As discussed above, INEOS has identified several thousand documents on Honeywell's privilege and redaction logs for which the log's description manifestly fails to support Honeywell's attorney-client privilege or work product doctrine claims. Honeywell's scattershot approach to privilege claims – Honeywell withheld or redacted more than 14 percent of the universe of documents that it identified as responsive to INEOS's

document requests[1] – strongly suggests that there are other improper privilege assertions included among Honeywell's more than 10,000 withheld documents.

22.     Honeywell appears to have made no or little effort to limit its privilege log to documents that are legitimately protected from disclosure, and it would unfairly burden INEOS and the Court to attempt resolve now which of Honeywell's withheld documents, if any, were appropriately covered by privilege.  Moreover, it is clear that many of these documents are highly relevant to the litigation, resulting in significant prejudice to INEOS from the improper refusal by Honeywell to produce such documents.[2]  Accordingly, the Court should order Honeywell to produce in unredacted form all documents withheld from production.

23.     To the extent that Honeywell's careless and inappropriate approach to privilege claims is not manifestly evident from the thousands of improperly withheld documents discussed above, the following examples illustrate Honeywell's haphazard privilege claims:

- Honeywell has recently agreed to withdraw its privilege claim with respect to 515 documents in response to INEOS's challenge to more than 3,500 privilege log entries.  Honeywell's agreement to produce such a large number of documents previously listed on its privilege log demonstrates its acknowledgment of its carelessness in claiming privilege for these documents in the first place.

- In its letter of May 9, 2007 to INEOS, Honeywell twice refused to produce but then agreed to produce the same document – privilege log entry numbers 1824 and 2219.  This is yet another example of how carelessly and indiscriminately Honeywell has behaved with respect to documents listed on its Privilege Log.

- During the course of discovery, Honeywell twice informed INEOS that it inadvertently produced a total of more than 400 documents protected by attorney-client privilege or the work product doctrine.  INEOS's review of the documents claimed by Honeywell to have been inadvertently produced indicated that only a minority were legitimately subject to protection from discovery.  The claimed inadvertent production of so many documents, most of which turned out in fact

---

[1] Honeywell produced 66,583 documents to INEOS of which 1,050 were redacted, and withheld 9,751 documents entirely.  Thus, 14% of all responsive documents were either withheld or redacted (10,801/76,334).

[2] Of the more than 3,500 documents that INEOS challenged, 501 refer directly to INEOS in some manner.  Honeywell has now agreed to produce only 62 of those 501 documents, some of which were communications between the parties that were clearly withheld inappropriately.  These 501 entries are listed in **Appendix Exhibit E** with an indication of whether Honeywell has withdrawn its claim or is standing on its claim.

        not to be privileged, reflects a careless and indiscriminate method of cataloging and claiming privileged or work product documents.

    24.    This Court has required production of all documents contained on a privilege log in similar situations where the inclusion of documents on the log was indiscriminate, careless, or not consistently based in good faith on the privilege or protection claimed on the log. <u>In re: Teleglobe Communications Corp. v. BCE, Inc.</u>, 2006 U.S. Dist. LEXIS 48367 (D. Del. June 2, 2006) (Robinson, J.); <u>LML Patent Corp. v. Telecheck Services, Inc.</u>, 2006 U.S. Dist. LEXIS 13498 (D. Del. March 28, 2006) (Robinson, J.). For the same reason, the Court should order Honeywell to produce all the documents listed on its privilege log because of its indiscriminate and careless privilege claims.

## **CONCLUSION**

For the foregoing reasons, the Court should order Honeywell to produce to INEOS within ten days all the documents listed on Honeywell's privilege log or the documents challenged specifically by INEOS on the grounds that Honeywell has carelessly, indiscriminately, and improperly claimed the attorney-client privilege or the work product doctrine in general and, with respect to INEOS's specific challenges, has groundlessly withheld the documents.

May 11, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Karen L. Pascale
_____
C. Barr Flinn (#4092) [bflinn@ycst.com]
Karen L. Pascale (#2903) [kpascale@ycst.com]
Chad S.C. Stover (#4919) [cstover@ycst.com]
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600

- and-

Richard S. Order [rso@avhlaw.com]
Mark D. Alexander [mda@avhlaw.com]
Aaron C. Brinkman [acb@avhlaw.com]
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103
(860)275-8100

*Attorneys for Plaintiff INEOS Fluor Americas LLC*

## CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esquire, hereby certify that on May 11, 2007, I caused to be electronically filed a true and correct copy of the foregoing sealed document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Martin P. Tully [mtully@nmat.com]
> Jason A. Cincilla [jcincilla@mnat.com]
> MORRIS, NICHOLS, ARSHT & TUNNELL LLP
> 1201 N. Market Street
> P.O. Box 1347
> Wilmington, DE 19899

I further certify that on May 11, 2007, I caused a copy of the foregoing sealed document to be served by hand delivery and e-mail on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

> ***By E-Mail***
>
> Yosef J. Riemer [yriemer@kirkland.com]
> Andrew R. Dunlap [adunlap@kirkland.com]
> KIRKLAND & ELLIS LLP
> 153 East 53rd Street
> New York, NY 10022
>
> Mark L. Kovner [mkovner@kirkland.com]
> Michael S. Becker [mbecker@kirkland.com]
> KIRKLAND & ELLIS LLP
> 655 Fifteenth Street, NW
> Suite 1200
> Washington, DC 20005

/s/ *Karen L. Pascale*
_____
Karen L. Pascale (#2903)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
kpascale@ycst.com

*Attorneys for Plaintiff, INEOS Fluor Americas LLC*

**CERTIFICATE OF SERVICE**

  I, Chad S.C. Stover, Esquire, hereby certify that on May 18, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Martin P. Tully [mtully@nmat.com]
> Jason A. Cincilla [jcincilla@mnat.com]
> MORRIS, NICHOLS, ARSHT & TUNNELL LLP
> 1201 N. Market Street
> P.O. Box 1347
> Wilmington, DE 19899

  I further certify that on May 18, 2007, I caused a copy of the foregoing document to be served by hand delivery and e-mail on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

> ***By E-Mail***
>
> Yosef J. Riemer [yriemer@kirkland.com]
> Andrew R. Dunlap [adunlap@kirkland.com]
> KIRKLAND & ELLIS LLP
> 153 East 53rd Street
> New York, NY 10022
>
> Mark L. Kovner [mkovner@kirkland.com]
> Michael S. Becker [mbecker@kirkland.com]
> KIRKLAND & ELLIS LLP
> 655 Fifteenth Street, NW
> Suite 1200
> Washington, DC 20005

> YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>  */s/ Chad S.C. Stover*
> _____
> Chad S.C. Stover (No. 4919
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, DE 19801
> (302) 571-6600
> *cstover@ycst.com*
>
> *Attorneys for Plaintiff, INEOS Fluor Americas LLC*