IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INEOS FLUOR AMERICAS LLC,<br><br>Plaintiff,<br><br>v.<br><br>HONEYWELL INTERNATIONAL INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No. 06-189 (SLR)<br>)<br>)<br>)<br>)<br>)<br>) |

## DECLARATION OF JASON A. CINCILLA IN SUPPORT OF HONEYWELL'S OPPOSITION TO INEOS'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

**Jason A. Cincilla** hereby declares as follows:

1.    I am a member of the law firm of Morris, Nichols, Arsht & Tunnell LLP, attorneys for Honeywell International Inc. ("Honeywell"). I submit this declaration in support of Honeywell's Opposition to Ineos's Motion to Compel Production of Documents.

2.    True and accurate copies of the following documents are attached hereto as indicated:

> Exhibit A:    Pl. Ineos Fluor Americas LLC's Log of Docs. Withheld From Produc. Based Upon a Claim of Privilege or Work Product Protection;
>
> Exhibit B:    Pl. Ineos Fluor Americas LLC's First Req. for Produc. of Docs. from Def. Honeywell International Inc.
>
> Exhibit C:    Pl. Ineos Fluor Americas LLC's Dep. Ex. 96 (HON 26524-26);

Exhibit D:     Pl. Ineos Fluor Americas LLC's Dep. Ex. 122 (cover e-mail only) (HON 872479-80);

Exhibit E:     Pl. Ineos Fluor Americas LLC's Dep. Ex. 133 (HON 9460-61);

Exhibit F:     Letter from Ian Menzies to James Bova (Mar. 20, 2006) (INEOS 59546);

Exhibit G:     Letter from Tobias Hannemann to Don Taylor and John Grant (Nov. 16, 2004) (INEOS 9939);

Exhibit H:     Letter from Richard Order to Andrew Dunlap (Mar. 15, 2007).

I declare under penalty of perjury that the foregoing is true and correct.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Martin P. Tully (#465)
Jason A. Cincilla (#4232)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
*Attorneys for Defendant Honeywell International Inc.*

OF COUNSEL:

KIRKLAND & ELLIS LLP
Yosef J. Riemer
Andrew R. Dunlap
Michael D. Reisman
153 East 53rd Street
New York, NY 10022
(212) 446-4800

-and-

Mark L. Kovner
Michael S. Becker
Julie Brennan Jacobs
655 Fifteenth Street, NW
Suite 1200
Washington, DC 20005-5793
(202) 879-5000

May 29, 2007
843650.1

## <u>CERTIFICATE OF SERVICE</u>

I, Jason A. Cincilla, Esquire, hereby certify that copies of **Declaration Of Jason A. Cincilla In Support Of Honeywell's Opposition To Ineos's Motion To Compel Production Of Documents** were served on May 29, 2007 as follows:

### <u>BY HAND DELIVERY:</u>

C. Barr Flinn, Esq.
Karen L. Pascale, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE  19899-0391

### <u>BY ELECTRONIC MAIL:</u>

Richard S. Order, Esq.
Axinn, Veltrop & Harkrider LLP
90 State House Square, 11th Floor
Hartford, Connecticut 06103
rso@avhlaw.com


Jason A. Cincilla (#4232)

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INEOS FLUOR AMERICAS LLC, | : |
| Plaintiff, | : |
| v. | : |
| | : C.A. No. 06-189-SLR |
| HONEYWELL INTERNATIONAL INC., | : |
| Defendant. | : |

**PLAINTIFF INEOS FLUOR AMERICAS LLC'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS FROM DEFENDANT HONEYWELL INTERNATIONAL INC.**

In accordance with Rule 34 of the Federal Rules of Civil Procedure, plaintiff INEOS Fluor Americas LLC ("INEOS") hereby requests that defendant Honeywell International Inc. ("Honeywell") produce the following documents within thirty (30) days after service of this First Request for Production of Documents.

**DEFINITIONS AND INSTRUCTIONS**

1.      If you claim any request for production calls for material or information within the scope of the attorney-client privilege or attorney work product doctrine or is otherwise protected from discovery, then, with respect to such material or information, identify (a) the author or speaker, (b) all persons to whom the communication was made, (c) the date of such communication, (d) the general subject matter of such communication in sufficient detail to support the claimed privilege, (e) the type of communication, and (f) the privilege or doctrine invoked and respond in full with respect to other information or material called for by the request for production that is not claimed to be protected from discovery.

2.     If you claim any request for production is overly broad, respond in full to the extent that you concede some responsive information is properly requested and state the respect in which you claim that, insofar as the request calls for additional information, it is overly broad.

3.     Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these requests for production are continuing and require supplemental production if you obtain or discover further information or documentation with respect to same between the date your documents are served and the time of trial.

