IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INEOS FLUOR AMERICAS LLC, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) C.A. No. 06-189-SLR |
| | ) |
| HONEYWELL INTERNATIONAL INC., | ) |
| | ) |
| *Defendant.* | ) |

**NON-PARTY LUCITE INTERNATIONAL'S <u>REDACTED</u> ANSWERING BRIEF
IN OPPOSITION TO HONEYWELL'S MOTION TO COMPEL
DOCUMENTS FROM LUCITE INTERNATIONAL**

YOUNG CONAWAY STARGATT & TAYLOR, LLP
C. Barr Flinn (#4092) [bflinn@ycst.com]
Karen L. Pascale (#2903)  [kpascale@ycst.com]
Chad S.C. Stover (#4919) [cstover@ycst.com]
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600

- and-

AXINN, VELTROP & HARKRIDER LLP
Richard S. Order [rso@avhlaw.com]
Mark D. Alexander [mda@avhlaw.com]
Aaron C. Brinkman [acb@avhlaw.com]
Elizabeth T. Timkovich [ett@avhlaw.com]
90 State House Square
Hartford, CT 06103
(860) 275-8100

*Attorneys for Non-party Lucite International Inc.*

May 29, 2007
Redacted Version filed June 6, 2007

TABLE OF CONTENTS

INTRODUCTION ..................................................................................................1

SUMMARY OF ARGUMENT..............................................................................1

   I.   HONEYWELL'S REQUEST TO COMPEL LUCITE'S **REDACTED** **REDACTED** IMPROPERLY SEEKS IRRELEVANT INFORMATION..............................................................1

   II.   HONEYWELL'S REQUEST TO COMPEL PRODUCTION OF LUCITE'S *REDACTED* IMPROPERLY SEEKS IRRELEVANT INFORMATION......4

STATEMENT OF FACTS ....................................................................................5

ARGUMENT ..........................................................................................................8

   I.   LUCITE IS NOT BOUND TO PRODUCE DOCUMENTS THAT WERE NOT REQUESTED AND THAT HAVE NO POSSIBLE BEARING ON THIS LITIGATION ...................................................8

CONCLUSION .....................................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Corning, Inc. v. SRU Biosystems, LLC,*
   223 F.R.D. 191, 193 (D. Del. 2004) .......................................................................... 8

*Playboy Entertainment Group v. United States,*
   1997 U.S. Dist. LEXIS 22297, *7 (D. Del. Dec. 11, 1997) ........................................ 8

*TRT/FYC Communications, Inc. v. Insurance Co. of Pennsylvania,*
   1991 U.S. Dist. LEXIS 11925, *10 (D. Del. Aug. 6, 1991) ........................................ 8

## INTRODUCTION

Non-party[1] Lucite International Inc. ("Lucite") respectfully submits this answering brief in opposition to the motion to compel dated May 11, 2007 by Defendant Honeywell International Inc. ("Honeywell") seeking the production of two documents from Lucite. (*See* D.I. 97, 98, 99.) For the following reasons, the motion should be denied because the documents were not actually requested in Honeywell's subpoenas and have no relevance to this case.

## SUMMARY OF ARGUMENT

I. **HONEYWELL'S REQUEST TO COMPEL LUCITE'S IMPROPERLY SEEKS IRRELEVANT INFORMATION**    >*REDACTED*

Honeywell seeks production of

**REDACTED**

---

[1] Honeywell mistakenly labels Lucite a "third party" in its motion to compel and supporting brief. For the sake of clarity, Lucite has not been impleaded in this case under Rule 14 of the Federal Rules of Civil Procedure and, therefore, should be referred to as a non-party.

1

**REDACTED** and a copy of the final March 8, 2004 Honeywell Heads of Agreement is attached as Exhibit 5 to the Declaration of Andrew R. Dunlap in Support of Honeywell's Motion to Compel Documents from Third Party Lucite International dated May 10, 2007 (D.I. 99) ("Dunlap Decl.").

Honeywell's Request No. 8 requests:

> All documents relating to the **REDACTED**, including without limitation documents and communications relating to the negotiation, performance, and interpretation of the **REDACTED**

Honeywell's Opening Brief in Support of Its Motion to Compel Documents From Third Party Lucite International (D.I. 98) ("Def. Brief") at 4.

