IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INEOS FLUOR AMERICAS LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>HONEYWELL INTERNATIONAL INC.,<br><br>*Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 06-189-SLR |

**PLAINTIFF INEOS'S <u>REDACTED</u> ANSWERING BRIEF IN OPPOSITION TO DEFENDANT HONEYWELL'S MOTION TO COMPEL DEPOSITION TESTIMONY, DOCUMENTS, <u>AND INTERROGATORY RESPONSES FROM INEOS</u>**

YOUNG CONAWAY STARGATT & TAYLOR, LLP
C. Barr Flinn (#4092) [bflinn@ycst.com]
Karen L. Pascale (#2903) [kpascale@ycst.com]
Chad S.C. Stover (#4919) [cstover@ycst.com]
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600

- and-

AXINN, VELTROP & HARKRIDER LLP
Richard S. Order [rso@avhlaw.com]
Mark D. Alexander [mda@avhlaw.com]
Aaron C. Brinkman [acb@avhlaw.com]
Elizabeth T. Timkovich [ett@avhlaw.com]
90 State House Square
Hartford, CT 06103
(860) 275-8100

*Attorneys for Plaintiff INEOS Fluor Americas LLC*

Original filing date May 29, 2007 Redacted version filed June 6, 2007

TABLE OF CONTENTS

INTRODUCTION .................................................................................................................1

SUMMARY OF ARGUMENT .............................................................................................1

    I.   Honeywell Requests Testimony INEOS Is Contractually Bound Not to Disclose ......................................................................................................................1

    II.  Additional Documents Requested by Honeywell Regarding INEOS's Contracts With **REDACTED** Are Irrelevant to This Action ............................2

    III. Information Requested by Honeywell Regarding INEOS's Price Increases for R-134a Is Irrelevant to This Action ..............................................................3

STATEMENT OF FACTS ....................................................................................................4

        A.   **REDACTED** ...............................................................................................4

        B.   INEOS's Production of R-134a ...................................................................5

        C.   **REDACTED** ...............................................................................................5

        D.   INEOS's R-134a Price Increases ..................................................................6

ARGUMENT .........................................................................................................................7

    I.   **REDACTED** ...........................................................................................................7

    II.  INEOS Has Already Produced All Relevant Documents in Response to Honeywell's Request No. 33 ...................................................................................9

    III. Information Requested in Interrogatories 12 And 14 Pertaining to INEOS's R-134a Price Increases Is Irrelevant ....................................................12

CONCLUSION ....................................................................................................................15

# TABLE OF AUTHORITIES

**Cases**

*In re ML-Lee Acquisition Fund II, L.P. and ML-Lee Acquisition Fund (Ret. Accounts) II, L.P. Sec. Litig.*, 848 F. Supp. 527 (D. Del. 1994)..................................9

## INTRODUCTION

Plaintiff INEOS Fluor Americas LLC ("INEOS") respectfully submits this opposition to the motion to compel dated May 11, 2007 by Defendant Honeywell International Inc. ("Honeywell") seeking deposition testimony, documents, and answers to interrogatories from INEOS. For the following reasons, Honeywell's motion to compel should be denied in full.

## SUMMARY OF ARGUMENT

Honeywell is pursuing discovery on remote, tangential topics that are not reasonably calculated to lead to the discovery of admissible evidence. INEOS requests the Court to cut the line on Honeywell's fishing expedition.

### I. HONEYWELL REQUESTS TESTIMONY INEOS IS CONTRACTUALLY BOUND NOT TO DISCLOSE

Honeywell requests that INEOS produce John Pacillo for further deposition examination about

**REDACTED**

---

[1] References to "Appendix" or "App." herein refer to the accompanying Appendix of Exhibits Cited in Plaintiff INEOS's Memorandum in Opposition to Defendant Honeywell's Motion to Compel Deposition Testimony, Documents, and Interrogatory Responses from INEOS dated May 29, 2007.