4.     As used in these requests for production, the term "document" has the meaning and scope of the term as used in Rule 34 of the Federal Rules of Civil Procedure and includes all originals (or copies where originals are unavailable), and non-identical copies including partial and preliminary drafts or versions, of all written, recorded, electronic or graphic matter, however produced or reproduced, or correspondence, telegrams, or sound recordings of any type of conversation, meeting, or conference, minutes of meetings, memoranda, interoffice communications, analyses, reports, summaries, and results of investigations and tests, reviews, contracts, proposals, agreements, working papers, binders, insurance policies, bonds, statistical records, ledgers, books of account, invoices, receipts, computer data, websites, electronic mail, stenographers, notebooks, daily or weekly logs, payroll data, work assignment data, schedules, budgets, cash flow analyses, manuals, directives, bulletins, desk calendars, appointment books, diaries, photographs, drawings or other graphic representations, plans, specifications, shop drawings, calculations, logs, investigator's reports, or papers similar to any of the foregoing, however labeled.

2

5.     Whenever appropriate, the singular form of a word shall be interpreted as plural, and the masculine gender shall be deemed to include the feminine as is necessary to bring within the scope of these requests for production any and all documents that might otherwise be construed as outside their scope.

6.     Where documents are requested for a particular time period, for example, monthly, and you do not possess or maintain records for such period of time, but possess or maintain the requested documents on an alternate basis, for example, quarterly or weekly, produce the requested documents on such alternate basis that is most similar to the time period requested.  In all such situations, such requests shall be interpreted as necessary to bring within the scope of these requests for production any and all documents that might otherwise be construed as outside their scope.

7.     The term "and" as well as "or" shall be construed either disjunctively or conjunctively as is necessary to bring within the scope of these requests for production any and all documents that might otherwise be construed as outside their scope.

8.     The terms "refer to," "relate to," and "reflect" mean constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing, mentioning, concerning and/or pertaining to.

9.     The term "identify" means to indicate the specific location, contents, and source of any documents that come within the particular category, sufficient to enable a person of reasonable intelligence to locate the document and determine its relevance to the matter at issues.  With respect to a person, "identify" means to provide the person's name, title or position, business and home addresses and telephone numbers (or his or her last known business and home addresses and telephone numbers).

3

10.    "You," "your" or "yours" refers to Honeywell and/or any of its predecessors, affiliates, agents, employees, representatives, attorneys, subsidiaries, parents, and any other person or entity directly or indirectly subject to its control, either individually or in any combination, as is necessary to bring within the scope of these requests for production any and all information and/or documents that might otherwise be construed as outside their scope.

11.    The term "HF" shall mean hydrogen fluoride, also known as anhydrous hydrofluoric acid or hydrofluoric acid ("HFA"). The term "HFC" shall mean hydrofluorocarbon.

12.    "Quimica Fluor" shall mean Mexichem Fluor, S.A. de C.V., Quimica Fluor S.A de C.V., or parent, subsidiary, predecessor or affiliate.

13.    Unless otherwise indicated, these requests for production pertain to the time period of January 1, 2003 through the present.

## REQUESTS FOR PRODUCTION

1.    Each document that refers to, relates to, or reflects the termination, expiration, or renewal of the HF Contract between Allied-Signal Inc. and ICI Americas Inc. dated as of November 30, 1989 for the supply of HF (the "1989 Contract").

2.    Each document that refers to, relates to, or reflects INEOS' request for proposals for an HF supply contract to replace the 1989 Contract, including without limitation Honeywell's preparation of a response to the request for proposal and Honeywell's calculations of pricing for HF.

4

3.    Each document that refers to, relates to, or reflects negotiations for or discussions concerning any HF supply agreement between INEOS and Honeywell.

4.    Each document that refers to, relates to, or reflects to the Third Amendment to HF Contract entered into in March 2004 by and between INEOS and Honeywell (the "Third Amendment").

5.    Each document that refers to, relates to, or reflects the Heads of Agreement entered into in March 2004 by and between INEOS and Honeywell (the "Heads of Agreement").

6.    Each document that refers to, relates to, or reflects the drafting or negotiation of a "hardship provision" in the Heads of Agreement or a new HF supply agreement between INEOS and Honeywell.

7.    Each document that refers to, relates to, or reflects any long-form agreement for the supply of HF to INEOS following the execution of the Heads of Agreement.

8.    Each document that refers to, relates to, or reflects the ability or inability of Quimica Fluor or any other person or entity to supply HF to INEOS.

9.    Each document that refers to, relates to, or reflects any business relationship or contract between Honeywell and Quimica Fluor concerning HF.

10.    Each document that refers to, relates to, or reflects Honeywell's purchase of HF from Quimica Fluor.

11.    Each document that refers to, relates to, or reflects an agreement by any HF manufacturer to furnish Honeywell with HF.

5

12.     Each document that refers to, relates to, or reflects Honeywell's calculations of pricing for HF.

13.     Each document that refers to, relates to, or reflects Honeywell's decision in or about December 2005 to raise the price of HF sold to INEOS to $1,050.00 per short ton or to some other price.