Contrary to Honeywell's assertions, **REDACTED** is not responsive to Request No. 8. As explained by Mr. McLaughlin in his March 30, 2007 deposition testimony, excerpts of which are attached as **Appendix Exhibit B**,

**REDACTED**

There is absolutely no basis to assert that the production of **REDACTED** can provide information reasonably calculated to lead to the discovery of admissible evidence regarding the substance,

---

[2] References to "Appendix" or "App." refer to the accompanying two-volume Appendix of Exhibits Cited in Lucite's Answering Brief in Opposition to Honeywell's Motion to Compel Documents from Lucite.

negotiation, execution, performance, or interpretation of the Honeywell Heads of Agreement.

There is also no basis for arguing that **REDACTED** might be useful in disputing INEOS's claim that the Honeywell Heads of Agreement is binding. First, **REDACTED**

Second, the

**REDACTED**

Third, regardless of what language might be found within **REDACTED**

**REDACTED**

3

The **REDACTED** is not, therefore, relevant to the claims or defenses in this action, and, as a result, the Court should deny Honeywell's motion to compel production of this document.

II. **HONEYWELL'S REQUEST TO COMPEL PRODUCTION OF LUCITE'S <u>REDACTED IMPROPERLY SEEKS IRRELEVANT INFORMATION</u>**

Honeywell also seeks production of

**REDACTED**

argues that is responsive to Request for Production No. 10 in its subpoenas, which requests:

> All documents relating to Lucite's or INEOS's efforts to acquire HF from any source, including without limitation documents and communications relating to (a) Lucite's or INEOS's actual or potential acquisition of HF from Honeywell, Solvay, Quimica Fluor, or any other person or entity; and (b) Lucite's or INEOS's alleged inability to acquire HF from sources other than Honeywell, as discussed in Paragraph 35 of INEOS's Complaint.

Def. Brief at 6.

**REDACTED** is <u>not</u> related to "INEOS's efforts to acquire HF." As Mr. McLaughlin testified in his deposition,

**REDACTED**

is not relevant to Lucite's or INEOS's efforts to

4

acquire HF. Additionally, **REDACTED**

**REDACTED** cannot in any way lead to the discovery of admissible evidence.

Furthermore, even if Lucite were to produce the requested **REDACTED** it would have no bearing on the parties' dispute in this case over the interpretation and binding nature of the Honeywell Heads of Agreement.

**REDACTED**

is, therefore, irrelevant to the instant action, and Honeywell's motion to compel this document should be denied.

## STATEMENT OF FACTS

INEOS manufactures and sells a chemical refrigerant known as R-134a, one of the main ingredients of which is HF. Since 1989, INEOS has purchased most or all of its HF from Honeywell on a contractual basis.

**REDACTED**

Ultimately, INEOS agreed to purchase a minimum of 80% of its HF requirements from Honeywell and began negotiating a new HF supply agreement with Honeywell, which culminated in the March 8, 2004 Honeywell Heads of Agreement at issue in this case. In the Honeywell Heads of Agreement, the parties agreed on, among other things, provisions governing price, quantity, term, price adjustment mechanisms, payment terms, and product specifications. Complaint ¶ 15.

Both parties abided by and performed pursuant to the terms of the Heads of Agreement until January 2006, at which time Honeywell raised its prices for new orders of HF from $757 to $1050 per short ton, ten times the maximum HF price increase of 4% allowed under the Heads of Agreement, claiming that Honeywell's rising raw material costs had caused the price increase. Id. ¶¶ 20-21. Honeywell also claimed that the Heads of Agreement was not an enforceable contract, in part because the parties never agreed upon the language of a "standard hardship provision."

**REDACTED**

REDACTED

## ARGUMENT

I.  **LUCITE IS NOT BOUND TO PRODUCE DOCUMENTS THAT WERE NOT REQUESTED AND THAT HAVE NO POSSIBLE BEARING ON THIS LITIGATION**