1

II. **ADDITIONAL DOCUMENTS REQUESTED BY HONEYWELL REGARDING INEOS'S CONTRACTS WITH** *REDACTED* **ARE IRRELEVANT TO THIS ACTION**

Honeywell seeks the production of additional documents in response to its Request for Production No. 33, which requests that INEOS produce:

> All documents relating to the negotiation, execution, performance or interpretation of any actual or potential contract, agreement, letter of intent, or "Heads of Agreement," between Ineos and **REDACTED** **REDACTED** including but not limited to the documents attached as Exhibit A **REDACTED**

Honeywell's Opening Brief in Support of Its Motion to Compel ("Def. Brief") (D.I. 101) at 6.[2]

**REDACTED**

INEOS has produced "any non-privileged documents responsive to this request [No. 33] concerning the hardship clause in the contract." Id. at 7. Therefore, INEOS has already produced all relevant documents responsive to Honeywell's Request No. 33. Any additional documents regarding INEOS's contracts **REDACTED** are irrelevant

---

[2] As part of its motion to compel documents responsive to Honeywell's Request No. 33,

**REDACTED**

2

and, in the hands of Honeywell, which competes directly against INEOS in the sale of R-134a, could potentially cause INEOS competitive harm.

### III. INFORMATION REQUESTED BY HONEYWELL REGARDING INEOS'S PRICE INCREASES FOR R-134A IS IRRELEVANT TO THIS ACTION

Honeywell asks the Court to compel INEOS to provide in response to Honeywell's Interrogatories Nos. 12 and 14 competitively sensitive and irrelevant information pertaining to INEOS's increase of prices for its R-134a refrigerant product.

**REDACTED**

Def. Brief at 8-9, Honeywell misconstrues INEOS's actual arguments in this case.

INEOS does not dispute whether the raw material costs for hydrofluoric acid ("HF") increased after the parties executed their 2004 Heads of Agreement. Rather, INEOS claims that the scope of any lawful price increase imposed on INEOS was governed by the price escalator formula agreed to by Honeywell, which was based solely on fluorspar cost fluctuations and capped at a 4% annual increase, and that Honeywell's unilateral imposition in 2006 of a price increase of more than 40% breached this agreement. Complaint (D.I. 1) ¶ 2. INEOS also claims that the extent of Honeywell's price increase cannot be justified on the basis of fluorspar cost increases and could not have been imposed but for Honeywell's anticompetitive HF purchase agreement with its competitor Mexichem that cornered the market of available HF capacity. See generally id. ¶ 6. Information relating to INEOS's R-134a price increases can have no bearing on either of these claims  **REDACTED**

3

**REDACTED**

The requested information is, therefore, irrelevant, and its provision would serve no legitimate purpose. Conversely, the disclosure of such information would harm INEOS by providing Honeywell with extremely sensitive competitive information regarding its direct competitor's pricing actions.

## STATEMENT OF FACTS

In March 2004, INEOS and Honeywell entered into a Heads of Agreement for the supply of HF, in which they agreed on terms governing, among other things, price, quantity, term, price adjustment mechanisms, payment terms, and product specifications. Complaint ¶ 15. Both parties abided by and performed pursuant to the terms of the Heads of Agreement until January 2006, at which time Honeywell raised its prices for new orders of HF from $757 to $1050 per short ton, ten times the maximum HF price increase of 4% allowed under the Heads of Agreement, claiming that Honeywell's rising raw material costs had caused the price increase. Id. ¶¶ 20-21. Honeywell also claimed that the Heads of Agreement was not an enforceable contract, in part because the parties never agreed upon the language of a "standard hardship provision."

A.

**REDACTED**

**REDACTED**

### B. <u>INEOS's Production of R-134a</u>

INEOS uses HF, along with trichloroethylene ("TCE"), caustic, and lime, to produce a refrigerant product called "R-134a," which is used primarily in air conditioning. INEOS purchases HF to make its R-134a from two suppliers: (1) Honeywell, with whom INEOS, through the companies' predecessors, has had a contractual HF supply relationship since 1989 and          **REDACTED**

**REDACTED**

### C.        **REDACTED**

INEOS and Honeywell both manufacture and sell R-134a. INEOS sells R-134a to customers on both contract and "spot" (<u>i.e.</u>, non-contract) bases. One of INEOS's

**REDACTED**

**REDACTED**

D. <u>INEOS's R-134a Price Increases</u>

**REDACTED**

**REDACTED**

## ARGUMENT

I.     **REDACTED**

Honeywell seeks to obtain testimony pertaining to     **REDACTED**
**REDACTED**    . Honeywell requests permission to further depose INEOS's Operations Director, John Pacillo, for a second time,[3] arguing that Mr. Pacillo was "instructed" during his deposition by INEOS's and his attorney, Mr. Order, not to answer Honeywell's attorney Yosef J. Riemer's questions regarding     **REDACTED**     Def. Brief at 5.