14.     Each document that refers to, relates to, or reflects any Honeywell statement concerning any price that Honeywell charged, intended to charge, or contemplated charging for HF to INEOS or any other customer.

15.     Each document that refers to, relates to, or reflects the calculation of cost adjustments or the 4% cap on the annual increase in the price of HF to INEOS in the Heads of Agreement.

16.     Each document that refers to, relates to, or reflects an agreement by Sallies Limited, Witkop Fluorspar Mine (Pty) Ltd, or any company affiliated with either of these companies to furnish Honeywell with fluorspar.

17.     Documents sufficient to show, on a monthly basis from January 1, 2003 through the present, all suppliers or potential suppliers of fluorspar to Honeywell and the delivered price or offered price to Honeywell of fluorspar from each such supplier.

18.     Each document that refers to, relates to, or reflects the direct or indirect cost, including without limitation product costs, raw materials, transportation, fuel, energy, labor, and overhead, of fluorspar or any other direct or indirect input into the production of HF.

6

19.     Each document that refers to, relates to, or reflects any change in cost, or the availability to Honeywell, of fluorspar or any other direct or indirect input into the production of HF.

20.     Each document that refers to, relates to, or reflects any agreement or contract between Honeywell and any supplier of fluorspar for the sale and purchase of fluorspar in effect at any time from January 1, 2003 through the present, including without limitation documents concerning negotiations for new or renewal contracts for the sale and purchase of fluorspar.

21.     Documents sufficient to show, on a monthly basis from January 1, 2003 through the present, each itemized cost to Honeywell in its manufacture, production, storage, sale and shipment of the HF that it has supplied to INEOS.

22.     Each document that refers to, relates to, or reflects any hardship to Honeywell resulting from or that would result from the sale of HF to INEOS at the contract price under the Heads of Agreement.

23.     Each document that refers to, relates to, or reflects Honeywell's use of hardship provisions in commercial agreements other than the Heads of Agreement.

24.     Each commercial agreement to which Honeywell is a party containing a hardship provision.

25.     Each document that refers to, relates to, or reflects any plan of, or consideration by Honeywell of cutting off or terminating its supply of HF to INEOS.

26.     Each document that refers to, relates to, reflects, or supports Honeywell's assertion that the Heads of Agreement is not valid or not enforceable.

7

27.     Each document that refers to, relates to, or reflects competition in the manufacture, production, or sale of HF within North America.

28.     Each document that refers to, relates to, or reflects the identity of entities that compete in the manufacture, production, or sale of HF to customers located in North America.

29.     Each document that refers to, relates to, or reflects the capacity, sales, or market share of any firm that competes in the manufacture, production, or sale of HF to customers located in North America.

30.     Each document that refers to, relates to, or reflects potential substitute products for HF that may be available to the HF customers of Honeywell or any other supplier of HF in North America.

31.     Each document that refers to, relates to, or reflects North American imports of HF.

32.     Each document that refers to, relates to, or reflects the possibility, likelihood, or probability that other firms may enter the market for the manufacture, production, or sale of HF in North America.

33.     Each document that refers to, relates to, or reflects Honeywell's strategic, pricing, or marketing plans concerning its sale of HF in North America.

34.     Each document that refers to, relates to, or reflects marketing or pricing research assessing, discussing, mentioning, or regarding the sale of HF in North America.

35.     Each document that refers to, relates to, or reflects Honeywell's purchase, pricing, or use of HF as an input to its own manufacture or production of another product, including HFC.

36.     Each document that refers to, relates to, or reflects any competitor of Honeywell or INEOS in the manufacture, production, or sale of any product containing or composed of HFC.

37.     Each document referred to in your response to INEOS' First Set of Interrogatories or relied on in preparing your response to INEOS' First Set of Interrogatories.

June 14, 2006

*Attorney for Plaintiff INEOS Fluor Americas LLC*

Richard S. Order
Mark D. Alexander
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103
(860)275-8100

C. Barr Flinn (#4092) [bflinn@ycst.com]
Karen L. Pascale (#2903)  [kpascale@ycst.com]
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600

9

## CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esquire, hereby certify that on June 14, 2006, I caused copies of the foregoing document to be served upon the following counsel of record as indicated:

### By Hand and E-Mail

Martin P. Tully [mtully@mnat.com]
Jason A. Cincilla [jcincilla@mnat.com]
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899

### By E-Mail and U.S. Mail

Yosef J. Riemer [yriemer@kirkland.com]
Gregory T. Heyman [gheyman@kirkland.com]
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, NY 10022

Mark L. Kovner [mkovner@kirkland.com]
Michael S. Becker [mbecker@kirkland.com]
KIRKLAND & ELLIS LLP
655 Fifteenth Street, NW
Suite 1200
Washington, DC 20005-5793

_____
Karen L. Pascale (#2903)

**SEALED DOCUMENT**

**Confidential Exhibit**

**Filed Separately Under Seal**