As established in the Summary of Argument, the two Lucite documents sought by Honeywell in its motion to compel were not requested in its subpoenas and have no relevance to the claims at issue in this litigation. Lucite is not, therefore, obligated to produce them. See, e.g., Playboy Entertainment Group v. United States, 1997 U.S. Dist. LEXIS 22297, *7 (D. Del. Dec. 11, 1997) ("The Court views the information sought by Defendants regarding revenue generated from sources other than Plaintiff's domestic cable business as irrelevant to a claim based on injuries sustained by the enforcement of [the statute at issue] . . . . Therefore the Court will deny Defendants' Motion To Compel the production of documents regarding revenue from sources other than domestic cable channels"); TRT/FYC Communications, Inc. v. Insurance Co. of Pennsylvania, 1991 U.S. Dist. LEXIS 11925, *10 (D. Del. Aug. 6, 1991) (denying motion to compel because, "[u]nder the circumstances of this case, the Court concludes that the information regarding the seven other AIU claims is not discoverable because . . . the burden of production outweighs any possible relevancy of the information sought.").

Honeywell errs in arguing that **REDACTED** **REDACTED** are relevant

**REDACTED**

Def. Brief at 8. The single case cited by Honeywell in support of this argument, Corning, Inc. v. SRU Biosystems, LLC, 223 F.R.D. 191, 193 (D. Del. 2004), Def. Brief at 8-9, is inapposite. **REDACTED** has nothing to do with the

8

purchase of HF from any source or the substantive terms of the Honeywell Heads of Agreement. Likewise, **REDACTED**

thus, offers no illumination as to contract negotiations with Honeywell or anyone else.

To assert, as does Honeywell at pages 9 and 10 of its opening brief, that these two documents are sufficiently "related to" the Honeywell Heads of Agreement so as to justify their compelled production is ludicrous and charts a course down a very slippery slope. If one accepts Honeywell's view that any document that "underlies" another document "relates to" that document, Def. Brief at 10, then one could say that everything relates to everything else. Under Honeywell's argument, parties or subpoenaed nonparties would be required to produce: empty letterhead because they "relate to" a relevant document that was printed on such letterhead; every document containing a particular signature block, if that signature block was cut and pasted into a relevant document; or the dictionary in which the author looked up the definition of a word he or she used in drafting a relevant document.

The line has to be drawn somewhere. Clearly, the line defined by "relating to" and relevance does not encompass within its boundaries **REDACTED** **REDACTED** Consequently, Lucite properly declined to produce these documents on the grounds that they were not requested in the subpoenas and, in any event, were not relevant to any claims or defenses in this case.

## CONCLUSION

For the foregoing reasons, the Court should deny in full Honeywell's motion to compel documents from non-party Lucite International Inc.

May 29, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Karen L. Pascale*

C. Barr Flinn (#4092) [bflinn@ycst.com]
Karen L. Pascale (#2903) [kpascale@ycst.com]
Chad S.C. Stover (#4919) [cstover@ycst.com]
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600

- and -

Richard S. Order [rso@avhlaw.com]
Mark D. Alexander [mda@avhlaw.com]
Aaron C. Brinkman [acb@avhlaw.com]
Elizabeth T. Timkovich [ett@avhlaw.com]
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103
(860) 275-8100

*Attorneys for Non-party Lucite International Inc.*

# CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esquire, hereby certify that on June 6, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Kurt M. Heyman [kheyman@proctorheyman.com]
>Patricia L. Enerio [penerio@proctorheyman.com]
>PROCTOR HEYMAN LLP
>1116 West Street
>Wilmington, DE 19801

>Martin P. Tully [mtully@nmat.com]
>Jason A. Cincilla [jcincilla@mnat.com]
>MORRIS, NICHOLS, ARSHT & TUNNELL LLP
>1201 N. Market Street
>P.O. Box 1347
>Wilmington, DE 19899

I further certify that on June 6, 2007, I caused a copy of the foregoing document to be served by e-mail on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

>*By E-Mail*
>
>Yosef J. Riemer [yriemer@kirkland.com]
>Andrew R. Dunlap [adunlap@kirkland.com]
>KIRKLAND & ELLIS LLP
>153 East 53rd Street
>New York, NY 10022
>
>Mark L. Kovner [mkovner@kirkland.com]
>Michael S. Becker [mbecker@kirkland.com]
>KIRKLAND & ELLIS LLP
>655 Fifteenth Street, NW
>Suite 1200
>Washington, DC 20005

>/s/ *Karen L. Pascale*
>Karen L. Pascale (#2903) [kpascale@ycst.com]
>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, DE 19801
>(302) 571-6600
>
>*Attorneys for Non-party Lucite International*