This characterization by Honeywell of Mr. Order's statements as "instruction" is incorrect. Rather, as apparent from the deposition transcript, Dunlap Decl. Exhibit 2, after a question about     **REDACTED**
Mr. Order informed Mr. Riemer     **REDACTED**
**REDACTED**     and <u>advised</u> Mr. Pacillo not to divulge confidential communications:

**REDACTED**

---

[3] Mr. Pacillo was deposed by Honeywell on March 9, 2007 for approximately 6 hours and 54 minutes.

7

**REDACTED**

Mr. Riemer never actually asked Mr. Pacillo if he refused to answer based on Mr. Order's advice, nor did Mr. Pacillo ever refuse to answer the underlying question:

**REDACTED**

Id. at 299:7-13. Mr. Riemer then backed up and asked questions about preparations for 2007 and about **REDACTED** which Mr. Pacillo answered. Id. at 299:14 through 301:4 and 302:2 through 303:5. Mr. Riemer then simply moved on to a different line of questioning. Thus, there is no reason to resume Mr. Pacillo's deposition.[4]

---

[4] There is no actual question pending to Mr. Pacillo, nor is Mr. Pacillo still under oath, contrary to Honeywell's implication in its Conclusion on page 16 of its brief (D.I. 101). Honeywell's request that INEOS's counsel be instructed not to consult with Mr. Pacillo

**REDACTED**

II. **INEOS HAS ALREADY PRODUCED ALL RELEVANT DOCUMENTS IN RESPONSE TO HONEYWELL'S REQUEST NO. 33**

In response to Honeywell's Request No. 33, INEOS replied on November 20, 2006 as follows:

---

before a second deposition, thus, has no sound basis, since the holding in In re ML-Lee Acquisition Fund II, L.P. and ML-Lee Acquisition Fund (Ret. Accounts) II, L.P. Sec. Litig., 848 F. Supp. 527, 567 (D. Del. 1994), upon which Honeywell relies, Def. Brief at 16, was specific to consultation while a question is pending and is inapplicable to this case.

**Request No. 33.**

All documents relating to the negotiation, execution, performance or interpretation of any actual or potential contract, agreement, letter of intent or "Heads of Agreement," between Ineos and **REDACTED** including but not limited to the documents attached as Exhibit A.

**PLAINTIFF'S RESPONSE TO REQUEST NO. 33:**

INEOS objects to this Request to the extent that it is overly broad, unduly burdensome and seeks documents that are neither relevant to a claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to these objections and the General Objections, INEOS will produce any non-privileged documents responsive to this request concerning the hardship clause in the contract between INEOS Fluor Americas LLC and **REDACTED** attached as Exhibit A to Honeywell's Second Document Request.

Dunlap Decl. Ex. 7 at 6. INEOS searched for additional hardship-related documents, but found none, besides the **REDACTED** contract already produced, that pertained in any way to the hardship clause.

Honeywell, however, insists on receiving additional documents relating to INEOS's **REDACTED** contracts, beyond the hardship clause-related document that INEOS has already provided. Honeywell argues that such documents are relevant

**REDACTED**

10

**REDACTED**

In light of Mr. Geosits' testimony, there is no reasonable basis to believe that there exist additional documents concerning **REDACTED** that contain or pertain to a hardship provision.

Documents concerning **REDACTED** that do not contain or pertain to a hardship provision are not even remotely relevant to this action. The contracts between INEOS

**REDACTED**

Such an arrangement is distinguishable from INEOS's agreement with Honeywell, in which INEOS is the <u>purchaser</u> of Honeywell's product, HF. The terms of INEOS's agreements to supply R-134a, the market for which differs from that for HF, cannot properly be analogized to the terms of INEOS's agreement to purchase HF from Honeywell. Provisions in a company's contracts are not fungible because a company's bargaining position may very well change depending on the nature of the product, the market for that product, and whether the company is the buyer or seller.

Accordingly, any documents sought in Honeywell's Request for Production No. 33 not pertaining to hardship provisions, including **REDACTED**

**REDACTED**

**REDACTED** are irrelevant and the Court should not compel their production.

### III. INFORMATION REQUESTED IN INTERROGATORIES 12 AND 14 PERTAINING TO INEOS'S R-134a PRICE INCREASES IS IRRELEVANT

Honeywell seeks to obtain an answer to its Interrogatory No. 12, which requests that INEOS describe:

> all occasions, from January 1, 2005 to the present, on which INEOS increased the price of any Ineos Refrigerant sold to any entity, including for each occasion: (a) the entity purchasing the Ineos Refrigerant; (b) the Ineos Refrigerant at issue; (c) the amount of the price increase (including the amounts of prices before and after the increase); and (d) the date upon [sic] Ineos implemented the price increase.

Def. Brief at 9. In response, INEOS stated:

> INEOS objects to Interrogatory 12 on the grounds that it is overly broad and requests information that is not relevant to a claim or defense of any party or reasonably calculated to lead to the discovery of admissible evidence. INEOS objects to this Interrogatory to the extent that it seeks

> information protected by attorney-client privilege, work product doctrine, or other applicable privilege.

Id. Honeywell also seeks an answer to Interrogatory No. 14, which, for each occasion described in response to Interrogatory 12, requests that INEOS describe "whether Ineos invoked, cited, or referenced an increase in any of its raw material costs in producing the Ineos Refrigerant at issue in seeking or implementing the price increase described." Id. INEOS responded with the same objections as in its response to Interrogatory 12. Id. at 10.

Honeywell argues

**REDACTED**

This argument misconstrues INEOS's actual claims and is insufficient to justify the production, especially to a competitor, of irrelevant and highly commercially sensitive customer and pricing information.

As explained in the Summary of Argument, INEOS does not challenge Honeywell's claims that its raw material costs for the manufacture of HF increased during the relevant time period. Rather, INEOS challenges Honeywell's assertion that such increased costs permitted Honeywell to disregard the price cap in the Heads of Agreement and increase its HF price by an amount that is ten times the increase permitted by the price cap. Whether INEOS justified any increases in its own R-134a prices to its customers by reference to raw material costs has no bearing on INEOS's claim that Honeywell had no legitimate basis for its price increase,     **REDACTED**

**REDACTED**

13

**REDACTED**

Furthermore, even if the information requested in Interrogatories 12 and 14 were not irrelevant, Honeywell's request that INEOS describe <u>all</u> price increases since 2005 and explain whether, as part of those price increases, it referenced an increase in <u>any</u> of its raw material costs is overly broad in view of the fact that INEOS does not use the same raw materials to manufacture R-134a that Honeywell uses to manufacture HF. In addition to HF, R-134a is comprised of TCE, caustic, and lime – none of which are used to make HF. <u>See</u> <u>id.</u> at 160:6-23 (identifying four raw materials used to make R-134a). Therefore, at most, only those occasions on which INEOS stated price increases were based on the costs of <u>HF</u> might be relevant          **REDACTED**

**REDACTED**

**REDACTED**

## CONCLUSION

For the foregoing reasons, the Court should deny in its entirety Honeywell's motion to compel INEOS to produce deposition testimony, documents, and answers to Interrogatories.

May 29, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Karen L. Pascale*

C. Barr Flinn (#4092) [bflinn@ycst.com]
Karen L. Pascale (#2903) [kpascale@ycst.com]
Chad S.C. Stover (#4919) [cstover@ycst.com]
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600

- and-

Richard S. Order [rso@avhlaw.com]
Mark D. Alexander [mda@avhlaw.com]
Aaron C. Brinkman [acb@avhlaw.com]
Elizabeth T. Timkovich [ett@avhlaw.com]
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103
(860) 275-8100

*Attorneys for Plaintiff INEOS Fluor Americas LLC*

# CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esquire, hereby certify that on June 6, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Martin P. Tully [mtully@nmat.com]
> Jason A. Cincilla [jcincilla@mnat.com]
> MORRIS, NICHOLS, ARSHT & TUNNELL LLP
> 1201 N. Market Street
> P.O. Box 1347
> Wilmington, DE 19899

I further certify that on June 6, 2007, I caused a copy of the foregoing document to be served by e-mail on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

> ***By E-Mail***
>
> Yosef J. Riemer [yriemer@kirkland.com]
> Andrew R. Dunlap [adunlap@kirkland.com]
> KIRKLAND & ELLIS LLP
> 153 East 53rd Street
> New York, NY 10022
>
> Mark L. Kovner [mkovner@kirkland.com]
> Michael S. Becker [mbecker@kirkland.com]
> KIRKLAND & ELLIS LLP
> 655 Fifteenth Street, NW
> Suite 1200
> Washington, DC 20005

/s/ Karen L. Pascale
_____
Karen L. Pascale (#2903)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
*kpascale@ycst.com*

*Attorneys for Plaintiff, INEOS Fluor Americas LLC*